IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03450-RBJ

JESSICA PECK,

    Plaintiff,

v.

MICHELLE BARNES, in her official capacity as Executive Director of the Colorado Department of Human Services; and
BETH McCANN; in her official capacity as the District Attorney of the Second Judicial District, State of Colorado,

    Defendants.

## JOINT STATEMENT OF STIPULATED FACTS

Plaintiff Jessica Peck, and Defendants Michelle Barnes and Beth McCann, by and through their respective undersigned attorneys, hereby respectfully submit the following Joint Statement of Stipulated Facts for the Court's consideration for purposes of future proceedings in this matter. These stipulations are made without admission or concession by any party as to the relevance or materiality of any recited fact or law.

1.    Recitations and interpretations of law contained in this stipulation are to provide the Court with context and are not intended to stipulate to any interpretation of such law. These recitations and interpretations of law shall not bind any party as to the legal effect of such law or regulation, nor shall their inclusion limit any party in asserting any other law or regulation in support of their position.

2. Each of the following persons, if sworn as a witness in this matter, would testify as set forth in the respective Declaration each has submitted in this matter as follows: Jessica Peck (ECF 55); Joseph Homlar (ECF 58); and Matthew Holtman (ECF 59). The facts offered pursuant to those Declarations shall be regarded solely as the witness's anticipated testimony, and not be deemed in any way as adoption or confirmation of any such fact or facts by any party other than the party that submitted the declaration. Each Declaration is subject to the applicable rules of evidence, and no non-submitting party waives any objection to the materiality or admissibility of any statement contained in any of such Declarations.

3. The parties agree that this stipulation and the forgoing declarations shall constitute the record for purposes of the cross motions for summary judgment contemplated by the Scheduling Order (ECF 47), and that no formal discovery will be required, unless the Court determines that discovery or an evidentiary hearing is necessary.

4. Plaintiff Jessica Peck is an attorney licensed to practice law in the State of Colorado.

5. Ms. Peck represents and advocates as a private attorney for individual parents in Colorado juvenile courts in matters governed by the Colorado Children's Code, Title 19 of the Colorado Revised Statutes.[1]

---

[1] All subsequent references to Colorado and federal statutes refer to the versions in effect at the time of the events described in Ms. Peck's complaint, which remain in effect as of the date of this filing, unless otherwise noted.

6. The City and County of Denver, through its Department of Human Services ("Denver Human Services"), administers the duties for which Denver is responsible under the Dependency and Neglect provisions of the Colorado Children's Code.

7. Defendant Beth McCann is the District Attorney for the Second Judicial District, which consists of the same geographic area of the City and County of Denver.

8. The District Attorney for the Second Judicial District is charged with enforcing the criminal laws of the State of Colorado for offenses committed within the City and County of Denver, by and through the prosecution of criminal charges alleging the violation of such laws, including the class I misdemeanor created by section 19-1-307(4) and the petty offense created by section 19-1-307(1)(c).

9. Defendant, Michelle Barnes, is the Executive Director of the Colorado Department of Human Services (the Department). She is being sued in her official capacity. The Department supervises and provides policy direction for Colorado's child welfare system which is administered by Colorado's 64 counties through their local Departments of Human Services (County Departments). Child welfare services include but are not limited to child protection, risk assessment, and case management.

10. County caseworkers, including licensed social workers, employed by County Departments (including Denver Human Services), investigate reports of child abuse or neglect and recommend and initiate remedies, which may include offering voluntary services to a family, coordinating safety planning with relatives and other family supports to keep a child in his or her home, recommending change of custody of a child to the juvenile court in dire circumstances when initiation of a dependency and neglect

3

proceeding is required because a child remaining in a home is unsafe and the safety concerns cannot be mitigated. The court in a dependency and neglect proceeding may order removal of a child from the parental home, change of custody, or both.

11. County caseworkers routinely document their investigations, interactions with, and observations of children and members of their family or families involved.

12. County caseworkers may submit reports summarizing their investigations to courts in the system of child protection under the Colorado Children's Code.

13. The Colorado Children's Code Records and Information Act, Colorado Revised Statutes sections 19-1-301 through 19-1-311 ("the Act"), was enacted by the General Assembly in an effort to "balance the best interests of children and the privacy interests of children and their families with the need to share information among service agencies and schools and the need to protect the safety of schools and the public at large." Colo. Rev. Stat. § 19-1-302. The Act protects and limits the use of child abuse and neglect reports and the information contained therein. *Id.*

14. The Children's Code, section 19-1-303(1)(a)-(b), provides:

   a. The judicial department or any agency that performs duties and functions under this title with respect to juvenile delinquency or dependency and neglect cases or any other provisions of this title may exchange information, to the extent necessary, for the acquisition, provision, oversight, or referral of services and support with the judicial department or any other agency or individual, including an attorney representing state or county agencies and an attorney appointed by the court, that performs duties and functions under this title with respect to such cases. In order to receive such information, the judicial department, attorney, or agency shall have a need to know for purposes of investigations and case management in the provision of services or the administration of their respective programs. The judicial department or the agencies

4

shall exchange information in accordance with paragraph (b) of this subsection (1).

b. The judicial department, an agency, an attorney representing an agency, or an attorney appointed by the court described in paragraph (a) of this subsection (1) shall exchange information with the judicial department or similar agencies or individuals who have a need to know to the extent necessary for the acquisition, provision, oversight, and referral of services and support and if provided in the course of an investigation or for case management purposes. The provision of information by the judicial department shall include electronic read-only access to the name index and register of actions for agencies or attorneys appointed by the court to those case types necessary to carry out their statutory purpose and the duties of their court appointment as provided in this part 3. The state court administrator of the judicial department and the executive directors of the affected agencies shall ensure that there is a process for electronically exchanging information pursuant to this section. Agencies, attorneys, and individuals shall maintain the confidentiality of the information obtained.

15. Section 19-1-307(1)(a) provides:

Except as otherwise provided in this section and section 19-1-303, reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information.

16. Section 19-1-307(1)(b) provides as follows:

Disclosure of the name and address of the child and family and other identifying information involved in such reports shall be permitted only when authorized by a court for good cause. Such disclosure shall not be prohibited when there is a death of a suspected victim of child abuse or neglect and the death becomes a matter of public record or the alleged juvenile offender is or was a victim of abuse or neglect or the suspected or alleged perpetrator becomes the subject of an arrest by a law enforcement agency or the subject of the filing of a formal charge by a law enforcement agency.

5

17. Section 19-1-307(1)(c) states:

> Any person who violates any provision of this subsection (1) is guilty of a class 2 petty offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars.

18. Section 19-1-307(4) provides:

> Any person who improperly releases or who willfully permits or encourages the release of data or information contained in the records and reports of child abuse or neglect to persons not permitted access to such information by this section or by section 19-1-303 commits a class 1 misdemeanor and shall be punished as provided in section 18-1.3-501, C.R.S.

19. Colorado Revised Statutes section 19-3-308(6)(b) provides:

> if a child protection team is established pursuant to subsection (6)(a) of this section, it may review an assessment or the investigatory reports of a case, including the diagnostic, prognostic, and treatment services being offered to the family in connection with the reported abuse.

20. Publicly available information at www.denver.org provides information to submit a complaint to the City and County of Denver via telephone by dialing 3-1-1 within Denver, or 720-913-1311 if dialing outside Denver, or via an online form through PocketGov.com. Calls made to 3-1-1 which pertain to Denver Human Services are forwarded to Denver Human Services.

21. The City and County of Denver, Denver Human Services also receives complaints and grievances regarding child welfare activities and cases via the Colorado Department of Human Services (https://www.colorado.gov/pacific/cdhs/contact-us-5); through telephone calls to Denver Human Services' main telephone number, 720-944-4347; and by individuals' contact

with their current or former caseworkers. Any such complaints and grievances are directed to a Denver Human Services employee for review, investigation and response. The employee currently serving in this role is Management Analyst Supervisor Jenni Hankel. The telephone number to customer service at Denver Human Services is publicly available at https://www.denvergov.org/content/denvergov/en/denver-human-services.html. Individuals filing a complaint or grievance with Denver Human Services are encouraged, but not required, to submit their complaints on a Complaint/Grievance Form which informs them that they may also submit their complaints to the Federal Office of Civil Rights or the Colorado Department of Human Services. If an individual is not satisfied with Denver Human Services' response to his or her complaint/grievance, the individual may request further review by the Human Services Citizen Review Panel. *See* Denver Rev. Mun. Code §§ 2-253 to 2-255. This process has not been utilized in recent years, as members of the public have instead chosen to file complaints with the Child Protection Ombudsman of Colorado, *infra.*

22.     Colorado Revised Statutes section 19-3.3-102(1)(a) provides "the independent office of the child protection ombudsman, referred to in this article as the "office", is established in the judicial department as an independent agency for the purpose of ensuring the greatest protections for the children of Colorado." Section 19-1-307(2)(u) includes the Child Protection Ombudsman as one of the "persons or agencies [who] shall have access to child abuse or neglect records or reports."

23.     The Child Protection Ombudsman's duties and powers are set forth in subsections 19-3.3-103(1)-(2).

24. The Office of the Child Protection Ombudsman has a publicly available website at https://coloradocpo.org/. The Child Protection Ombudsman is independent from state and county agencies that investigate cases of suspected child abuse or neglect, including the Colorado Department of Human Services and Denver Human Services. According to its website, the Child Protection Ombudsman listens to the public about their experiences and concerns regarding child protection and researches and investigates those concerns to determine ways to resolve them. The Child Protection Ombudsman's website explains that persons who may contact it include the following:

> Anyone who has concerns regarding Colorado's child protection system. We often hear from parents, grandparents, juveniles, foster parents, attorneys, child protection professionals, mental health providers and medical professionals.

The Child Protection Ombudsman website explains its role in part as follows:

> The Child Protection Ombudsman is charged with hearing the public's complaints related to services administered by any public agency or provider that receives public money to support the safety, permanency or well-being of children. We also help Coloradans navigate the complex child protection system and connect them with resources.

Members of the public may submit complaints to the Child Protection Ombudsman through an online form that is prominently on its website at https://coloradocpo.org/complaint-form/. The Child Protection Ombudsman website provides the public with its contact information, a physical address, and business hours at https://coloradocpo.org/contact/.

25. The Colorado Department of Human Services Institutional Abuse Review

Team (IART) reviews institutional assessments to determine whether the county has conducted a thorough assessment of an institution, provides technical assistance and coaching to facilities and county staff, provides feedback to the counties through the child welfare case management system, and provides the county that completed the assessment with guidance on the missing information. The IART was established to comply with the citizen review panel requirement of 42 U.S.C. § 5106a(c). The IART is a citizen review panel. It meets once a month. Information about the Institutional Abuse Review Team and its meeting schedule is publicly available at https://www.colorado.gov/pacific/cdhs-boards-committees-collaboration/institutional-abuse-review-team. Colorado Revised Statutes section 19-3-308(4.5)(a) authorizes the work of the IART.

26. The State of Colorado's Department of Regulatory Agencies ("DORA"), with the assistance of the Colorado State Board of Social Work Examiners, regulates and provides oversight of licensed and clinical social workers. A member of the public may file a complaint with DORA regarding the conduct of a licensed or clinical social worker including those employed as county caseworkers, using DORA's online complaint submission process located at https://apps.colorado.gov/dora/licensing/Activities/Complaint.aspx. The DORA process

is governed by Colorado Revised Statues, section 12-245-401 through 12-45-410[2] and 4 Code Colo. Regs. 726-1.

27. The Children's Code subsections 19-1-307(1) and (4) are related to a federal legislative scheme, specifically, the Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C. §§ 5101-5116i, which provides federal funding in the form of grants for child abuse prevention, assessment, investigation, and treatment activities. 42 U.S.C. § 5116(a)-(b).

28. Section 19-1-307 is part of Colorado's compliance with the grant terms offered under CAPTA. [Sched. Order ¶3.b. at 4]. The purpose of this requirement is to protect the privacy rights of children and families.

29. To qualify for a CAPTA grant, a state must submit a state plan that includes a certification by its Governor that "the State has in effect and is enforcing a State law, or has in effect a statewide program, relating to child abuse and neglect that includes…methods to preserve the confidentiality of all records in order to protect the rights of the child and the child's parents or guardian, including requirements ensuring that reports and records made and maintained pursuant to the purposes of this ACT…shall only be made available to" specified interested persons, entities, and agencies. 42 U.S.C. §5106a(b)(2)(B)(viii). Section 19-1-307 is Colorado's law that

---

[2] Effective October 1, 2019, Colorado Revised Statutes sections 12-43-401 through 12-43-411 were relocated and amended by Laws 2019, Ch. 136, § 1. These provisions are now located at sections 12-245-401 through 12-245-410. The statutes were amended to update internal references within the provisions based on the relocation and do not substantively alter the content of these provisions.

satisfies CAPTA's condition for critical federal funding. The Department has caused the certification provided in support of Colorado's grant to be renewed annually.

30. CAPTA contains explicit exceptions to the requirement of confidentiality of records as a condition of federal funding, allowing for the disclosure of child abuse records to the following:

> (I) individuals who are the subject of the report;
>
> (II) Federal, State, or local government entities, or any agent of such entities, as described in clause (ix) [any Federal, State, or local government entity, or any agent of such entity, that has a need for such information in order to carry out its responsibilities under law to protect children from child abuse and neglect];
>
> (III) child abuse citizen review panels;
>
> (IV) child fatality review panels;
>
> (V) a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury; and
>
> (VI) other entities or classes of individuals statutorily authorized by the State to receive such information pursuant to a legitimate State purpose[.]

42 U.S.C. § 5106a(b)(2)(B)(viii).

31. Defendant Barnes' Department promulgates regulations to effectuate its functions and responsibilities, including with respect to child welfare referral and assessment. The regulations so promulgated are codified in the Colorado Code of Regulations, 12 Code Colo. Regs. 2509-7, and referred to by the Department and others in the child protection field as "Volume 7." The parties may offer and cite to the codified provisions of Volume 7 without further authentication.

32. Pursuant to section 19-3-313.5, the Department created an electronically stored system of keeping of records and reports. That system is referred to in Volume 7 as the State Automated Case Management System.

33. In January of 2019, Ms. Peck represented the mother of a three-year-old girl in Case No. 19JV0080, a dependency and neglect matter in Denver Juvenile Court.

34. Ms. Peck made statements to the Denver weekly newspaper, Westword. She expressed her view that Denver Human Services brought a dependency and neglect case against the mother based on the mother's support for her ex-husband and the girl's father, John Affourtit. Mr. Affourtit was arrested and awaiting trial on charges that he abused and murdered another child, the three-year-old son of his then-girlfriend while Ms. Peck's client's daughter was also in his care. Ms. Peck provided to Westword a portion of an e-mail communication from a caseworker supervisor detailing some of Denver Human Services' concerns. Ms. Peck also provided Westword with the date, time, and courthouse location of an upcoming hearing in the case. The resulting article is Exhibit 2 to the First Amended Complaint (ECF 24-2).

35. After the article was published, the presiding Juvenile Court Magistrate issued the following order in Case No. 19JV0080 (ECC 24-3):

> The Court has become aware that Counsel for Respondent Mother . . . may have disclosed information to a non-party in violation of § 19-1-307(1)(a), C.R.S. Disclosure of identifying information in a dependency or neglect proceeding is a criminal offense pursuant to § 19-1-307(1)(b), C.R.S. This Order will serve as notice to all parties that any identifying information pertaining to this dependency and neglect proceeding shall be kept confidential in accordance with § 19-1-307(1)(a) and § 19-1-303.

36. The Juvenile Court Magistrate took no further action against Ms. Peck for her violation of section 19-1-307.

37. Ms. Peck has the ability to, but has not:

(a) Reported any of her concerns and complaints to the Board of County Commissioners of any county or the City council of any city and county pursuant to Colorado Revised Statutes section 19-3-211;

(b) Reported any of her concerns and complaints to any citizen review panel under section 19-3-211;

(c) Reported any of her concerns and complaints to the Institutional Abuse Review Team;

(d) Reported any of her concerns and complaints to the Child Protection Ombudsman governed by section 19-3.3-102;

(e) Reported any of her concerns, complaints, or grievances to the Denver Department of Human Services. A search of Denver Human Services' records has yielded no complaint or grievance; or

(f) Reported any of her concerns and complaints to DORA.

38. In her declaration, Ms. Peck has stated her views concerning the efficacy, adequacy and efficiency of the above remedies. Those views are not informed by any information provided by or discussions with any representative of any of the above agencies or entities.

39. Ms. Peck has not been threatened with prosecution of a criminal offense under the Children's Code section 19-1-307 by a District Attorney or other prosecuting

13

attorney who could charge or prosecute a criminal case.

40. A search of District Attorney McCann's Office's electronic database yields no record of any person having been investigated or prosecuted by her office for an alleged violation of the Children's Code section 19-1-307. The data based contains records dating back to 1966.

41. To District Attorney McCann's knowledge, no such matter has ever been referred to her Office by any law enforcement authority including the Denver Police Department or any judicial officer.

42. District Attorney McCann has had no contact with Ms. Peck and no one else from her office has either.

43. District Attorney McCann's office has no written or unwritten policies, customs, or practices concerning the enforcement or non-enforcement of the Children's Code section 19-1-307(4).

44. Denver has not prosecuted or threatened to prosecute Ms. Peck for any violations of the Children's Code section 19-1-307(1).

45. Denver has no policy, custom, or practices of prosecuting concerning enforcement or non-enforcement of Children's Code section 19-1-307(1).

46. The Denver Police Department has not contacted Ms. Peck regarding an alleged violation of the Children's Code section 19-1-307.

47. Ms. Peck is not aware of any current investigation of her by the Denver Police Department for violation of section 19-1-307.

48. A search of the Denver City Attorney's Office's Prosecution and Code

Enforcement Section's database, which contains information from 2010 to the present, yields no record of a prosecution of any person under section 19-1-307(1).

49. No law enforcement agency has contacted Ms. Peck regarding an alleged violation of the Children's Code section 19-1-307.

50. Ms. Peck is not aware of any action that Executive Director Barnes has taken to seek enforcement of section 19-1-307 of the Act against Ms. Peck or any other person.

51. Disclosure of information that identifies an abused or neglected child that also discloses circumstances of that child's abuse or neglect may be detrimental to that child.

52. Child abuse is one of the most difficult crimes to protect against. Often, there are no witnesses except the victim. Children often feel guilt and vulnerability associated with their abuse. These negative feelings amplify when the abuser is a parent or loved one. Children are more likely to report abuse when assured their identifying information will remain confidential and protected from public disclosure.

53. Children subject to a child abuse or neglect investigation and their family members may experience stigma when their confidential information contained in records or reports of child abuse or neglect is disclosed in a manner that identifies them.

54. CAPTA and the resulting confidentiality statutes, including section 19-1-307 of the Act were enacted to protect children and families and prevent this stigma.

| | |
|---|---|
| *s/by consent* | *s/ Bianca Miyata* |
| Thomas B. Kelley | Bianca E. Miyata |

David A. Lane
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
303-571-1000
303-571-1001 – facsimile
tkelley@kln-law.com
dlane@kln-law.com

*Counsel for Plaintiff*

Aaron Pratt
Anita Schutte
Office of the Attorney General
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6159
Facsimile: (720) 508-6041
bianca.miyata@coag.gov
aaron.pratt@coag.gov
anita.schutte@coag.gov

*Counsel for Defendant Michelle Barnes in her official capacity*


*s/ by consent*
Andrew D. Ringel
Kendra K. Smith
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
ringela@hallevans.com
smithk@hallevans.com

*Counsel for Defendant Beth McCann in her official capacity*

16

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of July 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas B. Kelley
David A. Lane
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone: 303-571-1000
Facsimile: 303-571-1001
tkelley@kln-law.com
dlane@kln-law.com
***Counsel for Plaintiff Jessica Peck***

Melanie Lewis
Robert A. Wolf
Amy J. Packer
Denver City Attorney's Office
Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
Melanie.lewis@denvergov.org
Robert.wolf@denvergov.org
***Counsel for Defendant City and County of Denver***

Andrew D. Ringel
Kendra K. Smith
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
ringela@hallevans.com
smithk@hallevans.com
***Counsel for Defendant Beth McCann***

*s/ Kimberly Daley*