**STATE STATUTES**

Current Through June 2017

### WHAT'S INSIDE

Confidentiality of records

Persons or entities allowed access to records

When public disclosure of records is allowed

Use of records for employment screening

Summaries of state laws

# Disclosure of Confidential Child Abuse and Neglect Records

State child protective services agencies are required to maintain records of the reports of suspected child abuse and neglect that they receive. These reports include identifying information about the child, the child's family, conditions in the child's home environment, the nature and extent of the child's injuries, and information about other children in the same environment. Agency records also may include other information submitted by the reporter, including photographs and medical records, as well as the results of any assessments or investigations completed by the agency. These records are maintained by state child protection or social services agencies to aid in the investigation, treatment, and prevention of child abuse and to maintain statistical information for staffing and funding purposes. In many states, these records and the results of investigations are maintained in databases, which often are called central registries.[1] The type of information retained in central registries and agency records and access to this information vary from state to state.

**To find statute information for a particular state, go to**

https://www.childwelfare.gov/topics/systemwide/laws-policies/state/.

---

[1] The records referred to are maintained by state child protective agencies and are not the same as those accessed during a criminal history records check. Criminal histories are records of convictions maintained by the criminal justice system.



**EXHIBIT A-1**

**Child Welfare Information Gateway**

Children's Bureau/ACYF/ACF/HHS
800.394.3366 | Email: info@childwelfare.gov | https://www.childwelfare.gov



# Confidentiality of Records

Among the requirements for receiving federal funding under the Child Abuse Prevention and Treatment Act (CAPTA) is that states must preserve the confidentiality of all child abuse and neglect reports and records to protect the privacy rights of the child and of the child's parents or guardians, except in certain limited circumstances.[2] All jurisdictions have provisions that protect child abuse and neglect records from public scrutiny; many jurisdictions include specific provisions that protect the records from public view.

# Persons or Entities Allowed Access to Records

State statutes indicate who may access child abuse and neglect records, the specific kinds of information that will be made available, and under what circumstances the information will be made available. In general, individuals and entities are granted access to a case because they have a direct interest in the case, direct interest in the child's welfare, or have an interest in providing protective or treatment services. Typically, individuals entitled to access the records are physicians and medical examiners; researchers; police; judges and other court personnel; the person who is the subject of a report; a person who was an alleged child victim; and the parent, guardian, parent's attorney, or guardian ad litem representing an alleged victim.

In approximately 37 states, the District of Columbia, Guam, Puerto Rico, and the U.S. Virgin Islands, information from a record may be shared with placing agencies or treatment providers, as needed, to provide appropriate care for a child.[3] In 22 states and Puerto Rico, the person or agency that made the initial report of suspected abuse or neglect may be provided with

a summary of the outcome of the investigation.[4] In approximately 18 states and Guam, a prospective foster or adoptive parent is provided with information from the records in order to help the parent meet the needs of the child.[5] In 31 states and the District of Columbia, public agencies in other states are permitted access to information related to their child protection duties.[6] Information about an Indian child may be shared with the child's tribe in 10 states.[7]

# When Public Disclosure of Records Is Allowed

Under most circumstances, information from child abuse and neglect records may not be disclosed to the public. In approximately 37 states and the District of Columbia, however, some disclosure of information is allowed in cases in which abuse or neglect of the child has resulted in a fatality or near fatality.[8] The information that is disclosed typically includes the following:

- The child's date of birth and gender
- The cause of the fatality or near fatality, if it has been determined
- The date of the fatality or near fatality
- The alleged offender's relationship with the child
- A summary of any previous child maltreatment reports and investigations

2   42 U.S.C. § 5106a(b)(2)(B)(viii)-(x) (LexisNexis 2017).
3   The word "approximately" is used to stress the fact that states frequently amend their laws. This information is current through June 2017. The states that provide information to placing agencies and treatment providers include Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Wisconsin, Wyoming.
4   Alaska, Arizona, California, Colorado, Connecticut, Delaware, Georgia, Iowa, Maine, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Dakota, Ohio, Pennsylvania, Rhode Island, Wisconsin, and Wyoming.
5   Arizona, Arkansas, Connecticut, Florida, Illinois, Kansas, Louisiana, Maine, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, Oklahoma, Pennsylvania, South Dakota, Texas, and Wisconsin.
6   Alabama, Alaska, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Kansas, Louisiana, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Vermont, and Wisconsin.
7   Arizona, Connecticut, Georgia, Kansas, Maine, Montana, New Mexico, Oklahoma, Utah, and Wisconsin.
8   Alabama, Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, West Virginia, and Wisconsin allow disclosure when there has been a fatality or near fatality. A "near fatality" is usually defined as a serious injury that places the child in critical condition.

- A description of any services offered or provided by the department currently and in the past
- In the case of a fatality, the name of the child

In 12 states and the District of Columbia, any information that will endanger a child, or is otherwise not in the child's best interests, will be withheld from disclosure.[9]

Approximately 14 states allow disclosure of information for the purpose of clarifying or correcting the record when information has already been made public through another source, such as disclosure by the subject of the report, a law enforcement agency, or the court.[10] In nine states, public disclosure is allowed when a suspected perpetrator of any act of abuse or neglect has been arrested or criminally charged.[11] In 18 states and the District of Columbia, information that could compromise a criminal investigation or prosecution is not disclosed.[12]

In Delaware, the child protective services agency must submit records concerning a child who has suffered a fatality or near fatality to a state protective services accountability commission. The commission is responsible for conducting an investigation and review of these reports. The commission then releases to the public a summary of the information and findings resulting from reviews of child deaths and near deaths due to abuse and neglect.

In Florida and Nebraska, when a child in the custody of the state child welfare agency is determined to be missing from his or her placement, the agency must release to the public the name, date of birth, a photograph, and physical description of the child.

Virginia maintains a child protection accountability system that collects an array of information regarding child abuse and neglect cases across several systems and agencies. The information collected includes protective services records; state police arrest and disposition statistics; and court records on felony charges and convictions, sentences imposed for criminal offenses, and the number of protective orders issued. The collected data is made available to the public on a website established and maintained by the Department of Social Services. The available data does not include any individual identifying information.

## Use of Records for Employment Screening

Central registry records are used increasingly to screen adults for various employment or volunteer positions. Approximately 32 states and the District of Columbia allow access to central registry records for agencies conducting background checks on individuals applying to be child care or youth care providers.[13] Four states provide access to tribal agencies to aid in determining the suitability of an individual to have access to children.[14] Information is made available to employers in the child care business, schools, or health-care industry. However, it is generally limited to whether there are substantiated or indicated reports of child maltreatment for potential employees or volunteers who will have significant contact with children.

---

[9]   Alaska, Illinois, Iowa, Maine, Michigan, Nebraska, New Jersey, New York, North Carolina, Oregon, Texas, and Wisconsin.
[10]   Alaska, Arizona, Connecticut, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Montana, Nebraska, New York, and South Carolina.
[11]   Alaska, Colorado, Connecticut, Illinois, Maine, Minnesota, Nebraska, New York, and North Carolina.
[12]   Alaska, Arizona, Arkansas, Connecticut, Iowa, Louisiana, Maine, Maryland, Mississippi, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, Pennsylvania, Rhode Island, South Dakota, and Texas.

[13]   Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Maine, Maryland, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, South Carolina, South Dakota, Texas, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming.
[14]   California, Georgia, Oklahoma, and South Dakota.

Six states allow parents to be notified when a report is received concerning a child care provider to help them determine whether to use or continue to use that provider to care for their child.[15] In 23 states and the District of Columbia, a person or agency conducting an investigation of a prospective foster or adoptive parent may access the records.[16]

This publication is a product of the State Statutes Series prepared by Child Welfare Information Gateway. While every attempt has been made to be complete, additional information on these topics may be in other sections of a state's code as well as agency regulations, case law, and informal practices and procedures.

## Suggested Citation:

Child Welfare Information Gateway. (2017). *Disclosure of confidential child abuse and neglect records*. Washington, DC: U.S. Department of Health and Human Services, Children's Bureau.

---

[15] Louisiana, Mississippi, Missouri, New Jersey, North Dakota, and Oklahoma.

[16] Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Indiana, Iowa, Maine, Massachusetts, Michigan, Nevada, New Jersey, New York, North Carolina, Oklahoma, Pennsylvania, South Dakota, Texas, Utah, Washington, and Wisconsin. For more discussion on this requirement, see Information Gateway's *Background Checks for Prospective Foster, Adoptive, and Kinship Caregivers* at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/background/.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway. This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## Alabama

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 26-14-8**

The reports and records of child abuse and neglect and related information or testimony shall be confidential and shall not be used or disclosed for any purposes other than specified in statute.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code § 26-14-8**

Disclosure of child abuse reports or records shall be limited to:

- Police or other law enforcement agency for investigation of child abuse or neglect
- A grand jury when it is necessary in the conduct of its official business
- A court when it is necessary for the determination of an issue before it
- Any person engaged in bona fide research
- Any person authorized by a court to act as a representative for an abused or neglected child who is the subject of a report
- A physician who reasonably suspects that a child may be abused or neglected
- An attorney or guardian ad litem in representing or defending a child or the child's parents or guardians in a court proceeding related to abuse or neglect of the child
- Federal, state, or local governmental entities or social service agencies of another state that have a need for the information in order to carry out their responsibilities
- Child abuse citizen review, quality assurance, or multidisciplinary review panels
- Child fatality review panels

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code § 26-14-8**

Public disclosure of the findings or information about the case of child abuse or neglect is permitted when the case has resulted in a child fatality or near fatality. Information identifying by name persons other than the victim shall not be disclosed.

**Use of Records for Employment Screening**
**Citation: Ann. Code § 26-14-8**

Reports or records in cases determined to be 'not indicated' shall not be used or disclosed for purposes of employment or other background checks.

The names of persons or information in the investigative report placed on the state's central registry may be made available to the alleged perpetrator's employer, prospective employer, or others when the Department of Human Resources or the investigative hearing officer has determined child abuse or neglect to be indicated.

## Alaska

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Alaska Stat. §§ 47.17.040; 47.10.093**

Investigation reports and reports of harm filed under this chapter are considered confidential and are not subject to public inspection.

Except as permitted in this section and § 47.10.092, all information and social records pertaining to a child who is subject to this chapter or chapter 47.17 prepared by or in the possession of a federal, state, or municipal agency or employee in the discharge of the agency's or employee's official duty are privileged and may not be disclosed directly or indirectly to anyone without a court order.

**Persons or Entities Allowed Access to Records**
**Citation: Alaska Stat. § 47.10.093**

An agency or employee shall disclose appropriate confidential information regarding a case to:

- A guardian ad litem
- A person or agency requested by the department or the child's custodian to provide consultation or services for a child

- An out-of-home care provider as necessary to enable the provider to provide appropriate care to the child
- A school official as necessary to enable the school to provide appropriate counseling and support services to a child who is the subject of the case
- A government agency as necessary to obtain that agency's assistance to the department in its investigation or to obtain physical custody of a child
- A law enforcement agency of this or another state as necessary for the protection of any child
- A member of a multidisciplinary child protection team
- The state medical examiner
- A person who made a report of harm to inform the person of the status of the investigation
- The child support services agency as necessary to establish and collect child support
- A parent, guardian, or caregiver of a child as necessary to protect the safety of a child
- A review panel established by the department for the purpose of reviewing the actions taken by the department in a specific case
- The University of Alaska under the Alaska higher education savings program for children, but only to the extent that the information is necessary to support the program
- A licensed child-placing agency as necessary to provide services for a child who is the subject of the case
- A state or municipal agency of this or another state that is responsible for delinquent minors, as may be necessary for the administration of services, protection, rehabilitation, or supervision of a child

**When Public Disclosure of Records Is Allowed**
**Citation: Alaska Stat. § 47.10.093**

The Commissioner of Health and Social Services or his or her designee may disclose to the public, upon request, confidential information when:

- The parent or guardian of a child who is the subject of one or more reports of harm under chapter 47.17 has made a public disclosure concerning the department's involvement with the family.
- The alleged perpetrator named in one or more reports of harm has been charged with a crime concerning the alleged abuse or neglect.
- Abuse or neglect has resulted in the fatality or near fatality of a child who is the subject of one or more reports of harm.

The department may publicly disclose information pertaining to a child or an alleged perpetrator named in a report of harm, a household member of the child, or the alleged perpetrator if the information relates to a determination, if any, made by the department regarding the nature and validity of a report of harm or to the department's activities arising from the department's investigation of the report. The commissioner or the commissioner's designee:

- Shall withhold disclosure of the child's name, picture, or other information that would readily lead to the identification of the child if the department determines that the disclosure would be contrary to the best interests of the child, the child's siblings, or other children in the child's household
- After consultation with a prosecuting attorney, shall withhold disclosure of information that would reasonably be expected to interfere with a criminal investigation or proceeding or a criminal defendant's right to a fair trial in a criminal proceeding

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

---

**American Samoa**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 45.2023**

Reports made under this chapter, as well as any other information obtained, reports written, or photographs taken concerning those reports that are in the possession of the department and agency are confidential.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 45.2023; 45.2024**

Reports are made available only to:

- The attorney general at all times
- A physician who reasonably believes that a child may have been abused, sexually abused, or neglected
- A person authorized to place a child in protective custody when that person requires the information to determine whether to place the child in protective custody
- An agency that has responsibility for the care or supervision of the subject of a report
- Any person who is the subject of a report
- A court when it is necessary for the determination of an issue before it
- Any person engaged in bona fide research

A person who was the subject of a report as a child may access his or her record only after he or she has reached age 18, and his or her sibling or offspring is a suspected victim of child abuse, sexual abuse, or neglect.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**Arizona**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 8-807**

Department of Child Safety (DCS) information shall be maintained by the DCS as required by federal law. If the department receives information that is confidential by law, the department shall maintain the confidentiality of the information as prescribed in the applicable law.

A person may authorize the release of DCS information about the person but may not waive the confidentiality of DCS information concerning any other person.

For the purposes of this section, 'DCS information' includes all information the department gathers during the course of an investigation conducted under this chapter from the time a file is opened and until it is closed. DCS information does not include information that is contained in child welfare agency licensing records.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 8-807**

If there is a reasonable need for the DCS information, the department may provide the information to:

- A federal, state, tribal, county, or municipal agency
- A law enforcement agency or prosecutor
- An attorney or a guardian ad litem representing a child victim
- A school
- A community or contract service provider or any other person providing services
- A court
- A party in a dependency or termination of parental rights proceeding or the party's attorney
- The foster care review board
- A court-appointed special advocate
- A domestic relations, family, or conciliation court
- A person who is the subject of the information
- A person who is conducting bona fide research
- The parent, guardian, or custodian of a child if the information is reasonably necessary to promote the safety, permanency, and well-being of the child

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A medical examiner directing an investigation into the circumstances surrounding a death
- Federal or state auditors
- Persons conducting any accreditation deemed necessary by the department
- A legislative committee for purposes of conducting investigations related to the legislative oversight of the department
- A legislator who requests CPS information in the regular course of his or her duties
- A citizen review panel, a child fatality review team, and the Office of Ombudsman-Citizen's Aide
- A human rights committee established pursuant to § 41-3801

The department shall provide the person who conducts a forensic medical evaluation with any records the person requests, including social history and family history regarding the child, the child's siblings, and the child's parents or guardians.

The department shall provide DCS information on request to a prospective adoptive parent, foster parent, or guardian if the information concerns a child the prospective adoptive parent, foster parent, or guardian seeks to adopt or provide care for.

A person who is the subject of an unfounded report or complaint, and who believes that the report or complaint was made in bad faith or with malicious intent, may petition a judge of the superior court to order the department to release the DCS information. The petition shall specifically set forth reasons supporting the person's belief that the report or complaint was made in bad faith or with malicious intent. The court shall review the DCS information in camera and the person filing the petition shall be allowed to present evidence in support of the petition. If the court determines that there is a reasonable question of fact as to whether the report or complaint was made in bad faith or with malicious intent and that disclosure of the identity of the person making the report or complaint would not be likely to endanger the life or safety of the person making the report or complaint, it shall provide a copy of the DCS information to the person filing the petition. The original DCS information will then be subject to discovery in a subsequent civil action regarding the making of the report or complaint.

The department may provide a summary of the outcome of a child protective services investigation to the person who reported the suspected child abuse or neglect.

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. §§ 8-807(F); 8-807.01**

The department may provide DCS information to confirm, clarify, correct, or supplement information concerning an instance of child abuse or neglect that has been made public by sources outside the department.

The department shall promptly provide DCS information to the public regarding a case of child abuse, abandonment, or neglect that has resulted in a fatality or near fatality, as follows:

- In the case of a fatality, the name of the child who has died
- The age, gender, and general location of the residence of the child
- The fact that a child suffered a fatality or near fatality as the result of abuse, abandonment, or neglect
- The name; age; and city, town, or general location of the residence of the alleged perpetrator, if available, unless the disclosure would violate the privacy of the victim
- Whether there have been any current or past cases of abuse, abandonment, or neglect involving the child or the alleged perpetrator
- Actions taken by the department in response to the fatality or near fatality of the child
- A detailed synopsis of prior reports or cases of abuse, abandonment, or neglect involving the child or the alleged perpetrator and of the actions taken or determinations made by the department in response to these reports or cases

On request by any person, the department shall promptly provide additional DCS information about the case of child abuse, abandonment, or neglect that has resulted in a fatality or a near fatality. Before releasing additional DCS information, the department shall promptly notify the county attorney of any decision to release that information, and the county attorney shall promptly inform the department if it believes the release would cause a specific, material harm to a criminal investigation or prosecution. After consulting with the county attorney, the department shall produce to the requestor as much additional DCS information about the case as promptly as possible.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Use of Records for Employment Screening**
**Citation: Rev. Stat. §§ 8-804; 8-804.01**

The department shall conduct central registry background checks and shall use the information contained in the central registry only for the following purposes:

- As a factor to determine qualifications for foster home licensing, adoptive parent certification, individuals who apply for child welfare agency licensing, child care home certification, registration of unregulated child care homes with the child care resource and referral system, and home- and community-based services certification for services to children or vulnerable adults
- As a factor to determine qualifications for persons who are employed or who are applying for employment with this state in positions that provide direct service to children or vulnerable adults
- As a factor to determine qualifications for individuals who are employed or who are applying for employment with a child welfare agency in positions that provide direct service to children or vulnerable adults
- As a factor to determine qualifications for positions that provide direct service to children or vulnerable adults for:
  » Any person who applies for a contract with this state and that person's employees
  » All employees of a contractor
  » A subcontractor of a contractor and the subcontractor's employees
  » Prospective employees of the contractor or subcontractor at the request of the prospective employer
- To provide information to licensees that do not contract with this state regarding persons who are employed or seeking employment to provide direct services to children

Except as otherwise provided by law, reports and related records maintained by the department shall not be used for purposes of employment or background checks. Only information contained in the central registry may be used to conduct background checks.

## Arkansas

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 12-18-909**

True reports of child maltreatment are confidential and may be disclosed only as provided in this chapter.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code § 12-18-909**

The Department of Human Services and the Department of Arkansas State Police may provide information, including protected health information, to a person or agency that provides services such as medical examination of, an assessment interview with, diagnosis of, care for, treatment of, or supervision of a victim of child maltreatment, a juvenile offender, or an underaged juvenile offender. This information may include the investigative determination or the investigation report and the services offered and provided.

A report made under this chapter that is determined to be true, as well as any other information obtained, including protected health information and the administrative hearing decision, and a report written or photograph or radiological procedure taken concerning a true report in the possession of the Department of Human Services and the Department of Arkansas State Police shall be confidential and shall be made available only to:

- The administration of the adoption, foster care, children's and adult protective services programs, or child care licensing programs of any state
- A federal, state, or local government entity having a need for the information to protect children from abuse or neglect
- Any person who is the subject of a true report
- A civil or administrative proceeding connected with the administration of the Arkansas Child Welfare State Plan when the court or hearing officer determines that the information is necessary for the determination of an issue before the court or agency
- Any government agency conducting an audit
- A person, agency, or organization engaged in a bona fide research or evaluation project
- A properly constituted authority, including multidisciplinary teams, investigating a report of known or suspected child abuse or neglect or providing services to a child or family that is the subject of a report

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- Child abuse citizen panels or child fatality review panels as authorized by the department
- A grand jury upon a finding that information in the record is necessary for the determination of an issue before grand jury
- A court in a criminal case or a court in a child custody or similar civil case upon finding that the information in the record is necessary for the determination of an issue before the court
- The current foster parents of a child who is a subject of a report
- Individual U.S. and Arkansas senators and representatives and their authorized staff acting in their official capacities
- The child's court-appointed special advocate or attorney ad litem
- Any person or entity to whom notification was provided under this chapter
- The Department of Education
- The custodial and noncustodial parents, guardians, and legal custodians of the child who is identified as the offender
- Any family advocacy program or other person designated by the military authority for the military installation receiving notice of a Child Abuse Hotline report under § 12-18-508

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code §§ 12-18-1101 through 12-18-1108**

When an investigation is pending on a report of a fatality or near fatality of a child, the department shall release the following information to the general public:

- The child's age, race, and gender
- Date of the fatality or near fatality
- The preliminary cause of the death or near fatality
- County and type of placement of the child at the time of the incident
- The alleged offender's relationship to the child
- The agency conducting the investigation
- Legal action taken by the department
- Services offered or provided by the department presently and in the past
- In the case of a fatality, the name of the child

If an investigation of a child death has been completed, the department shall release the following information to the general public when the report is determined to be true:

- A summary of previous child maltreatment investigations
- A summary of the current child maltreatment investigation, including:
  - » The nature and extent of the child's present and past injuries
  - » Medical information pertaining to the death
  - » The name of the offender if due process has been satisfied or the offender has been arrested
- All relevant risk and safety assessments completed on the child
- Information about criminal charges, if known
- Any action taken by the department or the state police, including personnel and licensing actions

When the investigative determination is unsubstantiated, the summary of the current investigation shall include medical information pertaining to the death; however, the name of the alleged offender shall not be disclosed.

For a report of a near fatality of a child, the department shall release a nonidentifying summary of the current and any previous investigations.

The department shall not release:

- Information on siblings of the child
- Attorney-client communications
- Any information that would jeopardize a criminal investigation

**Use of Records for Employment Screening**
**Citation: Ann. Code § 12-18-909**

A report that is determined to be true shall be made available to:

- The Division of Child Care and Early Childhood Education and the child care facility owner who requested the registry information through a signed release from an individual who is an employee, applicant, volunteer, or the owner or operator of a child care facility

- An employer or volunteer agency for purposes of screening an employee, applicant, or volunteer who is or will be engaged in employment or activity with children, the elderly, or individuals with disabilities upon submission of a signed release from the employee, applicant, or volunteer
- The Division of Developmental Disabilities Services and the Division of Aging, Adult, and Behavioral Health Services as to participants of the waiver program
- The Division of Child Care and Early Childhood Education for purposes of enforcement of licensing laws and regulations
- Any licensing or registering authority to the extent necessary to carry out its official responsibilities
- The following persons to the extent necessary to carry out a responsibility to ensure that children are protected while in the school environment or during off-campus school activities:
  » A school district superintendent, a person in an equivalent position in a private school, or other district-level administrator
  » A public school principal, a person in an equivalent position in a private school, or other building-level administrator
  » Another person or organization designated by a public school, private school, or school district to organize volunteers for the public school, private school, or school district upon the submission of a signed release from the volunteer

The registry shall release only the following information on true reports:

- That the employee, applicant, or volunteer has a true report
- The date the investigation was completed
- The type of true report

## California

*Current Through June 2017*

### Confidentiality of Records
**Citation: Penal Code § 11167.5**

Reports shall be confidential and may be disclosed only as provided by law.

### Persons or Entities Allowed Access to Records
**Citation: Penal Code §§ 11167.5; 11170; 11170.5**

Reports of suspected child abuse or neglect may be disclosed only to the following:

- Persons or agencies to whom disclosure of the identity of the reporting party is permitted under § 11167
- Persons or agencies to whom disclosure of information is permitted under § 11170(b) or § 11170.5(a)
- Persons or agencies with whom investigations of child abuse or neglect are coordinated
- Multidisciplinary personnel teams
- Hospital scan teams
- Coroners and medical examiners when conducting a post mortem examination of a child
- The Board of Parole Hearings when parole revocation proceedings are pending against a parolee charged with child abuse or neglect
- Personnel from an agency responsible for placing a child
- Persons who have been listed in the Child Abuse Central Index
- Out-of-state law enforcement agencies conducting an investigation of child abuse or neglect
- Out-of-state agencies responsible for approving prospective foster or adoptive parents or relative caregivers for placement of a child
- County child death review teams

Authorized persons within county health departments shall be permitted to receive copies of any reports made by health practitioners.

When a report is made, the investigating agency, upon completion of the investigation, shall inform the mandated reporter of the results of the investigation.

The Department of Justice shall make available to a law enforcement agency, county welfare department, or county probation department that is conducting a child abuse investigation relevant information contained in the index.

The department shall make available to investigative agencies, probation officers, or court investigators responsible for placing children or assessing the possible placement of children information regarding a known or suspected child abuser contained in the index concerning any adult residing in the home where the child may be placed, when this information is requested for purposes of ensuring that the placement is in the best interests of the child.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The Department of Justice shall make available to a licensed adoption agency information regarding a known or suspected child abuser maintained in the index concerning any person who has submitted to the agency an application for adoption.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**
**Citation: Penal Code §§ 11167.5; 11170**

The Department of Justice shall make information from the Index available to:

- Persons or agencies responsible for the licensing of facilities that care for children
- The state Department of Social Services or any county licensing agency when an individual has applied for a community care license or child daycare license, or for employment in an out-of-home care facility, or when a complaint alleges child abuse or neglect by an operator or employee of an out-of-home care facility
- The state Department of Social Services, any county licensing agency duties, a tribal court, tribal child welfare agency, consortium of tribes, or tribal organization, particularly with regard to information about any person who is an applicant for licensure, any adult who resides or is employed in the home of an applicant for licensure, or a person who is an applicant for employment in a position having supervisorial or disciplinary power over a child or children or who will provide 24-hour care for a child or children in a residential home or facility
- A court-appointed special advocate program that is conducting a background investigation of an applicant seeking employment with the program or a volunteer position as a court-appointed special advocate
- A tribal agency regarding a known or suspected child abuser who is being considered as a prospective foster or adoptive parent, an adult who resides or is employed in the home of an applicant for approval, any person who has a familial or intimate relationship with any person living in the home of an applicant, or an employee of the tribal agency who may have contact with children
- A government agency conducting a background investigation of an applicant seeking employment as a peace officer

**Colorado**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 19-1-307**

Except as otherwise provided by law, reports of child abuse or neglect and the name and address of any child, family, or informant, or any other identifying information contained in such reports, shall be confidential and shall not be public information.

Disclosure of the name and address of the child and family and other identifying information involved in such reports shall be permitted only when authorized by a court for good cause.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 19-1-307**

Except as otherwise provided in § 19-1-303, only the following entities shall be given access to records:

- A law enforcement agency, district attorney, coroner, or county or district department of social services
- A physician who suspects that a child is abused or neglected
- An agency that is caring for, treating, or supervising a child who is the subject of a report
- The child's parent, guardian, or legal custodian
- In the case of an anatomical gift, a coroner and a procurement organization
- A person named as the victim in a report or, if the subject child is a minor, his or her guardian ad litem
- A court when access to such records is necessary for determination of an issue before it
- Members of a child protection team, if one exists
- Other persons as a court may determine, for good cause
- The Department of Human Services, when requested by a county department, individual, or child-placing agency, for screening a prospective adoptive parent, family foster care parent, kinship care parent, or an adult residing in the home
- The Department of Human Services, when requested by the Department of Education, to aid the Department of Education in its investigation of an allegation of abuse by a school district employee

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The department and the county departments, for the following purposes:
  - » Conducting evaluations pursuant to § 14-10-127
  - » Screening prospective adoptive parents
- Private adoption agencies, including agencies located in other states, for screening prospective adoptive parents
- A person or organization engaged in a bona fide research or evaluation project
- An auditor conducting a financial or performance audit of a county department
- County commissions, city councils, and citizen review panels
- State, county, or local government agencies and child-placing agencies located in other states, for screening prospective foster or adoptive parents
- The child protection ombudsman program when conducting an investigation
- A licensed child-placing agency, for the purpose of screening prospective foster parents, any adult residing in the home of the prospective foster parent, and specialized group facilities

Information may be released to a mandatory reporter who is officially and professionally involved in the ongoing care of the child who was the subject of the report, but only with regard to information that he or she has a need to know in order to fulfill his or her role in maintaining the child's safety. The provision shall apply to:

- Hospital personnel engaged in the admission, care, or treatment of children
- Mental health professionals
- Physicians, surgeons, nurses, or dentists
- Psychologists, psychotherapists, counselors, or marriage and family therapists
- School officials or employees
- Social workers or victims' advocates
- Clergy members
- Educators providing services through a Federal Special Supplemental Nutrition Program for Women, Infants, and Children
- Officials or employees of county departments of health, human services, or social services

The following agencies or attorneys appointed by the court shall be granted statewide read-only access to the name index and register of actions for the Judiciary Department:

- Criminal justice agencies
- County departments and attorneys who represent the county departments as county attorneys
- Guardians ad litem under contract with the Office of the Child's Representative or authorized by the office to act as a guardian ad litem, as it relates to a case in which they are appointed by the court
- Respondent parent counsel appointed by the court and paid by the Judiciary Department, as it relates to a case in which they are appointed by the court

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. § 19-1-307**

Such disclosure shall not be prohibited when:

- There is a death of a suspected victim of child abuse or neglect, and the death becomes a matter of public record.
- An alleged juvenile offender is or was a victim of abuse or neglect.
- The suspected or alleged perpetrator becomes the subject of an arrest or the filing of a formal charge by a law enforcement agency.

**Use of Records for Employment Screening**
**Citation: Rev. Stat. § 19-1-307**

The state Department of Human Services and county departments of social services may access records for the following purposes:

- Investigating an exempt family child care home provider as a prerequisite to issuance or renewal of a contract or any payment agreement for the care of a child from publicly funded state child care assistance programs
- Screening any person who seeks employment with, is currently employed by, or who volunteers for service with the Department of Human Services, Department of Health Care Policy and Financing, or a county Department of Social Services, if such person's responsibilities include direct contact with children
- Screening any person who will be responsible to provide child care pursuant to a contract with a county department for placements out of the home or private child care

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The state Department of Human Services may access records for the following purposes:

- To check records or reports of child abuse or neglect for the purpose of screening an applicant for employment or a current employee
- To conduct home study investigations and reports for purposes of screening a prospective adoptive parent or any adult residing in the home or investigating a prospective foster care parent, kinship care parent, or an adult residing in the home, when requested in writing by a qualified county department, individual, or child-placing agency
- To investigate an applicant for a supervisory employee position or an employee of a guest child care facility or a public services short-term child care facility
- To investigate a prospective court-appointed special advocate volunteer
- To investigate an applicant for an employee or volunteer position with a licensed neighborhood youth organization

## Connecticut

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. §§ 17a-28; 17a-101k**

Records maintained by the Department of Children and Families shall be confidential and shall not be disclosed unless the department receives written consent from the person or as provided in this section. Records that contain privileged communications or are confidential pursuant to any federal law or regulation shall not be disclosed except as authorized by law. Such records of any person may only be disclosed, in whole or in part, to any individual, agency, corporation, or organization with the consent of the person or as provided in this section.

The information contained in the child abuse registry and any other information relative to child abuse, wherever located, shall be confidential, subject to such statutes and regulations governing their use and access to the information shall conform to the requirements of federal law and regulation.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 17a-28**

The department shall disclose records without the consent of the person who is the subject of the record to:

- The person named in the record
- A guardian ad litem or attorney appointed to represent a child
- The attorney general, child advocate, chief public defender, or chief state's attorney
- A state or federal law enforcement officer
- A foster or prospective adoptive parent, if the records pertain to a child or youth currently placed or being considered for placement with the parent
- The Governor, the Legislative Program Review and Investigations Committee, or other legislative committee that deals with matters relating to children
- The Department of Developmental Services to determine eligibility, facilitate enrollment, and plan for the provision of services to a child who is a client
- A judge as needed to conduct his or her official duties
- The auditors of public accounts as needed to conduct audits
- A local or regional board of education, provided the records are limited to educational records
- The Department of Motor Vehicles for the purpose of criminal history records checks
- The Department of Mental Health and Addiction Services for the purpose of treatment planning for young adults who have transitioned from the care of the department
- The superintendent of a public school district, the director of a public or private institution for children providing care for children, or a private school
- Any individual or entity for the purposes of identifying resources that will promote the court-approved permanency plan of a child or youth
- The birth-to-three program's referral intake office to determine eligibility, facilitate enrollment, and provide services to substantiated victims of child abuse and neglect with suspected developmental delays and newborns impacted by withdrawal symptoms resulting from prenatal drug exposure

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The department may disclose records without the consent of the person who is the subject of the record to:

- An employee or former employee of the department for purposes of participating in any court, administrative, or disciplinary proceeding
- Multidisciplinary teams
- A provider of professional services for a child, youth, or parent
- An individual or agency under contract with the department for the purposes of identifying and assessing a potential foster or adoptive home for a child or youth
- A physician examining a child with respect to whom abuse or neglect is suspected
- An individual who made a report of abuse or neglect, provided the information disclosed is limited to the status of the investigation and the action taken by the department
- An entity engaged in medical, psychological, or psychiatric diagnosis and treatment of a perpetrator of abuse or neglect
- A court or public agency in another state or a federally recognized Indian tribe that is responsible for investigating child abuse or neglect
- An individual conducting bona fide research
- An entity involved in the collection of fees for services
- A law enforcement officer or state's attorney, if there is reasonable cause to believe that a child or youth is being or at risk of being abused or neglected as a result of any suspected criminal activity by any individual
- Any individual interviewed as part of an investigation
- Any individual for the purpose of locating such individual's missing parent, child, or youth
- A judge of a court of competent jurisdiction whenever an employee of the department is subpoenaed and ordered to testify about such records for purposes of in camera inspection to determine if such records may be disclosed
- An individual who is not employed by the department who performs functions or activities on behalf of the department, including, but not limited to, data analysis, administration, utilization reviews, quality assurance, practice management, consultation, or accreditation services

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 17a-28**

The department shall disclose records without the consent of the person who is the subject of the record to:

- Any individual when information concerning an incident of child abuse or neglect has been made public or the commissioner reasonably believes publication of such information is likely, provided such disclosure is limited to:
  » Whether the department has received a report
  » In general terms, any action taken by the department, provided:
    ▫ Names or other individually identifiable information of the child or other family members is not disclosed, regardless of whether such individually identifiable information is otherwise available.
    ▫ The name or other individually identifiable information of the person suspected to be responsible for the abuse or neglect is not disclosed, unless such person has been arrested for a crime due to such abuse or neglect.
  » Confirmation or denial of the accuracy of information that has been made public
  » In general terms, the legal status of the case
- Any individual when the information concerns an incident of abuse or neglect that resulted in a child or youth fatality or near fatality, provided disclosure of such information is in general terms and does not jeopardize a pending investigation

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 17a-28**

The department shall disclose records without the consent of the person who is the subject of the record to:

- The Office of Early Childhood for the purpose of:
  » Determining the suitability of a person to care for children in a licensed facility
  » Determining the suitability of such person for licensure
  » Conducting an investigation pursuant to § 19a-80f
- A state agency that licenses or certifies an individual to educate or care for children or youth
- The superintendent of schools for any school district for the purpose of determining the suitability of a person to be employed by the local or regional board of education
- The Department of Social Services for the purpose of determining the suitability of a person for payment from the department for providing child care

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## Delaware

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code Tit. 16, § 906**

The investigation coordinator is a person employed by the Office of the Child Advocate, who is authorized to independently track each reported case of alleged child abuse or neglect within the internal information system of the Department of Services for Children, Youth and Their Families. The investigation coordinator is responsible for monitoring each reported case involving the death of, serious physical injury to, or allegations of sexual abuse of a child from inception to final criminal and civil disposition.

All information and records received, prepared, or maintained by the investigation coordinator or the investigation coordinator's staff are confidential and shall be exempt from the provisions of the Freedom of Information Act, Chapter 100 of Title 29.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code Tit. 16, § 906**

In implementing the investigation coordinator's role in the child protection system, the investigation coordinator or the investigation coordinator's staff shall monitor each case involving the death of, serious physical injury to, or allegations of sexual abuse of a child from inception to final criminal and civil disposition and provide information as requested on the status of each case to the Division of Family Services, the Department of Services for Children, Youth and Their Families, the Delaware Department of Justice, the Children's Advocacy Center, and the Office of Child Advocate.

The disclosure of case specific data and information to the multidisciplinary team is authorized to ensure a comprehensive, integrated, and multidisciplinary response to child abuse cases.

A person required to report to the division under § 903 of this title shall be informed by the division of the person's right to obtain information concerning the disposition of the report. Such person shall receive, from the local office, if requested, information on the general disposition of the report at the conclusion of the investigation.

To protect the privacy of the family and the child named in a report, the division shall establish guidelines concerning the disclosure of information concerning the abuse and neglect involving a child. The division may require persons to make written requests for access to records maintained by the division. The division shall only release information to persons who have a legitimate public safety need for such information or a need based on the health and safety of a child subject to abuse, neglect, or the risk of maltreatment, and such information shall be used only for the purpose for which the information is released.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code Tit. 16, §§ 906; 931; 932**

The investigation coordinator shall:

- Report every case involving the death or near death of a child due to abuse or neglect to the Child Protection Accountability Commission (CPAC) and every case involving the death of a child to the Child Death Review Commission
- Provide information to CPAC, as requested by CPAC, regarding the status, trends, and outcomes of any case or cases of child abuse or neglect that are reported to the Division

Reports to CPAC shall not disclose the identities of the child, alleged perpetrators, or others involved in the case or cases.

The division shall ensure that every case involving the death or near death of a child due to abuse or neglect is reported to CPAC and every case involving the death of a child to the Child Death Review Commission.

The purpose of CPAC is to monitor Delaware's child protection system to best ensure the health, safety, and well-being of Delaware's abused, neglected, and dependent children. To that end, the Commission shall meet on a quarterly basis and shall:

- Investigate and review deaths or near deaths of abused or neglected children
- Coordinate with the Child Death Review Commission to provide statistics and other necessary information to the Child Death Review Commission related to the investigation and review of deaths of abused or neglected children

CPAC shall, if necessary, make system-wide recommendations arising from an investigation and review conducted under this section. In addition to the release of recommendations, CPAC shall release to the public summary information and findings resulting from reviews of child deaths and near deaths due to abuse and neglect as required by 42 U.S.C. § 5106a(b)(2)(B). CPAC may release summary information and findings only upon completion of the prosecution.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Use of Records for Employment Screening**
**Citation: Ann. Code Tit. 16, § 906**

Within 5 business days of the receipt of a report concerning allegations of child abuse or neglect by a person known to be licensed or certified by a Delaware agency or professional regulatory organization, the investigation coordinator shall forward a report of such allegations to the appropriate Delaware agency or professional regulatory organization.

The division shall ensure that all cases involving allegations of child abuse or neglect by a person known to be licensed or certified by a Delaware agency or professional regulatory organization, have been reported to the appropriate Delaware agency or professional regulatory organization and the investigation coordinator in accordance with the provisions of this section.

## District of Columbia

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 4-1302.03**

The staff that maintains the Child Protection Register shall release only that information that is necessary for the purpose of the request and that does not violate the confidentiality of the persons identified in the report except as is necessary.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 4-1302.03; 4-1302.04**

The staff that maintains the Child Protection Register shall grant access to information contained in the register only to the following persons:

- Police officers for the purpose of investigating a report
- The attorney general or the U.S. attorney for the District of Columbia for investigating and prosecuting cases of alleged child abuse or neglect
- The personnel of the agency and the Social Services Agency of the Superior Court for investigating a report or providing services to a family or child who is the subject of a report
- The guardian ad litem of a child who is the subject of a report
- Each person identified in a report as a person responsible for the neglect of the child or that person's attorney
- The parent, guardian, custodian, or attorney of the child who is the subject of the report
- A licensed child-placing agency for checking a proposed foster care or adoptive placement for a report of abuse or neglect
- The Child Fatality Review Committee
- Any member of a multidisciplinary investigation team
- Another jurisdiction if:
  » That jurisdiction has comparable safeguards for ensuring the confidentiality of information regarding persons identified in the report and for withholding the identity of the source of the report.
  » The staff obtains permission for the release of the information from each person identified in the report and from the source of the report.
- Medical professionals for the purpose of obtaining a diagnosis of the child who is the subject of the report
- Researchers for research and evaluation

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code § 4-1303.32**

Notwithstanding any other provision of law, a disclosing official shall, upon written request by any person and may upon his or her own initiative, disclose to the public the findings and information related to a child fatality or near fatality except as provided below.

This subsection shall not apply to the disclosure of any portion of the findings or information if disclosure of that portion would likely:

- Endanger the life, physical safety, or physical or emotional well-being of the child who is the subject of the report, a sibling of the child, or a child who has shared the same household as the child
- Endanger the life or physical safety of any person
- Interfere with an ongoing law enforcement investigation or proceeding pertaining to the child fatality or near fatality
- Deprive a person of a right to a fair trial or an impartial adjudication
- Disclose the identity of the reporter of the abuse or any confidential law enforcement source in a criminal proceeding pertaining to the child fatality or near fatality

- Disclose the identity of a birth parent of a child, if the child has been adopted and there has been no contact between the child and the birth parent immediately prior to the fatality or near fatality
- Disclose personal or private information

**Use of Records for Employment Screening**
**Citation: Ann. Code § 4-1302.03**

The staff that maintains the Child Protection Register shall grant access to substantiated reports to the chief executive officers or directors of daycare centers, schools, or any public or private organizations working directly with children, for the purpose of making employment decisions regarding employees and volunteers or prospective employees and volunteers if:

- The request is made in writing and clearly articulates the basis for the request.
- The request is accompanied by a notarized consent for release of information from the Child Protection Register signed by the employee or volunteer or prospective employee or volunteer.
- Information provided pursuant to this subsection shall be limited to information pertaining to the nature and disposition of the report of abuse or neglect and shall not include any identifying information regarding any person other than the employee or volunteer or prospective employee or volunteer.

The agency shall not release any information pursuant to this subsection pertaining to a substantiated report that was received prior to October 19, 2002.

---

**Florida**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 39.202**

All records held by the Department of Children and Family Services concerning reports of child abandonment, abuse, or neglect, including reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential and exempt from the provisions of § 119.07(1) (that allows public records to be inspected and copied), and they shall not be disclosed except as specifically authorized by this chapter.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 39.202**

Access to records shall be granted only to the following persons, officials, and agencies:

- Employees, authorized agents, or contract providers of the department, the Department of Health, the Agency for Persons with Disabilities, the Office of Early Learning, or county agencies responsible for carrying out:
  » Child or adult protective investigations
  » Ongoing child or adult protective services
  » Healthy Start services
  » Services for victims of domestic violence
- Employees or agents of the Department of Juvenile Justice responsible for the provision of services to children
- Criminal justice agencies of appropriate jurisdiction
- The state attorney of the judicial circuit in which the child resides or in which the alleged abuse or neglect occurred
- The parent or legal custodian of any child who is alleged to have been abused, abandoned, or neglected; the child; and their attorneys
- Any person alleged in the report as having caused the abuse, abandonment, or neglect of a child
- A court when it is necessary for the determination of an issue before the court
- A grand jury when it is necessary in the conduct of its official business
- Any appropriate official of the department or Agency for Persons with Disabilities responsible for administration of programs
- Any person who is engaged in bona fide research
- The Division of Administrative Hearings for purposes of any administrative challenge
- Any appropriate official of a Florida advocacy council investigating a report of known or suspected child abuse, abandonment, or neglect
- The Auditor General or the Office of Program Policy Analysis and Government Accountability for the purpose of conducting audits or examinations

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The guardian ad litem for the child
- Employees or agents of an agency of another state that has comparable jurisdiction to the jurisdiction described above
- The Public Employees Relations Commission for the sole purpose of obtaining evidence for appeals filed pursuant to § 447.207
- Employees or agents of the Department of Revenue responsible for child support enforcement activities
- An employee of a school where the child is a student
- An employee or agent of the Department of Education who is responsible for the investigation or prosecution of misconduct by a certified educator
- Staff of a children's advocacy center
- A physician, psychologist, or mental health professional engaged in the care or treatment of the child
- Persons with whom the child may be placed

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 39.202**

Access to records may be granted to any person in the event of the death of a child determined to be a result of abuse, abandonment, or neglect. Information identifying the reporter shall not be released. Any information otherwise made confidential or exempt by law shall not be released.

When a child under the supervision of the department is determined to be missing, the department may release the following information to the public when it believes the release of the information is likely to assist efforts in locating the child or to promote the safety or well-being of the child:

- The name of the child and the child's date of birth
- A physical description of the child
- A photograph of the child

With the concurrence of the law enforcement agency primarily responsible for investigating the incident, the department may release any additional information it believes likely to assist efforts in locating the child or to promote the safety or well-being of the child.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 39.202**

Access to records may be provided to employees, authorized agents, or contract providers of the department, the Department of Health, the Agency for Persons with Disabilities, the Office of Early Learning, or county agencies for the purpose of licensure or approval of adoptive homes, foster homes, child care facilities, facilities licensed under chapter 393, family day care homes, providers who receive school readiness funding, or other homes used to provide for the care and welfare of children.

## Georgia

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code §§ 49-5-40; 49-5-186**

Each and every record concerning reports of child abuse and child controlled substance or marijuana abuse that is in the custody of the Department of Human Services, other state or local agency, or child advocacy center is declared to be confidential, and access thereto is prohibited except as provided in § 49-5-41.

Information in the abuse registry shall be confidential and access thereto is prohibited except as provided in this article.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 49-5-41; 49-5-185**

The following persons or agencies shall have reasonable access to records concerning reports of child abuse:

- Any federal, state, or local government agency or tribal entity that has a need for the information in order to carry out its legal responsibilities to protect children from abuse and neglect
- A grand jury when it is necessary for determination of an issue before it
- A prosecuting attorney in connection with any official duty
- Any adult who has made a report of suspected child abuse regarding the child who was the subject of the report about whether the investigation is ongoing or completed and, if completed, whether child abuse was confirmed or unconfirmed
- Any entity that receives a report of suspected child abuse from a school employee

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The State Personnel Board for determination of an issue involving departmental personnel
- A child advocacy center investigating known or suspected child abuse
- Police or any other law enforcement agency of this state or any other state or any medical examiner or coroner investigating a report of abuse
- Any child abuse protocol committee
- The governor, attorney general, lieutenant governor, or speaker of the house of representatives in order to determine whether the laws of this state are being complied with
- A court seeking records for an in camera inspection of such records
- Individuals who are engaged in legitimate research
- A physician who reasonably suspects a child may be abused
- A licensed child-placing agency or child-caring institution that is locating or providing foster or adoptive homes for children in the custody of the department or an investigator appointed to investigate a pending petition for adoption
- A person authorized to place a child in protective custody when such person requires the information in the record in order to determine whether to place the child in protective custody
- An agency or person that has the responsibility to care for, treat, or supervise the child who is the subject of a report
- Members of citizen review panels
- Guardians ad litem or court-appointed special advocates
- A public child protective agency or law enforcement agency of another state bound by similar confidentiality requirements when, during or following the department's investigation of a report of child abuse, the alleged abuser has left the state
- A child welfare agency or a school where the department has investigated allegations of child abuse made against any employee and any child remains at risk from exposure to that employee
- An employee of a school or a child welfare agency against whom allegations of child abuse have been made
- Any person who has an ongoing relationship with the child named in the record of child abuse, but only if that person is required to report
- Any school principal, guidance counselor, social worker, or psychologist who is counseling a student
- The Department of Early Care and Learning
- Any child-caring agency, child-placing agency, or identified foster parent with respect to any child who has been placed in their care or custody

Access to information in the abuse registry is limited to:

- An abuse investigator; medical examiner; coroner; any federal, tribal, state, or local governmental entity; or out-of-state abuse investigator that is investigating a case of possible child abuse
- The governor's office, general assembly, district attorneys, and law enforcement agencies that shall receive a statistical analysis of reported cases from the abuse registry at the end of each calendar year
- A district attorney for use in any court proceeding if such information is otherwise admissible

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code §§ 49-5-41; 49-5-186**

Child abuse and dependency records shall not be confidential and shall be subject to public inspection if the records are applicable to a child who at the time of his or her fatality or near fatality was in the custody of a state department or agency or in the care of a foster parent; was receiving protective services; or was the subject of an investigation, report, referral, or complaint.

The following may be redacted from the records:

- Confidential medical and mental health records
- Privileged communications of an attorney
- Identifying information of a person who reported the suspected child abuse
- The name of a child who suffered a near fatality
- The name of any sibling of the child
- Any record of law enforcement or prosecution agencies in any pending investigation or prosecution of criminal activity contained within the child abuse, neglect, or dependency records

Upon the release of documents pursuant to this subsection, the department may comment publicly on the case.

Information in the abuse registry applicable to a child who at the time of his or her death was in the custody of a state department or agency or foster parent, as it relates to the child while in state custody, shall not be confidential.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Use of Records for Employment Screening**
**Citation: Ann. Code §§ 49-5-40(c); 49-5-41; 49-5-185**

Each and every record concerning child abuse or neglect that is received by the department from the child abuse and neglect registry of any other state shall not be disclosed or used outside of the department for any other purpose other than conducting background checks to be used in foster care and adoptive placements.

The department may permit access to information from child abuse records to:

- A licensed child-placing agency that is assisting the department by locating or providing foster or adoptive homes for children in the custody of the department
- A licensed adoption agency of this or any other state that is placing a child for adoption
- A court-appointed investigator who is investigating a pending petition for adoption

Persons or entities that may access information from the child abuse registry include:

- State or other government agencies of this state or any other state that license entities that have interactions with children or are responsible for providing care for children
- A licensing entity, to the extent that such information is required in a proceeding arising from an adverse action taken against a licensed entity or individual as a result of information found in the registry
- A court-appointed special advocate program for the purpose of screening and selecting employees and volunteers of the program
- Any federal, tribal, state, or local governmental entity of this or any other state for the purpose of conducting background checks of prospective foster or adoptive parents
- Any licensed child-placing agency of this state for the purpose of conducting background checks of foster parents or adoptive parents
- Any entity licensed by any other state to place children for adoption for the purpose of conducting background checks on adoptive parents or prospective adoptive parents

## Guam

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code Tit. 19, § 13210**

Any information received pursuant to this article that could identify a subject of the report or the person making the report shall be confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code Tit. 19, § 13210**

Information received pursuant to this article may be released on a need-to-know basis and only as necessary to serve and protect the child, to the following:

- Multidisciplinary teams established to assist in the disposition of cases
- A court when it is necessary for determination of an issue before it
- Grand juries when connected with the prosecution of a child abuse and neglect case
- Properly constituted authorities or agencies, both military and governmental, investigating a report of known or suspected child abuse or neglect or providing services to a child or family relating to a known or suspected case of child abuse or neglect, including police departments, prosecutors, and attorneys general
- A physician who suspects that a child is being abused or neglected
- Any agency or individual authorized, contracted, or licensed to diagnose, care, or treat a child who is the subject of a report of abuse or neglect
- A person who is responsible for the welfare of a child, including, but not limited to, a guardian ad litem, an attorney for the child, and a permanent foster or adoptive parent
- A duly authorized official of the department
- A victim or alleged victim of child abuse, the parents of a victim or alleged victim, or a perpetrator or alleged perpetrator of child abuse, after a court proceeding has been initiated regarding the abuse

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

## Hawaii

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 350-1.4**

All reports to the department concerning child abuse or neglect made pursuant to this chapter, as well as all records of such reports, are confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 350-1.4**

The director may adopt rules to provide for the confidentiality of reports and records and for the authorized disclosure of reports and records.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

## Idaho

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code §§ 16-1629; 74-105**

Department records shall be subject to disclosure according to chapter 1, title 74, Idaho Code unless otherwise ordered by the court, the person consents to the disclosure, or disclosure is necessary for the delivery of services to the person.

Records of investigations prepared by the Department of Health and Welfare pursuant to its statutory responsibilities dealing with the protection of children, the rehabilitation of youth, adoptions, and the commitment of mentally ill persons are exempt from disclosure. For reasons of health and safety, best interests of the child, or public interest, the department may provide for the disclosure of records of investigations associated with actions pursuant to the provisions of title 16, chapter 16 prepared by the department pursuant to its statutory responsibilities dealing with the protection of children, except any such records regarding adoptions shall remain exempt from disclosure.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 16-1626; 16-1629**

The court shall keep a record of all court proceedings under this chapter. The records shall be available only to:

- Parties to the proceeding
- Persons having full or partial custody of the subject child
- Authorized agencies providing protective supervision or having legal custody of the child
- Any other person only upon permission by the court and only if it is shown that such access is in the best interests of the child or for the purpose of legitimate research

All records pertaining to investigations, the rehabilitation of youth, the protection of children, evaluation, treatment, and/or disposition records pertaining to the statutory responsibilities of the department shall be disclosed to any duly elected state official carrying out his or her official functions.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

## Illinois

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Comp. Stat. Ch. 325, § 5/11.1**

All records concerning reports of child abuse and neglect or records concerning referrals under this act, and all records generated as a result of such reports or referrals, shall be confidential and shall not be disclosed except as specifically authorized by this act or other applicable law.

**Persons or Entities Allowed Access to Records**
**Citation: Comp. Stat. Ch. 325, § 5/11.1**

A person shall have access to records only in furtherance of purposes directly connected with the administration of this act or the Intergovernmental Missing Child Recovery Act of 1984. Those persons and purposes for access include:

- Department staff in the furtherance of their responsibilities or for completing background investigations on persons or agencies licensed by the department or with whom the department contracts for the provision of child welfare services
- A law enforcement agency investigating child abuse or neglect
- The Department of State Police when administering the Intergovernmental Missing Child Recovery Act of 1984
- A physician who reasonably suspects that a child may be abused or neglected
- An authorized person when needed to determine whether to place the child in temporary protective custody
- A person who has the responsibility to care for, treat, or supervise a child
- A parent, guardian, prospective adoptive parent, foster parent, or other person responsible for the child's welfare
- Any subject of the report, and if the subject is a minor, his or her guardian or guardian ad litem
- A court or grand jury when it is necessary for the determination of an issue before it
- A probation officer or other authorized representative of a probation or court services department conducting an investigation
- Any person authorized by the director for audit or bona fide research purposes
- Law enforcement agencies, coroners, medical examiners, physicians, courts, school superintendents, and child welfare agencies in other states who are responsible for child abuse or neglect investigations or background investigations
- The Department of Professional Regulation, the State Board of Education, and school superintendents in Illinois who may use or disclose information from the records as they deem necessary to conduct investigations or take disciplinary action
- A coroner or medical examiner who has reason to believe that a child has died as the result of abuse or neglect
- Members of a multidisciplinary team
- The Department of Human Services, as provided in § 17 of the Rehabilitation of Persons with Disabilities Act
- Any other agency or investigative body, including the Department of Public Health and a local board of health, authorized by state law to conduct an investigation into the quality of care provided to children in hospitals and other state-regulated care facilities
- The guardian ad litem of the child

**When Public Disclosure of Records Is Allowed**
**Citation: Comp. Stat. Ch. 325, § 5/11.1a**

The director may disclose information regarding the abuse or neglect of a child, the investigation thereof, and any services related thereto if he or she determines that such disclosure is not contrary to the best interests of the child, the child's siblings, or other children in the household, and one of the following factors is present:

- The subject of the report has been criminally charged with committing a crime related to the child abuse or neglect report.
- A law enforcement agency or official, a state's attorney, or a judge has publicly disclosed in a report information regarding the investigation of a report or the provision of services by the department.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- An adult subject of the report has knowingly and voluntarily made a public disclosure concerning a Child Abuse and Neglect Tracking System report.
- The child named in the report has been critically or fatally injured.

**Use of Records for Employment Screening**
**Citation: Comp. Stat. Ch. 325, § 5/11.1**

Access to records may be provided for the following:

- The director of a state-operated facility when an employee of that facility is the perpetrator in an indicated report
- The operator of a licensed child care facility or a facility licensed by the Department of Human Services in which children reside when a current or prospective employee of that facility is the perpetrator in an indicated child abuse or neglect report
- The Department of Human Services and the operator of a facility providing early intervention services for the purpose of determining whether a current or prospective employee who provides or may provide direct services is the perpetrator in an indicated report of child abuse or neglect

**Indiana**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. §§ 31-33-18-1; 31-33-26-7**

Except as provided in § 31-33-18-1.5, reports made under this article and any other information obtained, reports written, or photographs taken concerning the reports that are in the possession of the Division of Family Resources, the local office, the Department of Child Services, or the Department of Child Services Ombudsman are confidential.

The department may adopt rules to ensure that the confidentiality of and access to reports of child abuse or neglect in the child abuse index are maintained as provided in this chapter.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. §§ 31-33-18-2; 31-33-18-3; 31-33-26-16**

The reports and other material described in § 31-33-18-1 and records in the child abuse index shall be made available only to the following:

- A public or private child protective agency investigating or treating a child or family that is the subject of a report
- A police or other law enforcement agency, prosecuting attorney, or coroner in the case of the death of a child who is investigating a report of a child who may be a victim of child abuse or neglect
- A physician who reasonably suspects that a child may be a victim of child abuse or neglect
- An individual legally authorized to place a child in protective custody to determine whether to place the child in protective custody
- An agency having the legal responsibility or authorization to care for, treat, or supervise a child who is the subject of a report
- An individual named in the report who is alleged to be abused or neglected
- Each parent, guardian, custodian, or other person responsible for the welfare of a child named in a report and an attorney of the person
- A court or grand jury for determination of an issue before it
- An appropriate state or local official responsible for the child protective service or legislation carrying out the official's appointed functions
- The community child protection team
- A person about whom a report has been made
- An employee of the department, a caseworker, or a juvenile probation officer conducting a criminal history check
- A local child fatality review team and the statewide child fatality review committee
- The department
- The Division of Family Resources, if a substantiated report concerns an applicant, operator, employee, or volunteer at licensed child care center
- A citizen review panel
- The Department of Child Services Ombudsman

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The state superintendent of public instruction
- The state child fatality review coordinator employed by the State Department of Health
- A person who operates a licensed child caring institution, group home, or secure private facility, if the report concerns an employee, volunteer, or child placed at the facility
- A person who operates a licensed child-placing agency, if all the allegations in the report concern:
  » A child placed in a foster home licensed by the child-placing agency
  » A person licensed by the agency to operate a foster family home
  » An employee of the agency or a foster family home
  » A volunteer providing services at the agency or foster family home
- The National Center for Missing and Exploited Children
- A local domestic violence fatality review team or the statewide domestic violence fatality review committee
- Individuals engaged in research

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. §§ 31-33-18-1(b); 31-33-18-1.5**

Except as provided below, all records held by the Division of Family Resources, a local office, the department, a local child fatality review team, the statewide child fatality review committee, or the ombudsman regarding the death of a child determined to be a result of abuse, abandonment, or neglect are confidential and may not be disclosed.

Upon the request of any person, the court having jurisdiction in the county in which the child's death or near fatality occurred shall determine whether the allegations contained in the indictment, information, or complaint, if proven, would cause a reasonable person to believe that the child's death or near fatality may have been the result of abuse, abandonment, or neglect.

Unless, for purposes of a near fatality, a police investigation is ongoing, or information in a record is otherwise confidential under state or federal law, a record that has been redacted to exclude identifying information is not confidential and may be disclosed to any person who requests the record.

The data and information in a record must include the following:

- A summary of the report and a factual description of the contents
- The child's date of birth and gender
- The cause of the fatality or near fatality, if it has been determined
- Whether the department had any contact with the child or the child's family before the fatality or near fatality, and, if the department had contact, the following:
  » The frequency of the contact and the date of the last contact before the fatality or near fatality
  » A summary of the status of the child's case at the time of the fatality or near fatality, including whether the child's case was closed and, if the child's case was closed, the reasons that the case was closed

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 31-33-26-16**

A person or an organization may have access to information contained in the child abuse index as follows:

- A child care provider may have access to any information relating to a substantiated report of child abuse or neglect that names an employee, applicant, volunteer who would have direct contact with children, or household resident as the perpetrator of child abuse or neglect.
- Representatives of the Division of Family Resources may have access to any information relating to a substantiated report of child abuse or neglect that would constitute a basis for denial or revocation of a license for a child care center or a child care home.
- Representatives of the department may have access to any information relating to a substantiated report of child abuse or neglect that would constitute a basis for denial or revocation of a license for a child care institution, foster family home, group home, or child-placing agency.
- Any representative of the department or a court having juvenile jurisdiction may have access to any information relating to a substantiated report of child abuse or neglect in connection with a determination of an appropriate out-of-home placement for a child that requires a criminal history check concerning any person.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The department shall provide any information contained in a substantiated report of child abuse or neglect that is included in the index to an authorized agency of another state that requests information concerning a prospective foster or adoptive parent or any other adult living in the home of a prospective foster or adoptive parent.
- To determine the eligibility of a child care provider to receive a voucher payment, the Division of Family Resources may use information contained in the index concerning whether a child has been found by a court to be a child in need of services based on a report of child abuse or neglect naming an individual as a perpetrator.

## Iowa

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 235A.15**

The confidentiality of all child abuse information shall be maintained except as specifically provided by this section.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 235A.15**

Access to report data and disposition data subject to placement in the central registry is authorized only to the following:

- Subjects of a report, as follows:
  » The child or to the child's attorney or guardian ad litem
  » The parent, guardian, or legal custodian or that person's attorney
  » The alleged abuser or that person's attorney
- Persons involved in an assessment of child abuse, as follows:
  » A health practitioner or mental health professional
  » An employee or agent of the Department of Human Services
  » A law enforcement officer
  » A multidisciplinary team
  » A mandatory reporter who reported the abuse
  » The county attorney
  » The juvenile court
  » The licensing authority for a facility providing care to the child
  » The child protection assistance team
- Report, disposition, and assessment data to the extent necessary for resolution of the proceeding, as follows:
  » A juvenile court or district court
  » A court or the department hearing an appeal for correction of report and disposition data
  » An expert witness
  » A probation or parole officer, juvenile court officer, court-appointed special advocate, or adult correctional officer
  » The Department of Justice
  » A licensing board and the Iowa Department of Public Health for the purpose of licensure, certification, registration, or disciplinary investigation of health-care professionals
- Others as follows, but only with respect to data for cases of founded child abuse:
  » A person conducting bona fide research
  » Registry or department personnel
  » The Department of Justice for the sole purpose of the filing of a claim for restitution or compensation
  » A child protection agency of another state
  » A public or licensed child-placing agency of another state responsible for an adoptive or foster care preplacement or placement evaluation
  » The attorney for the Department of Human Services
  » The child advocacy and local citizen foster care review boards
  » The Department of Human Services regarding a person who is providing child care if the person is not registered or licensed
  » The Board of Educational Examiners for purposes of determining whether a license, certificate, or authorization should be issued, denied, or revoked

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- » A protection and advocacy agency, if a person identified as a victim or a perpetrator of abuse resides in or receives services from a facility or agency
- » The Iowa Board for the Treatment of Sexual Abusers for purposes of certifying sex offender treatment providers
- » An employee of the department, a certified adoption investigator, or licensed child-placing agency responsible for an adoptive placement
- » The Department of Inspections and Appeals for purposes of record checks of applicants for employment
- » A person or agency responsible for the care or supervision of a child named in a report
- » An intake officer making a preliminary inquiry
- Only with respect to disposition data for cases of founded child abuse subject to placement in the central registry, to a person who submits written authorization from an individual allowing the person access to data on behalf of the individual in order to verify whether the individual is named in a founded child abuse report as having abused a child

Access to report data and disposition data for a case of child abuse that is not subject to placement in the central registry is authorized only to the following:

- Subjects of a report
- Persons involved in an assessment of child abuse
- The Department of Justice

Upon the request of the governor, the department shall disclose child abuse information to the governor relating to a specific case of child abuse.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 235A.15**

If the department receives from the public a request for information relating to a case of founded child abuse involving a fatality or near fatality, the director shall consult with the county attorney and shall disclose information related to the case, except for the following:

- Any confidential mental health or psychological information
- The privileged communication of an attorney
- The identity of any person who provided information related to the case
- Information that may cause mental or physical harm to a sibling or another child living in the home
- Information that may jeopardize the prosecution or the rights to a fair trial of any alleged perpetrator or undermine an ongoing or future criminal investigation
- Any release prohibited by federal law

The information released shall include the following, except that listed above:

- The circumstances of the child fatality or near fatality, including the age and gender of the child and the department's response and findings
- Any previous child abuse or neglect investigations of the caregivers responsible for the child fatality or near fatality and the results of those investigations
- Whether the child or a family member was receiving social services from the department at the time of the child fatality or near fatality or within the previous 5 years
- Any recommendations made by the department to the county attorney or the juvenile court
- The services provided to the child that are pertinent to the child abuse or neglect that led to the child fatality or near fatality

If a subject of a report releases to the public information about a case, the director may respond with relevant information about the case. Prior to releasing the response, the director shall consult with the child's parent, guardian, or guardian ad litem and apply to the court for a review of the information proposed for release and an order authorizing release of the information.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 235A.15**

Access to records of founded child abuse placed in the central registry may be provided to individuals, agencies, or facilities providing care to a child, but only with respect to disposition data as necessary for evaluating a person who is employed or being considered for employment, as follows:

- An administrator of a psychiatric medical institution for children
- An administrator of a licensed child foster care or child care facility
- The superintendent of the Iowa Braille and Sight Saving School or the School for the Deaf

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- An administrator of a community mental health center or program operated by the state, a city, or a county that provides services or care directly to children
- An administrator of an agency certified by the Department of Human Services to provide services under a medical assistance home and community-based services waiver
- The administrator of an agency providing mental health, intellectual disability, or developmental disability services
- An administrator of a child care resource and referral agency
- An administrator of a licensed hospital
- An area education agency or other person responsible for providing early intervention services to children that is funded under part C of the Federal Individuals with Disabilities Education Act
- A federal, state, or local governmental unit that needs the information in order to carry out its responsibilities to protect children from abuse and neglect
- A nursing program approved by the State Board of Nursing, if the data relates to a record check

The following may access report and disposition data for cases of founded child abuse for records checks of potential employees and volunteers:

- The Iowa veterans home
- Administrators of certified nurse aide programs
- Administrator of juvenile detention or shelter care homes
- Employers of school bus drivers
- Administrators of family support programs receiving public funds

## Kansas

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 38-2209**

In order to protect the privacy of children who are subjects of a child in need of care record or report, the records identified in this section shall be confidential and shall not be disclosed except as provided in §§ 38-2210 through 38-2213. Confidential records that are disclosed shall not be further disclosed except to persons or entities authorized to receive them as provided in those sections or by being presented as admissible evidence.

Access to or disclosure of information is not required if the person or entity in possession of a record or report has reason to believe the person requesting such information may harm a child or other person as a result of such access or disclosure. The court may enter an order compelling or prohibiting access to or disclosure of information.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. §§ 38-2210; 38-2211; 38-2212**

To facilitate investigation and ensure the provision of necessary services to children who may be in need of care, the following persons and entities shall freely exchange information:

- The Secretary of Social and Rehabilitation Services
- The Secretary of the Department of Corrections
- The law enforcement agency receiving the report
- A multidisciplinary team
- An entity mandated by federal law or an agency of any state authorized to receive and investigate reports of a child known or suspected to be in need of care
- A military enclave or Indian tribal organization
- A county or district attorney
- A court services officer
- An intake and assessment worker
- Any community corrections program that has the child under court-ordered supervision
- The Department of Health and Environment for the purpose of carrying out responsibilities relating to licensure or registration of child care providers

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The following persons or entities shall have access to the official file of a child in need of care proceeding:

- The court having jurisdiction
- The parties to the proceedings and their attorneys
- The child's guardian ad litem or court-appointed special advocate
- Any individual or any public or private agency or institution having custody of the child or providing educational, medical, or mental health services or any placement provider or potential placement provider
- A citizen review board
- The secretary of corrections
- Any other person when authorized by a court order
- The Commission on Judicial Performance

The following persons or entities shall have access to the social file of a child in need of care proceeding:

- The court having jurisdiction
- The attorney for a party to the proceeding or a person designated by an Indian tribe
- The child's guardian ad litem or court-appointed special advocate
- A citizen review board
- The secretary
- The secretary of corrections
- Any other person when authorized by a court order

The following persons or entities shall have access to information from agency records:

- A child named in the report or records, a guardian ad litem, and his or her attorney
- A parent or other person responsible for the child's welfare, or such person's legal representative
- The child's court-appointed special advocate, a citizen review board, or other advocate that reports to the court
- A licensed health-care or mental health professional
- A person or entity approved by the secretary to care for, treat, or supervise a child in need of care
- A coroner or medical examiner
- The State Child Death Review Board
- An attorney for a private party
- A foster parent, prospective foster parent, permanent custodian, prospective permanent custodian, adoptive parent, or prospective adoptive parent
- The State Protection and Advocacy Agency
- Any educational institution or educator to the extent necessary to enable the educational institution to provide the safest possible environment for its pupils and employees
- Any other federal, state, or local government executive branch entity

Information from confidential agency records of the department, law enforcement agency, or any juvenile intake and assessment worker shall be available to members of the standing House or Senate Committee on Judiciary, House Committee on Corrections and Juvenile Justice, House Committee on Appropriations, Senate Committee on Ways and Means, Legislative Post Audit Committee, and any joint committee with authority to consider children's and families' issues.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 38-2212**

Information from confidential reports or records of a child alleged or adjudicated to be a child in need of care may be disclosed to the public when:

- The individuals involved or their representatives have given express written consent.
- The investigation of the abuse or neglect of the child or the filing of a petition alleging a child to be in need of care has become public knowledge.

Notwithstanding the provisions of this section, a court of competent jurisdiction, after in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court and otherwise admissible as evidence. The court shall specify the terms of disclosure and impose appropriate limitations.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

Notwithstanding any other provision of law to the contrary, in the event that child abuse or neglect results in a child fatality or near fatality, reports or records of a child alleged or adjudicated to be in need of care received by the secretary, a law enforcement agency, or any juvenile intake and assessment worker shall become a public record and subject to disclosure.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

---

### Kentucky

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 620.050**

The report of suspected child abuse, neglect, or dependency and all information obtained by the Cabinet for Health and Family Services or its delegated representative, as a result of an investigation or assessment made pursuant to this chapter, shall not be divulged to anyone except the persons listed below.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 620.050**

Information may be accessed by:
- Persons suspected of causing dependency, neglect, or abuse
- The custodial parent or legal guardian of the child alleged to be dependent, neglected, or abused
- Persons within the cabinet with a legitimate interest or responsibility related to the case
- A licensed child-caring facility or child-placing agency evaluating placement for or serving a child who is believed to be the victim of an abuse, neglect, or dependency report
- Other medical, psychological, educational, or social service agencies, child care administrators, corrections personnel, or law enforcement agencies, including the county attorney's office, the coroner, and the local child fatality response team that have a legitimate interest in the case
- A noncustodial parent when the dependency, neglect, or abuse is substantiated
- Members of multidisciplinary teams
- Employees or designated agents of a children's advocacy center
- Persons authorized by court order
- The external child fatality and near fatality review panel

Files, reports, notes, photographs, records, electronic and other communications, and working papers used or developed by a children's advocacy center in providing services under this chapter are confidential and shall not be disclosed, except to the following persons:
- Staff employed by the cabinet, law enforcement officers, and Commonwealth's and county attorneys who are directly involved in the investigation or prosecution of the case
- Medical and mental health professionals listed by name in a release of information signed by the guardian of the child, provided that the information shared is limited to that necessary to promote the physical or psychological health of the child or to treat the child for abuse-related symptoms
- The court and persons authorized by a court order
- The external child fatality and near fatality review panel

Nothing in this section shall prohibit a parent or guardian from accessing records for his or her child providing that the parent or guardian is not currently under investigation by a law enforcement agency or the cabinet relating to the abuse of a child.

Nothing in this section shall prohibit employees or designated agents of a children's advocacy center from disclosing information during a multidisciplinary team review of a child sexual abuse case. Persons receiving this information shall sign a confidentiality statement consistent with statutory prohibitions on disclosure of this information.

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. § 620.050**

Information may be publicly disclosed by the cabinet in a case where child abuse or neglect has resulted in a child fatality or near fatality.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

When an adult who is the subject of confidential information publicly reveals or causes to be revealed any significant part of the confidential matter or information, the confidentiality afforded by this section is presumed voluntarily waived. Confidential information and records about the person making or causing the public disclosure, not already disclosed but related to the information made public, may be disclosed if disclosure is in the best interests of the child or is necessary for the administration of the cabinet's duties.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**Louisiana**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Children's Code Art. 616**

Except as provided in this article or Rev. Stat. § 46:56, all records of reports of child abuse or neglect are confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 46:56**

Records of cases of child abuse and neglect may be released to the following:

- Attorneys who are appointed by a court to represent the sole interest of the children
- Court-appointed special advocates
- Foster parents when such information is necessary for the foster parents to properly care for the child
- A court when it is necessary to the determination of an issue before it
- Hospitals, clinics, or schools
- Counterpart agencies in other states engaged in delivering family and children's services
- Local, state, and federal law enforcement agencies, including, but not limited to, military authorities, probation officers, district attorneys, and coroners
- The Louisiana State Board of Dentistry and the Louisiana State Board of Medical Examiners
- A child abuse citizens' review panel or a state child fatality review panel
- An agency engaged in rendering services or treatment to a recipient or former recipient of the department's services
- An agency engaged in enforcing the child abuse and neglect law or prosecuting perpetrators of acts against children in violation of the criminal statutes of this state or of another state or of federal criminal statutes
- A person who is engaged in bona fide professional, academic, or scholarly research
- A duly authorized person conducting an audit of the department
- A former foster child or his or her legal tutor, if the release of such information is in the best interests of the former foster child
- An examining physician who reasonably believes that a child has been abused or neglected
- A committee or subcommittee of the legislature that has subject matter jurisdiction over child protection legislation

Following any investigation by the department of a public or private daycare center, registered family child daycare home, or residential provider, the department may inform the parent or guardian of any child being cared for at the center, home, or residence or the parent or guardian of any child who has applied for placement in the center, home, or residence of a valid finding of child abuse, neglect, or exploitation occurring at the center, home, or residence upon the request of the parent or legal guardian. The department also may advise such parent or legal guardian of a valid finding when it becomes necessary for the department to take adverse action against a center, home, or facility in the interest of the safety and welfare of the children. The department may release to the Department of Education limited information concerning a valid finding of child abuse, neglect, or exploitation occurring at a family child daycare home that is registered by that department.

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. § 46:56**

Notwithstanding any other provision of this section, limited public disclosure of summary information contained in the child abuse or neglect records of the Department of Social Services may be made as follows:

- When there has been a child fatality or near fatality in which abuse or neglect was medically determined by an examining physician to be a contributing factor in the cause of death or near fatality

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- To confirm, clarify, or correct information concerning a case of child abuse or neglect not involving a child fatality or near fatality that has been made public by sources outside of the department
- To the individual who initiated the report if that individual is a mandatory reporter

This paragraph shall not apply when the local district attorney requests that certain information not be released due to its potential to compromise a pending criminal investigation or prosecution or when, in the judgment of the department, disclosure may compromise the integrity of a child protection investigation. However, all information, including, but not limited to, the departmental case records shall be available to the local district attorney for inspection.

The department shall not publicly disclose any information concerning the individual initiating a report or complaint.

**Use of Records for Employment Screening**
**Citation: Rev. Stat. § 46:56**

Upon written request of a caregiver, the department shall disclose limited information contained in child abuse or neglect records or reports to an employer or prospective employer of a person who will be exercising supervisory authority over that employer's minor children or other dependent person as part of that person's employment as a caregiver.

---

**Maine**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. Tit. 22, § 4008**

All records of the Maine Department of Health and Human Services that contain personally identifying information and are created or obtained in connection with the department's child protective activities and activities related to a child while in the care or custody of the department, and all information contained in those records, are confidential and subject to release only as permitted by statute.

Within the department, the records are available only to and may be used only by appropriate departmental personnel and legal counsel for the department in carrying out their functions. Any person who receives department records or information from the department may use the records or information only for the purposes for which that release was intended.

The proceedings and records of the Child Death and Serious Injury Review Panel created in accordance with § 4004(1)(E) are confidential and are not subject to subpoena, discovery, or introduction into evidence in a civil or criminal action. The commissioner shall disclose conclusions of the review panel upon request, but may not disclose data that is otherwise classified as confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. Tit. 22, § 4008**

The department may disclose relevant information in the records to the following persons:

- An agency or person investigating a report of child abuse or neglect
- A law enforcement agency, an employee of the attorney general's office, an employee of any court or court system, a person mandated to report suspected abuse or neglect, a person who has made a report to the department, a person who has provided information to the department or an attorney, guardian ad litem, party, participant, witness, or prospective witness in a child protection proceeding
- A physician treating a child whom he or she reasonably suspects may be abused or neglected
- A child named in a record who is reported to be abused or neglected, the child's parent or custodian, or the subject of the report
- A party to a child protection proceeding, when the records or information is relevant to the proceeding, with protection for identity of reporters and other persons when appropriate
- A parent, custodian, or caregiver of a child when the department believes the child may be at risk of harm from the person who is the subject of the records
- A person having the legal responsibility or authorization to evaluate, treat, educate, care for, or supervise a child, parent, or custodian who is the subject of a record
- A member of a child death review panel or the Domestic Abuse Homicide Review Panel
- Any person engaged in bona fide research
- Any agency or department involved in licensing or approving homes for the placement of children
- The representative designated to provide child welfare services by the tribe of an Indian child

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A person making a report of suspected abuse or neglect
- The local animal control officer or the animal welfare program of the Department of Agriculture, Food, and Rural Resources
- The personal representative of the estate of a child named in a record who is reported to be abused or neglected

The department shall disclose relevant information in the records to the following persons:

- The child's guardian ad litem or attorney
- A court or grand jury on its finding that access to those records may be necessary for the determination of any issue before it
- An appropriate state executive or legislative official with responsibility for child protection services
- The protection and advocacy agency for persons with disabilities
- Prospective adoptive parents
- Upon written request, a person having the legal authorization to evaluate or treat a child, parent, or custodian who is the subject of a record
- Any government entity that needs such information in order to carry out its responsibilities under law to protect children from abuse and neglect
- A juvenile court when the child who is the subject of the records has been brought before it
- A relative or other person whom the department is investigating for possible custody or placement of the child
- A licensing board of a mandated reporter who appears from the record or relevant circumstances to have failed to make a required report
- Law enforcement authorities for entry into the National Crime Information Center database of the Federal Bureau of Investigation and to a national information clearinghouse for missing and exploited children

### When Public Disclosure of Records Is Allowed
Citation: Rev. Stat. Tit. 22, § 4008-A

Notwithstanding any other provision of law, the commissioner, with the advice of the attorney general, may disclose information regarding the abuse or neglect of a child and the investigation of and any services related to the abuse and neglect if the commissioner determines that such disclosure is not contrary to the best interests of the child, the child's siblings, or other children in the household, and any one of the following factors is present:

- The alleged perpetrator of the abuse or neglect has been charged with committing a crime related to the allegation of abuse or neglect maintained by the department.
- A judge, a law enforcement agency official, a district attorney, or another state or local investigative agency or official has publicly disclosed the provision of child welfare services or the investigation by child welfare services of the abuse or neglect of the child.
- An individual who is the parent, custodian, or guardian of the victim or a child victim over 14 years of age has made a prior knowing, voluntary, public disclosure.

The commissioner shall make public disclosure of the findings or information pursuant to this section in situations where child abuse or neglect results in a child fatality or near fatality, with the exception of circumstances, as determined with the advice of the attorney general or appropriate district attorney, in which disclosure of child protective information would jeopardize a criminal investigation or proceeding.

### Use of Records for Employment Screening
Citation: Rev. Stat. Tit. 22, § 4008

The department may disclose relevant information in the records to a person, organization, employer, or agency for the purpose of carrying out a background or employment-related screening of an individual who is or may be engaged in:

- Child-related activities or employment
- Activities or employment relating to adults with intellectual disabilities, autism, or acquired brain injury

The department shall disclose relevant information in the records to the Commissioner of Education when the information concerns teachers and other professional personnel, persons employed by schools, or any employees of schools operated by the Department of Education.

## Maryland

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Family Law § 5-707; Hum. Serv. Code § 1-202**

The Social Services Administration shall provide by regulation procedures for protecting the confidentiality of reports and records made in accordance with this subtitle and conditions under which information may be released.

Except as otherwise provided in Family Law § 5-714, Human Services Code § 1-203, and this section, a person may not disclose a report or record concerning child abuse or neglect.

**Persons or Entities Allowed Access to Records**
**Citation: Family Law §§ 5-714; 5-715; Hum. Serv. Code § 1-202**

The information in a centralized confidential database of cases shall be at the disposal of:
- The protective services staff of the administration
- The protective services staffs of local departments who are investigating a report of suspected abuse or neglec
- An individual or entity specifically authorized by law to access the information

The executive director of the Social Services Administration shall provide to the Secretary of Health and Mental Hygiene identifying information regarding individuals who have had their parental rights to any child terminated and have been identified as responsible for abuse or neglect in a central registry.

A report or record concerning child abuse or neglect shall be disclosed as follows:
- Under a court order
- Under an order of an administrative law judge, if the request for disclosure concerns a case pending before the Office of Administrative Hearings and provisions are made to comply with other state or federal confidentiality laws and to protect the identity of the reporter
- To the Division of Parole and Probation in the Department of Public Safety and Correctional Services if, as a result of a report or investigation of suspected child abuse or neglect, the local Department of Social Services has reason to believe that an individual who lives in or has a regular presence in a child's home is a registered sex offender based on the commission of an offense against a child
- To the Baltimore City Health Department's Office of Youth Violence Prevention for the purpose of providing treatment or care to a child who is the subject of a report of child abuse or neglect

A report or record concerning child abuse or neglect may be disclosed on request to:
- Personnel of the administration or a local department, law enforcement personnel, and members of multidisciplinary case consultation teams, including an addiction specialist, who are investigating a report of known or suspected child abuse or neglect or providing services to a child or family that is the subject of the report
- Local or state officials responsible for the administration of child protective services, or child care, foster care, or adoption licensing, approval, or regulations
- The State Council on Child Abuse and Neglect, the state Citizens Review Board for Children, or a child fatality review team
- A person who is the alleged abuser, if that person is responsible for the child's welfare and provisions are made for the protection of the identity of the reporter
- A licensed practitioner, agency, institution, or program that is providing treatment or care to a child who is the subject of a report of child abuse or neglect
- A parent or other person who has permanent or temporary care and custody of the child
- A public school superintendent or the principal or equivalent employee of a nonpublic school to carry out appropriate personnel or administrative actions following a report of suspected child abuse committed by an employee involving a student
- The director of a licensed child care facility or child-placing agency to carry out appropriate personnel actions following a report of suspected child abuse or neglect alleged to have been committed by an employee
- The Juvenile Justice Monitoring Unit of the Office of the Attorney General
- A licensed practitioner of a hospital or birthing center to make discharge decisions concerning a child
- The president of a Maryland public institution of higher education or the chancellor of the University System of Maryland to carry out appropriate personnel or administrative actions following a report of child abuse committed by an employee

**When Public Disclosure of Records Is Allowed**
**Citation: Hum. Serv. § 1-203**

Notwithstanding any other provision of law, the Department of Human Resources shall, on request, disclose information concerning child abuse or neglect if:

- The information is limited to actions or omissions of the local department, the department, or an agent of the department.
- The child named in a report of abuse or neglect has suffered a fatality or near fatality.
- The department has consulted the State's Attorney's office, and the State's Attorney's office has confirmed that disclosure of the information would not jeopardize or prejudice a related investigation or prosecution.

The information that is authorized to be disclosed includes the following:

- The name of the child who has suffered a fatality
- The date of the report of the alleged child abuse or neglect and of any prior or subsequent reports
- The findings and disposition made by the local department at the conclusion of its investigation
- Any services provided to the alleged abuser, the allegedly abused or neglected child, and the household or family members
- The number of referrals for professional services for the alleged abuser, the allegedly abused or neglected child, and the household or family members
- Any prior adjudication as a child in need of assistance of the child, a sibling of the child, or another child in the household
- The status of any case involving the child that was open at the time of the fatality or near fatality
- A summary of the facts of the fatality or near fatality, including the date of the fatality or near fatality and, in the case of a fatality, the cause of death reported by the medical examiner
- Any information concerning the circumstances of the alleged child abuse or neglect and the investigation of the circumstances, if the department determines that the disclosure is consistent with the public interest

**Use of Records for Employment Screening**
**Citation: Family Law § 5-714; Hum. Serv. Code § 1-202**

Unless an individual has been identified as responsible for abuse or neglect in the centralized confidential database, information in the centralized confidential database may not be provided in response to any request for background information for employment or voluntary service.

A report or record concerning child abuse or neglect may be disclosed by the department to the operator of a licensed child care center or to a registered family child care provider to determine the suitability of an individual for employment in the child care center or family child care home.

---

**Massachusetts**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Laws Ch. 119, §§ 51E & 51F**

The department shall maintain a file of the written reports prepared pursuant to this section and §§ 51A to 51D, inclusive. These written reports shall be confidential.

The department shall maintain a central registry of information sufficient to identify children whose names are reported pursuant to §§ 51A or 51B. Data and information relating to individual cases in the central registry shall be confidential and shall be made available only with the approval of the commissioner or upon court order.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Laws Ch. 119, §§ 51E & 51F**

A copy of the written report of the initial investigation may, upon request and upon the approval of the commissioner, be provided to:

- The child's parent, guardian, or counsel
- The reporting person or agency
- The appropriate review board
- A child welfare agency of another state for the purpose of assisting that agency in determining whether to approve a prospective foster or adoptive parent
- A social worker assigned to the case

No such report shall be made available to any persons other than those enumerated in this section without the written and informed consent of the child's parent or guardian, the written approval of the commissioner, or an order of a court of competent jurisdiction.

A child welfare agency of another state may, upon request and upon the approval of the commissioner, receive a copy of the written report of the initial investigation if the agency has a need for such information in order to carry out its responsibilities under law to protect children from abuse and neglect.

The department may release data and information maintained in the central registry to the child welfare agency of another state upon request of that agency in determining whether to approve a prospective foster or adoptive parent. The commissioner shall establish rules and regulations governing the availability of such data and information. Pursuant to chapter 18C, the child advocate shall have access to the information in the registry.

A child welfare agency of another state may, upon request and upon the approval of the commissioner, receive information from the central registry if the agency has a need for such information in order to carry out its responsibilities under law to protect children from abuse and neglect.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**Michigan**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Comp. Laws § 722.627**

Unless made public as specified, information released under § 722.627d, a written report, document, or photograph filed with the department is a confidential record available only to one of the entities listed below.

**Persons or Entities Allowed Access to Records**
**Citation: Comp. Laws § 722.627**

Confidential information may be made available to:
- A legally mandated public or private child protective agency investigating a report of known or suspected child abuse or neglect or a legally mandated public or private child protective agency or foster care agency prosecuting a disciplinary action against its own employee involving child protective services or foster records
- A police or other law enforcement agency investigating a report of known or suspected child abuse or neglect
- A physician who is treating a child whom the physician reasonably suspects may be abused or neglected
- A person legally authorized to place a child in protective custody when the person is confronted with a child whom the person reasonably suspects may be abused or neglected
- A person, agency, or organization, including a multidisciplinary case consultation team
- A person named in the report or record as a perpetrator or alleged perpetrator or a victim who is an adult at the time of the request
- A court or grand jury that determines the information is necessary to decide an issue before it
- A person, agency, or organization engaged in a bona fide research or evaluation project
- A lawyer-guardian ad litem or other attorney
- A standing or select committee or appropriations subcommittee of either house of the legislature having jurisdiction over child protective services matters
- The children's ombudsman
- A child fatality review team
- A county medical examiner or deputy county medical examiner
- A citizen review panel
- A child care regulatory agency
- A foster care review board
- A local friend of the court office

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A department employee actively representing himself or herself in a disciplinary action, a labor union representative who is actively representing a department employee in a disciplinary action, or an arbitrator or administrative law judge conducting a hearing involving a department employee's dereliction, malfeasance, or misfeasance of duty for use solely in connection with that action or hearing
- A federal or state governmental agency that may, by law, conduct an audit or similar review of the department's activities under this act
- A children's advocacy center in the course of providing services to a child alleged to have been the victim of child abuse or neglect or to that child's family

## When Public Disclosure of Records Is Allowed
**Citation: Comp. Laws § 722.627d**

The director may release specified information under this section if there is clear and convincing evidence that either of the following is true:

- The release of the specified information is in the best interests of the child to whom the information relates.
- The release of the specified information is not in conflict with the best interests of the child to whom the information relates, and one or more of the following are true:
  » The release is in the best interests of a member of the child's family or of an individual who resides in the same home in which the child resides. The child's family includes the child's parents, legal guardians, grandparents, and siblings.
  » The release clarifies actions taken by the department on a specific case.
  » The report or record concerns a child who has died or concerns a member of that child's family.
  » All or part of the report or record is publicly disclosed in a judicial proceeding.
  » A child abuse or neglect complaint or investigation to which the report or record relates has been part of the subject matter of a published or broadcast media story.
  » The report or record concerns a substantiated report of sexual abuse, serious injury, or life-threatening harm involving the child or a sibling of the child identified in the request.

## Use of Records for Employment Screening
**Citation: Comp. Laws § 722.627**

Access to confidential records may be provided to:

- A child-placing agency for the purpose of investigating an applicant for adoption, a foster care applicant or licensee, an employee of a foster care applicant or licensee, an adult member of an applicant's or licensee's household, or other persons in a foster care or adoptive home who are directly responsible for the care and welfare of children to determine suitability of a home for adoption or foster care
- Family division of circuit court staff authorized by the court to investigate foster care applicants and licensees, employees of foster care applicants and licensees, adult members of the applicant's or licensee's household, and other persons in the home who are directly responsible for the care and welfare of children for the purpose of determining the suitability of the home for foster care

## Minnesota

*Current Through June 2017*

## Confidentiality of Records
**Citation: Ann. Stat. § 626.556, Subd. 11**

All records concerning individuals maintained by a local welfare agency or agency responsible for assessing or investigating a report of child abuse or neglect, including any written reports, shall be private data on individuals, except for copies of reports that are required to be sent to the local police department or the county sheriff. All records concerning determinations of maltreatment by a facility are nonpublic data as maintained by the Department of Education, except for as copies of reports that are required to be sent to the local police department or the county sheriff. Reports maintained by any police department or the county sheriff shall be private data on individuals, except the reports shall be made available to the investigating, petitioning, or prosecuting authority, including county medical examiners or county coroners.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 626.556, Subd. 10g, 10h, 10j, 10k, & 11**

All reports and records created, collected, or maintained under this section by a local social service agency or law enforcement agency may be disclosed to a child welfare agency of another state when the agency certifies that:

- The reports and records are necessary to conduct an investigation of sexual abuse, physical abuse, or neglect.
- The reports and records will be used only for purposes of a child protection assessment or investigation and will not be further disclosed to any other person or agency.

A local welfare agency may release private or confidential data on an active case involving an assessment or investigation of sexual abuse, physical abuse, or neglect to a court services agency if:

- The court services agency has an active case involving a common client or clients who are the subject of the data.
- The data are necessary for the court services agency to effectively process the court services' case, including investigating or performing other duties relating to the case required by law.

A local social services or child protection agency, or the agency responsible for assessing or investigating the report of maltreatment, shall provide relevant private data on individuals obtained under this section to a mandated reporter who made the report and who has an ongoing responsibility for the health, education, or welfare of a child affected by the data, unless the agency determines that providing the data would not be in the best interests of the child. The agency may provide the data to other mandated reporters with ongoing responsibility for the health, education, or welfare of the child. Mandated reporters with ongoing responsibility for the health, education, or welfare of a child affected by the data include the child's teachers or other appropriate school personnel, foster parents, health care providers, respite care workers, therapists, social workers, child care providers, residential care staff, crisis nursery staff, probation officers, and court services personnel.

Records may be shared with another local welfare agency that requests the information because it is conducting an assessment or investigation of the subject of the records. Reports and records may be made available to the following:

- The investigating, petitioning, or prosecuting authority, including county medical examiners or county coroners
- An individual subject of a record, except that the name of the reporter shall be confidential
- A legislative auditor
- The Commissioner of Education when the data is requested pursuant to an assessment or investigation of a maltreatment report of a student in a school

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 626.556, Subd. 11d**

A public agency shall disclose to the public, upon request, the findings and information related to a child fatality or near fatality if:

- A person is criminally charged with having caused the child fatality or near fatality.
- A county attorney certifies that a person would have been charged with having caused the child fatality or near fatality but for that person's death.
- A child protection investigation resulted in a determination of child abuse or neglect.

The findings and information that may be disclosed consist of a written summary that includes any of the following information the agency is able to provide:

- The cause and circumstances regarding the child fatality or near fatality
- The age and gender of the child
- Information on any previous reports of child abuse or neglect that are pertinent to the abuse or neglect that led to the child fatality or near fatality
- Information on any previous investigations that are pertinent to the abuse or neglect that led to the child fatality or near fatality
- The results of any previous investigations
- The actions of and the services provided by the local social services agency on behalf of a child that are pertinent to the child abuse or neglect that led to the child fatality or near fatality
- The results of any review of the state child mortality review panel, a local child mortality review panel, a local community child protection team, or any public agency

Nothing in this subdivision authorizes access to the private data in the custody of a local social services agency; the disclosure to the public of the records or content of any psychiatric, psychological, or therapeutic evaluations; or the disclosure of information that would reveal the identities of persons who provided information related to abuse or neglect of the child.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

## Mississippi

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Code §§ 43-21-257; 43-21-261**

Any record involving children, including valid and invalid complaints, and the contents thereof maintained by the Department of Human Services or any other state agency shall be kept confidential and shall not be disclosed except as provided by law.

The central registry shall be confidential and shall not be open to public inspection.

Records involving children shall not be disclosed other than to necessary staff of the youth court or a court-appointed special advocate volunteer that may be assigned in an abuse and neglect case, except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent of the records that may be disclosed, and the purpose of the disclosure.

### Persons or Entities Allowed Access to Records
**Citation: Ann. Code § 43-21-261**

Court orders for disclosure of child abuse records shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety, or the functioning of the youth court and then only to the following persons:

- The judge of another youth court or member of another youth court staff
- The court of the parties in a child custody or adoption case in another court
- A judge of any other court or members of another court staff
- A public or private agency providing supervision or having custody of the child
- Any person engaged in bona fide research
- Any person, pursuant to a finding by a judge of the youth court of compelling circumstances affecting the health, safety, or well-being of a child, and that such disclosure to this person is in the best interests of the child
- The parent, guardian, or custodian of the child who is the subject of a youth court case or any attorney for such person
- The youth court prosecutor, county attorney, district attorney, youth court defender, or any attorney representing a child
- Any interagency child abuse task force
- Any member of a foster care review board

The department shall disclose any and all records resulting from an investigation into suspected child abuse or neglect to:

- A county prosecuting attorney or district attorney when the case has been referred for criminal prosecution
- A court of competent jurisdiction
- The Division of Victim Compensation of the Office of the Attorney General for purposes of determination of eligibility for victim compensation benefits
- Any attorney, physician, dentist, intern, resident, nurse, psychologist, social worker, family protection worker, family protection specialist, child caregiver, minister, law enforcement officer, or public or private school employee making the report if the reporter has a continuing professional relationship with the child and a need for such information in order to protect or treat the child

### When Public Disclosure of Records Is Allowed
**Citation: Ann. Code § 43-21-261**

In every case in which there is any indication or suggestion of either abuse or neglect, and a child's physical condition is medically labeled as medically 'serious' or 'critical' or a child dies, the confidentiality provisions of this section shall not apply.

In cases of child deaths, the following information may be released by the Mississippi Department of Human Services:

- The child's name, address, or location
- Verification from the Department of Human Services of case status (no case or involvement, case exists, open or active case, case closed)
- If a case exists, the type of report or case (physical abuse, neglect, etc.), date of intake(s) and investigation(s), and case disposition (substantiated or unsubstantiated)

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

Notwithstanding the above, the confidentiality provisions of this section shall continue if there is a pending or planned investigation by any local, state, or federal governmental agency or institution.

**Use of Records for Employment Screening**
**Citation: Ann. Code § 43-21-257**

The Mississippi State Department of Health may release the findings of investigations into allegations of abuse within licensed daycare centers to any parent of a child who is enrolled in the daycare center at the time of the alleged abuse or at the time the request for information is made. The findings of any such investigation also may be released to parents who are considering placing children in the daycare center.

## Missouri

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 210.150**

The Children's Division shall ensure the confidentiality of all reports and records maintained by the division; its local offices; the central registry; and other appropriate persons, officials, and institutions.

To protect the rights of the family and the child named in the report as a victim, the Children's Division shall establish guidelines that will ensure that any disclosure of information concerning the abuse and neglect involving that child is made only to persons or agencies that have a right to such information.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 210.150**

Only the following persons shall have access to investigation records contained in the central registry:

- Appropriate federal, state, or local criminal justice agency personnel
- A physician who reasonably believes that the child being examined may be abused or neglected
- Appropriate staff of the division and of its local offices, including interdisciplinary teams
- Any child named in the report as a victim or a legal representative, the parent if not the alleged perpetrator, or guardian of such person when such person is a minor
- Any alleged perpetrator named in the report
- A grand jury, juvenile officer, prosecuting attorney, or law enforcement officer involved in the investigation of child abuse or neglect
- A juvenile court or other court
- Other federal, state, and local government entities
- Any person engaged in bona fide research
- Any child fatality review panel
- Appropriate staff of the division
- Appropriate criminal justice agency personnel or juvenile officer
- Multidisciplinary agency
- An individual including a physician or physician's designee who is providing services to the child or family

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 210.150**

Nothing in this section shall preclude the release of findings or information about cases that resulted in a child fatality or near fatality. Such release is at the sole discretion of the director of the Department of Social Services based upon a review of the potential harm to other children within the immediate family.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 210.150**

The following may request an examination of the central registry:

- Any child care facility; child-placing agency; residential care facility, including group homes; juvenile courts; public or private schools; or any other public or private agency exercising temporary supervision over a child or providing or having care or custody of a child, for all employees, volunteers, or prospective employees and volunteers who do or will provide services to children

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- Any agency or business that provides training and places or recommends people for employment or for volunteers in positions where they will provide services or care to children
- Any parent or legal guardian about a specific person or child care facility who does or may provide services or care to his or her child
- Any person who inquires about a specific child care facility, child-placing agency, residential care facility, public and private schools, juvenile court, or other state agency
- Any state agency regarding a license of any person, institution, or agency that provides care for or services to children

## Montana

*Current Through June 2017*

### Confidentiality of Records
### Citation: Ann. Code § 41-3-205

The case records of the department and its local affiliate, the local office of public assistance, the county attorney, and the court concerning actions taken under this chapter and all records concerning reports of child abuse and neglect must be kept confidential except as provided by this section.

A person who is authorized to receive records under this section shall maintain the confidentiality of the records and may not disclose information in the records to anyone other than the persons described below. However, this subsection may not be construed to compel a family member to keep the proceedings confidential.

### Persons or Entities Allowed Access to Records
### Citation: Ann. Code § 41-3-205

Records may be disclosed to the following persons or entities in this state and any other state or country:

- A department, agency, ombudsman, or organization, including a federal agency, military enclave, or Indian tribal organization, that is authorized to receive, inspect, or investigate reports of child abuse or neglect
- A licensed youth care facility or child-placing agency that is providing services to the family or child who is the subject of a report for determining the best interests of a child with respect to an adoptive placement
- A health or mental health professional who is treating the family or child
- A parent, grandparent, aunt, uncle, brother, sister, guardian, mandatory reporter, person designated by a parent or guardian, or other person responsible for the child's welfare
- A child named in the records or the child's legal guardian or legal representative, including the child's guardian ad litem, attorney, or special advocate
- The state protection and advocacy program
- Approved foster and adoptive parents who are or may be providing care for a child
- A person named in a report and that person's attorney
- An agency, including a probation or parole agency, that is legally responsible for the supervision of an alleged perpetrator of child abuse or neglect
- A person, agency, or organization that is engaged in bona fide research or evaluation
- The members of an interdisciplinary child protective team or a family group decision-making meeting
- The coroner or medical examiner
- A child fatality review team, including the Child Abuse and Neglect Review Commission
- An employee of the department or other state agency if disclosure of the records is necessary for administration of its programs
- An agency of an Indian tribe or the relatives of an Indian child, if disclosure of the records is necessary to meet requirements of the Federal Indian Child Welfare Act
- A youth probation officer who is working in an official capacity with the child who is the subject of a report
- An attorney who represents the department
- A foster care review committee or a citizen review board
- A school employee participating in an interview of a child by a social worker, county attorney, or peace officer
- A member of a county interdisciplinary child information team and school safety team
- Members of a local interagency staffing group

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A member of a youth placement committee
- A principal of a school or other employee of the school district with respect to a student of the district who is a client of the department
- A member of the United States congress or the Montana legislature

The confidentiality provisions of this section must be construed to allow a court of this state to share information with other courts of this state or of another state when necessary to expedite the interstate placement of children.

Case records must be promptly released to any of the following individuals upon a written request to the department:

- The attorney general
- A county attorney or deputy county attorney of the county in which the alleged abuse or neglect occurred
- A peace officer in the jurisdiction in which the alleged abuse or neglect occurred
- The Office of the Child and Family Ombudsman

Case records must be promptly disclosed by the department to an appropriate individual described above or to a county interdisciplinary child information team upon the department's receipt of a report indicating that any of the following has occurred:

- The death of the child as a result of child abuse or neglect
- A sexual offense against the child
- Exposure of the child to a violent offense
- Child abuse or neglect due to exposure of the child to the criminal manufacture or distribution of dangerous drugs

### When Public Disclosure of Records Is Allowed
**Citation: Ann. Code § 41-3-205**

Records may be disclosed to a court for an in camera inspection if it is relevant to an issue before it. The court may permit public disclosure if it finds disclosure to be necessary for the fair resolution of an issue before it.

Records may be disclosed to the news media, if disclosure is limited to confirmation of factual information regarding how the case was handled and if disclosure does not violate the privacy rights of the child or the child's parent or guardian, as determined by the department. A news organization or its employee, including a freelance writer or reporter, is not liable for reporting facts or statements made by an immediate family member if the news organization, employee, writer, or reporter maintains the confidentiality of the child who is the subject of the proceeding.

### Use of Records for Employment Screening
**Citation: Ann. Code § 41-3-205**

Records may be disclosed to:

- A department or agency investigating an applicant for a license or registration that is required to operate a youth care facility, daycare facility, or child-placing agency
- A person or entity that is carrying out background, employment-related, or volunteer-related screening of current or prospective employees or volunteers who have or may have unsupervised contact with children through employment or volunteer activities

### Nebraska

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Stat. § 28-725**

All information of the department concerning reports of child abuse or neglect of noninstitutional children, including information in the tracking system of child protection cases maintained pursuant to § 28-715, records in the central registry of child protection cases maintained pursuant to § 28-718, and all information of the department generated as a result of such reports or records shall be confidential and shall not be disclosed except as specifically authorized by law.

The subject of the report of child abuse or neglect may authorize any individual or organization to receive the following information from the central registry of child protection cases that relates or pertains to him or her:

- The date of the alleged child abuse or neglect
- The classification of the case pursuant to § 28-720

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway. This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. §§ 28-722; 28-726; 28-727**

Upon request, a subject of the report of child abuse or neglect or, if such subject is a minor or otherwise legally incompetent, the guardian or guardian ad litem of the subject, shall be entitled to receive a copy of all information contained in the central registry of child protection cases pertaining to his or her case. The department shall not release data that would be harmful or detrimental or that would identify or locate a person who, in good faith, made a report of child abuse or neglect or cooperated in a subsequent investigation unless ordered to do so by a court of competent jurisdiction.

No person, official, or agency shall have access to information in the tracking system of child protection cases or in records in the central registry of child protection cases unless in furtherance of purposes directly connected with the administration of the Child Protection and Family Safety Act. Such persons, officials, and agencies having access to such information shall include, but not be limited to:

- A law enforcement agency investigating a report of known or suspected child abuse or neglect
- A county attorney in preparation of a child abuse or neglect petition or termination of parental rights petition
- A physician who has before him or her a child whom he or she reasonably suspects may be abused or neglected
- An agency having the legal responsibility or authorization to care for, treat, or supervise an abused or neglected child
- A parent, guardian, or other person responsible for the welfare of an abused or neglected child who is the subject of the report of child abuse or neglect
- Any person engaged in bona fide research or auditing
- The Foster Care Review Office and local foster care review board when the information relates to a child in a foster care placement
- The designated protection and advocacy system, authorized pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (42 U.S.C. § 15001) and the Protection and Advocacy for Mentally Ill Individuals Act (42 U.S.C. § 10801), acting upon a complaint received from or on behalf of a person with developmental disabilities or mental illness
- The person or persons having custody of the abused or neglected child in situations of alleged out-of-home child abuse or neglect
- For purposes of licensing providers of child care programs, the Department of Health and Human Services
- A probation officer administering juvenile intake services who is conducting court-ordered predispositional investigations prior to disposition or supervising a juvenile upon disposition

Upon request, a physician or the person in charge of an institution, school, facility, or agency making a legally mandated report of child abuse or neglect shall receive a summary of the findings of and actions taken by the department in response to his or her report. The amount of detail such summary contains shall depend on the source of the report of child abuse or neglect and shall be established by regulations of the department.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 81-3126**

The Department of Health and Human Services may disclose information regarding child abuse or neglect and the investigation of and any services related to the child abuse and neglect if he or she determines that such disclosure is not contrary to the best interests of the child, the child's siblings, or other children in the household, and any one of the following factors is present:

- The alleged perpetrator has been charged with committing a crime related to the report of child abuse or neglect.
- A judge, law enforcement agency official, county attorney, or another state or local investigative agency or official has publicly disclosed the provision of services related to or the investigation of the child abuse or neglect.
- An individual who is the parent, custodian, foster parent, provider, or guardian of the victim, or a child victim over age 14 has made a prior knowing, voluntary, and public disclosure.
- The information relates to a child fatality or near fatality.
- The information is released to confirm, clarify, or correct information concerning an allegation or actual instance of child abuse or neglect that has been made public by sources outside of the department.
- A child who is in the custody of the department is missing from his or her placement, in which case the department may release the name and physical description of the child.

The department may release the results of criminal history record checks that have been completed by the department as authorized by law.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The best interests of the child, the child's siblings, or other children in the household does not allow the disclosure of information that would impede a pending or current criminal investigation by a law enforcement agency.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 28-726**

The Department of Health and Human Services Regulation and Licensure may access the records for the purpose of licensing providers of child care programs.

## Nevada

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 432B.280**

Information maintained by an agency that provides child welfare services, including, without limitation, reports and investigations made pursuant to this chapter, is confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 432B.290**

Data or information concerning reports and investigations may be made available only to:

- A physician who has reasonable cause to believe that a child has been abused or neglected
- A person authorized to place a child in protective custody who requires the information to determine whether to place the child in protective custody
- An agency, including an agency in another jurisdiction, responsible for or authorized to undertake the care, treatment, or supervision of the child or a person responsible for the welfare of the child
- A district attorney or other law enforcement officer who requires the information for an investigation or prosecution of the abuse or neglect of a child
- A court when it is necessary for the determination of an issue before it
- A person engaged in bona fide research or an audit
- The attorney and the guardian ad litem of the child
- The proposed guardian of a child over whom a guardianship is sought and the information is reasonably necessary to promote the safety, permanency, and well-being of the child
- A grand jury when it is necessary in the conduct of its official business
- A federal, state, or local governmental entity when needed to carry out its legal responsibilities to protect children from abuse and neglect
- A person or organization that has entered into a written agreement with an agency that provides child welfare services to provide assessments or services
- A child protection team
- A child death review team
- A parent or legal guardian of the child and an attorney of a parent or guardian of the child
- The child over whom a guardianship is sought, if the child is age 14 or older, the identity of the person making the report is kept confidential, and the information is reasonably necessary to promote the safety, permanency, and well-being of the child
- The persons who are the subject of a report
- An agency that is authorized by law to license foster homes or facilities for children or to investigate persons applying for approval to adopt a child
- Upon written consent of the parent, any officer of this state, city, or county or legislator when needed to investigate the activities or programs of an agency that provides child welfare services
- The Division of Parole and Probation of the Department of Public Safety for use in making a presentence investigation and report to the district court or in making a general investigation and report
- Any mandated reporter who made a report of abuse involving the subject child
- The rural advisory board or a local advisory board to expedite proceedings for the placement of children
- The panel established pursuant to § 432B.396 to evaluate agencies that provide child welfare services

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- An employer in accordance with § 432.100
- A team organized to review the death of the victim of a crime that constitutes domestic violence
- The Committee on Domestic Violence
- The Committee to Review Suicide Fatalities

The provisions of this section must not be construed to require a child welfare agency to disclose information maintained by the agency if, after consultation with the attorney who represents the agency, the agency determines that the disclosure would cause a specific and material harm to a criminal investigation.

A person may authorize the release of information maintained by a child welfare agency about himself or herself, but may not waive the confidentiality of such information concerning any other person.

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. § 432B.175**

Data or information concerning reports and investigations must be made available to any member of the general public upon request if the child who is the subject of a report of abuse or neglect suffered a fatality or near fatality. The data that must be disclosed include, without limitation:

- A summary of the report of abuse or neglect and a factual description of the contents of the report
- The date of birth and gender of the child
- The date that the child suffered the fatality or near fatality
- The cause of the fatality or near fatality, if the cause has been determined
- Whether the agency that provides child welfare services had any contact with the child or a member of the child's family or household before the fatality or near fatality and, if so:
  » The frequency of the contact or communication
  » Whether the agency provided any child welfare services or made any referrals for services for the child or a member of the child's family or household before or at the time of the fatality or near fatality
  » Whether the agency took any other actions concerning the welfare of the child
  » A summary of the status of the child's case at the time of the fatality or near fatality
  » Whether the agency, in response to the fatality or near fatality, has provided or intends to provide services, make a referral for services, or take any other action concerning the welfare and safety of the child or child's family

The agency shall not disclose the following information:

- The identity of the person responsible for making the report
- The name of the child or any member of the family or household
- A privileged communication between an attorney and client
- Information that may undermine a criminal investigation or pending criminal prosecution

**Use of Records for Employment Screening**
**Citation: Rev. Stat. § 432.100**

The division may release information contained in the central registry to an employer when:

- The person who is the subject of a background investigation by the employer provides written authorization for the release of the information.
- Either of the following apply:
  » The employer is required by law to conduct the background investigation of the person for employment purposes.
  » The person who is the subject of the background investigation could, in the course of his or her employment, have regular and substantial contact with children or regular and substantial contact with elderly persons who require assistance or care from other persons.

The release of information is allowed only to the extent necessary to inform the employer whether the person who is the subject of the background investigation has been found to have abused or neglected a child.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## New Hampshire

*Current Through June 2017*

### Confidentiality of Records
**Citation: Rev. Stat. §§ 169-C:35; 170-G:8-a**

Records in the state registry shall be confidential and subject to rules on access established by the commissioner of the Department of Health and Human Services under § 541-A.

The case records of the department shall be confidential.

### Persons or Entities Allowed Access to Records
**Citation: Rev. Stat. § 170-G:8-a**

The department shall provide access to the case records to the following persons, unless the commissioner determines that the harm to the child named in the case record resulting from the disclosure outweighs the need for the disclosure presented by the person requesting access:

- The child and the parent, guardian, or custodian of the child named in the case record
- Another family member of the child named in the case record, if disclosure is necessary for the provision of services to the child or other family member
- Employees of the department and their legal counsel
- Persons made parties to judicial proceedings in New Hampshire relative to the child or family, whether civil or criminal, including the court with jurisdiction over the proceeding, any attorney for any party, and any guardian ad litem
- A grand jury when it is necessary in the conduct of its official business
- The relevant county
- Another state's child welfare agency, other government entity, or any law enforcement agency, including local and out-of-state law enforcement agencies, that requires the information in order to carry out its responsibility under law to protect children from abuse or neglect, including the investigation of child fatalities
- A person or entity requested by the department or ordered by the court to perform an evaluation or assessment; to create a service plan; or to provide services for the child, the child's family, or a member of the child's family
- The superintendent of schools for the school district in which the child named in the case record is or will be attending school
- The person or entity with whom the child resides, if that person is not the child's parent, guardian, or custodian
- A physician who reasonably suspects that a child may be abused or neglected
- A state official who is responsible for the provision of services to children and families
- A legislative official who has been granted specific responsibility for oversight of legislation related to the provision of services to children and families
- A person conducting a bona fide research or evaluation project
- Any person making a report of suspected child abuse or neglect

For the purposes of this section, the term 'law enforcement agency' includes the attorney general, a county attorney, a county sheriff, the state police, and any local police department.

### When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

### Use of Records for Employment Screening
**Citation: Rev. Stat. §§ 169-C:35; 170-G:8-c**

Upon receipt of a written request from a court in conjunction with a petition for guardianship of a minor or from a child welfare agency or private adoption agency in another state to check the central registry for information on a prospective foster or adoptive parent or any other adult living in the home, the department shall conduct the requested check and shall provide the requesting court, state, or private adoption agency with the results of the check.

Upon the receipt of a written request from another state's lead child care agency to check the name of a child care provider, child care staff member, or prospective child care staff member in its state against the department's state registry of founded reports of abuse and neglect, the department shall conduct the requested check and shall provide the results of the check to the requesting state's lead agency.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The department shall, prior to adding new or transferred staff members whose job descriptions would cause them to come into direct contact with children, submit the names, birth names, birth dates, and addresses of such individuals for review against the state registry of founded abuse and neglect reports.

## New Jersey

*Current Through June 2017*

### Confidentiality of Records
### Citation: Ann. Stat. § 9:6-8.10a

All records of child abuse reports, all information obtained by the Department of Children and Families in investigating such reports, and all reports of findings forwarded to the child abuse registry shall be kept confidential.

The department shall disclose information only as authorized by the section that is relevant to the purpose for which the information is required, as long as nothing is disclosed that would likely endanger the life, safety, or physical or emotional well-being of a child or the life or safety of any other person or that may compromise the integrity of a department investigation, a civil or criminal investigation, or judicial proceeding.

### Persons or Entities Allowed Access to Records
### Citation: Ann. Stat. § 9:6-8.10a

Records and reports may be released to:

- A child protective agency or law enforcement agency investigating a report of child abuse or neglect
- A physician who reasonably suspects that a child may be abused or neglected
- A physician, police officer, or any other person authorized to place a child in protective custody when needed to determine whether to place a child in protective custody
- An agency authorized to care for, treat, assess, evaluate, or supervise a child who is the subject of a child abuse report, or a parent, guardian, resource family parent, or other person who is responsible for the child's welfare, or both, when the information is needed in connection with the provision of care, treatment, assessment, evaluation, or supervision to such child or such parent, guardian, or resource family parent
- A court or the Office of Administrative Law when it is necessary for determination of an issue before it
- A grand jury when it is necessary in the conduct of its official business
- Any appropriate state legislative committee acting in the course of its official functions
- The Victims of Crime Compensation Board, for the purpose of providing services to a child victim who is the subject of a report
- Any person appealing a department service or status action or a substantiated finding of child abuse or neglect and his or her attorney or authorized lay representative
- The members of a county multidisciplinary team
- A person being evaluated by the department or the court as a potential caregiver to determine whether that person is willing and able to provide the care and support required by the child
- The legal counsel of a child, parent, or guardian
- A person who has reported suspected child abuse or neglect
- A parent, resource family parent, or legal guardian when the information is needed in a department matter in which that parent, resource family parent, or legal guardian is directly involved
- A federal, state, or local government entity, to the extent necessary to carry out its responsibilities
- Citizen review panels
- The Child Fatality and Near Fatality Review Board
- Members of a family team or other case-planning group for the purpose of addressing the child's safety, permanency, or well-being
- A child who is the subject of a report, as appropriate to the child's age or condition, to enable the child to understand the basis for the department's involvement
- Any person engaged in bona fide research

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 9:6-8.10a**

The department may disclose to the public the findings or information about a case of child abuse or neglect that has resulted in a child fatality or near fatality. Nothing may be disclosed that would likely endanger the life, safety, or physical or emotional well-being of a child or the life or safety of any other person or that may compromise the integrity of a department investigation or a civil or criminal investigation or judicial proceeding.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 9:6-8.10a**

Records may be accessed by:

- A family daycare-sponsoring organization for the purpose of providing information on child abuse or neglect allegations involving prospective or current providers or household members and, as necessary, for use in administrative appeals related to information obtained through a child abuse registry search
- Any person or entity mandated to consider child abuse or neglect information when conducting a background check or employment-related screening of an individual employed by or seeking employment with an agency or organization providing services to children
- Any person or entity conducting a disciplinary, administrative, or judicial proceeding to determine terms of employment or continued employment of an officer, employee, or volunteer with an agency or organization providing services for children

The department shall release records and reports to a unified child care agency for the purpose of providing information on child abuse or neglect allegations involving a prospective approved home provider or any adult household member to a child's parent when the information is necessary for the parent to make a decision concerning the placement of the child in an appropriate child care arrangement.

## New Mexico

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 32A-4-33**

All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse, or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding shall be confidential and closed to the public.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 32A-4-33**

The records described above shall be disclosed only to the parties and:

- Court personnel and persons authorized by the court to review, inspect, or otherwise have access to records or information in the court's possession
- Court-appointed special advocates
- The child's guardian ad litem
- The attorney representing the child in an abuse or neglect action, a delinquency action, or any other action under the Children's Code
- Personnel of the Children, Youth and Families Department and persons or entities authorized by contract with the department to review, inspect, or otherwise have access to records or information in the department's possession
- Any local substitute care review board or any agency contracted to implement local substitute care review boards
- Law enforcement officials
- District attorneys
- Any state government social services agency in any state or when, in the opinion of the department it is in the best interests of the child, a governmental social services agency of another country
- Those persons or entities of an Indian tribe specifically authorized to inspect the records pursuant to the Federal Indian Child Welfare Act of 1978 or any regulations promulgated thereunder

- A foster parent, if the records are those of a child currently placed or being considered for placement with that foster parent and the records concern the social, medical, psychological, or educational needs of the child
- School personnel involved with the child if the records concern the child's social or educational needs
- A grandparent, parent of a sibling, relative, or fictive kin, if the records or information pertain to a child being considered for placement with that grandparent, parent of a sibling, relative, or fictive kin, and the records or information concern the social, medical, psychological, or educational needs of the child
- Health-care or mental health professionals involved in the evaluation or treatment of the child or of the child's parents, guardian, custodian, or other family members
- Protection and advocacy representatives pursuant to the Federal Developmental Disabilities Assistance and Bill of Rights Act and the Federal Protection and Advocacy for Mentally Ill Individuals Amendments Act of 1991
- Children's safehouse organizations conducting investigatory interviews of children on behalf of a law enforcement agency or the department
- Representatives of the federal government or their contractors authorized by federal statute or regulation to review, inspect, audit, or otherwise have access to records and information pertaining to neglect or abuse proceedings
- Any person or entity attending a meeting arranged by the department to discuss the safety, well-being, and permanency of a child, when the parent or child or parent or legal custodian on behalf of a child younger than age 14 has consented to the disclosure
- Any other person or entity, by order of the court, having a legitimate interest in the case or the work of the court

A parent, guardian, or legal custodian whose child has been the subject of an investigation of abuse or neglect, when no petition has been filed, shall have the right to inspect any medical report, psychological evaluation, law enforcement reports, or other investigative or diagnostic evaluation provided that any identifying information related to the reporting party or any other party providing information shall be deleted. The parent, guardian, or legal custodian also shall have the right to the results of the investigation and the right to petition the court for full access to all department records and information, except those records and information the department finds would be likely to endanger the life or safety of any person providing information to the department.

## When Public Disclosure of Records Is Allowed
Citation: Ann. Stat. § 32A-4-33.1

After learning that there is reasonable suspicion that a child fatality was caused by abuse or neglect, the department shall release the following information within 5 business days:

- The age and gender of the child
- The date of death
- Whether the child was in foster care or in the home of the child's parent or guardian at the time of death
- Whether an investigation is being conducted by the department

Upon completion of a child abuse or neglect investigation into a child's death, if it is determined that abuse or neglect caused the child's death, the following documents shall be released upon request:

- A summary of the department's investigation
- A law enforcement investigation report, if in the department's possession
- A medical examiner's report, if in the department's possession

Prior to releasing any document, the department shall consult with the district attorney and shall redact:

- Information that would, in the opinion of the district attorney, jeopardize a criminal investigation or proceeding
- Identifying information related to a reporting party or any other party providing information
- Information that is privileged, confidential, or not subject to disclosure pursuant to any other state or federal law

Once documents have been released, the department may comment on the case within the scope of the release. Information released by the department consistent with the requirements of this section does not require prior notice to any other individual.

Nothing in this section shall be construed as requiring the department to obtain documents that are not in the abuse and neglect case file.

## Use of Records for Employment Screening

This issue is not addressed in the statutes reviewed.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**New York**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Soc. Serv. Law § 422**

Reports made pursuant to this title as well as any other information obtained, reports written, or photographs taken concerning such reports in the possession of the Office of Children and Family Services or local departments shall be confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Soc. Serv. Law § 422**

Reports and information shall be made available to only the following:

- A physician who reasonably suspects that a child may be abused or maltreated
- A person authorized to place a child in protective custody when it is needed to determine whether to place the child in protective custody
- A duly authorized agency having the responsibility for the care or supervision of a child who is reported to the central register
- Any person who is the subject of the report or other persons named in the report
- A court when it is necessary for the determination of an issue before it
- A grand jury when it is necessary for the determination of charges
- Any appropriate state legislative committee responsible for child protective legislation
- Any person engaged in bona fide research
- A provider agency or a licensing agency
- The Justice Center for the Protection of People with Special Needs in connection with an investigation being conducted by the center
- A probation service conducting an investigation in which there is reason to suspect the child or the child's sibling may have been maltreated and such child or sibling, parent, guardian, or other person legally responsible for the child is a person named in an indicated report
- A district attorney, an assistant district attorney, investigator, an officer of the state police, the regional state park police, a city police department, or a sheriff's office when such information is necessary to conduct a criminal investigation or prosecution of a person
- The New York City Department of Investigation
- A provider or coordinator of services to which a child or a child's family have been referred when it is necessary to enable the provider or coordinator to establish and implement a plan of service for the child or the child's family, to monitor the provision and coordination of services, or to directly provide services
- A disinterested person making an adoption investigation
- A criminal justice agency conducting an investigation of a missing child where there is reason to suspect such child or such child's sibling, parent, guardian, or other person legally responsible for such child is a person named in an indicated report of child maltreatment and that such information is needed to further such investigation
- A child protective service of another state when necessary to conduct a child abuse investigation within its jurisdiction
- An attorney appointed to represent the child
- A child care resource and referral program
- Officers and employees of the state comptroller, the city comptroller of the city of New York, or the county officer for purposes of a duly authorized performance audit
- Members of a local or regional fatality review team, a local or regional multidisciplinary investigative team, or a citizen review panel
- An entity with appropriate legal authority in another state to license, certify, or otherwise approve prospective foster and adoptive parents when disclosure of information regarding the prospective foster or adoptive parents and other persons over age 18 residing in the home of such prospective parents is required by federal law
- A social services official who is investigating whether an adult is in need of protective services when such official has reasonable cause to believe that adult may be in need of protective services due to the conduct of an individual or individuals who had access to the adult when the adult was a child

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**When Public Disclosure of Records Is Allowed**
**Citation: Soc. Serv. Law § 422-a**

A commissioner may disclose information regarding the abuse or maltreatment of a child when such disclosure shall not be contrary to the best interests of the child, the child's siblings, or other children in the household and any one of the following factors is present:

- The subject of the report has been charged with committing a crime related to a report maintained in the statewide central register.
- The investigation of the abuse or maltreatment of the child by the local child protective service or the provision of services by such service has been publicly disclosed in a report required to be disclosed in the course of their official duties, by a law enforcement agency or official, a district attorney, any other state or local investigative agency or official, or by a judge of the unified court system.
- There has been a prior knowing, voluntary, and public disclosure by an individual concerning a report of child abuse or maltreatment in which such individual is named as the subject of the report.
- The child named in the report has died, or the report involves the near fatality of a child.

**Use of Records for Employment Screening**
**Citation: Soc. Serv. Law § 422**

Chief executive officers of authorized agencies, directors of day care centers, and directors of facilities operated or supervised by the Department of Education, the Office of Children and Family Services, the Office of Mental Health,  or the Office for People With Developmental Disabilities, in connection with a disciplinary investigation, action, or administrative or judicial proceeding instituted by any of such officers or directors against an employee of any such agency, center, or facility who is the subject of an indicated report when the incident of abuse or maltreatment contained in the report occurred in the agency, center, facility or program, and the purpose of such proceeding is to determine whether the employee should be retained or discharged.

**North Carolina**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Gen. Stat. § 7B-311**

The data in the central registry shall be furnished by county directors of social services to the Department of Health and Human Services and shall be confidential, subject to policies adopted by the Social Services Commission providing for its use for study and research and for other appropriate disclosure.

**Persons or Entities Allowed Access to Records**
**Citation: Gen. Stat. § 7B-2901**

The clerk shall maintain a complete record of all juvenile cases filed in the clerk's office alleging abuse, neglect, or dependency. The records shall be withheld from public inspection and, except as provided below, may be examined only by order of the court. The record shall include the summons, petition, custody order, court order, written motions, the electronic or mechanical recording of the hearing, and other papers filed in the proceeding.

The following persons may examine the juvenile's record and obtain copies of written parts of the record without an order of the court:

- The person named in the petition as the juvenile
- The guardian ad litem
- The county Department of Social Services
- The juvenile's parent, guardian, or custodian, or the attorney for the juvenile or his or her parent, guardian, or custodian

The director of the Department of Social Services shall maintain a record of the cases of children under protective custody by the department or under placement by the court, including family background information; reports of social, medical, psychiatric, or psychological information concerning a child or the child's family; interviews with the child's family; or other information that the court finds should be protected from public inspection in the best interests of the child. These records may be released to the following:

- The child's guardian ad litem or the child, including a juvenile who has reached age 18 or been emancipated
- A district or superior court judge presiding over a civil matter in which the department is not a party

- A district or superior court judge presiding over a criminal or delinquency matter who shall conduct an in camera review before releasing to the defendant or child any confidential records maintained by the department
- A parent, guardian, custodian, or caregiver in accordance with § 7B-700

In the case of a child victim, the court may order the sharing of information among such public agencies as the court deems necessary to reduce the trauma to the victim.

**When Public Disclosure of Records Is Allowed**
**Citation: Gen. Stat. § 7B-2902**

Notwithstanding any other provision of law, a public agency shall disclose to the public, upon request, the findings and information related to a child fatality or near fatality if:

- A person is criminally charged with having caused the child fatality or near fatality.
- The district attorney has certified that a person would be charged with having caused the child fatality or near fatality but for that person's prior death.

Nothing herein shall be deemed to authorize access to the confidential records in the custody of a public agency; the disclosure to the public of the substance or content of any psychiatric, psychological, or therapeutic evaluations or like materials or information pertaining to the child or the child's family unless directly related to the cause of the child fatality or near fatality; or the disclosure of information that would reveal the identities of persons who provided information related to the suspected abuse, neglect, or maltreatment of the child.

Within 5 working days from the receipt of a request for findings and information related to a child fatality or near fatality, a public agency shall consult with the appropriate district attorney and provide the findings and information unless the agency has a reasonable belief that release of the information:

- Is not authorized by state law
- Is likely to cause mental or physical harm or danger to a minor child residing in the deceased or injured child's household
- Is likely to jeopardize the state's ability to prosecute the defendant
- Is likely to jeopardize the defendant's right to a fair trial
- Is likely to undermine an ongoing or future criminal investigation
- Is not authorized by federal law and regulations

**Use of Records for Employment Screening**
**Citation: Gen. Stat. § 7B-311**

The department may provide information from its list of individuals responsible for child abuse or neglect to child-caring institutions, child-placing agencies, group home facilities, and other providers of foster care, child care, or adoption services that need to determine the fitness of individuals to care for or adopt children.

## North Dakota

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Cent. Code § 50-25.1-11**

All reports made under this chapter, as well as any other information obtained, are confidential and must be made available to persons listed below.

**Persons or Entities Allowed Access to Records**
**Citation: Cent. Code § 50-25.1-11**

Reports and information shall be made available to the following:

- A physician who reasonably suspects that a child may have been abused or neglected
- A person who is authorized to place a child in protective custody when necessary to determine whether to place the child in protective custody
- Authorized staff of the Department of Human Services, children's advocacy centers, appropriate state and local child protection team members, or citizen review committee members
- Any person who is the subject of a report
- Public officials and their authorized agents who require the information in connection with the discharge of their official duties

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A court, including an administrative hearing office, when it is necessary for the determination of an issue before it
- A person engaged in bona fide research
- A mandated reporter who has made a report of suspected child abuse or neglect, if the child is likely to or continues to come before the reporter in his or her official or professional capacity
- Parents or a legally appointed guardian of a child who is suspected of being, or having been, abused or neglected

## When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

## Use of Records for Employment Screening
### Citation: Cent. Code § 50-25.1-11

The department shall notify the parent or legally appointed guardian of a child receiving early childhood services under chapter 50-11.1 of the name of the subject and provide a summary of the facts and the results of an assessment conducted under this chapter if the report involves the owner, operator, staff member, or household member of the early childhood program or the in-home provider or a household member of the in-home provider who is providing care to the child.

## Northern Mariana Islands

*Current Through June 2017*

### Confidentiality of Records
### Citation: Commonwealth Code Tit. 6, § 5325

All written reports, as well as any other information obtained concerning alleged instances of child abuse or neglect, shall be confidential and shall only be made available to persons listed below.

### Persons or Entities Allowed Access to Records
### Citation: Commonwealth Code Tit. 6, § 5325

Reports shall only be made available to:
- An official of the Division of Youth Services in the course of his or her duties
- A physician who reasonably suspects that a child may be abused or neglected
- A guardian ad litem for the child
- A court of competent jurisdiction
- The Department of Health and Human Services and the Comptroller General of the United States or any of their representatives

### When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

### Use of Records for Employment Screening

This issue is not addressed in the statutes reviewed.

## Ohio

*Current Through June 2017*

### Confidentiality of Records
### Citation: Rev. Code § 2151.421

Except as provided below, a report made under this section is confidential. The information provided in a report and the name of the person who made the report shall not be released for use and shall not be used as evidence in any civil action or proceeding brought against the person who made the report.

### Persons or Entities Allowed Access to Records
### Citation: Rev. Code §§ 2151.421; 2151.423

In a criminal proceeding, the report is admissible as evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway. This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

If the child who is the subject of the report dies for any reason at any time after the report is made but before the child reaches age 18, the public children services agency or municipal or county peace officer to which the report was made or referred, on the request of the child fatality review board, shall submit a summary of the report to the review board of the county in which the deceased child resided at the time of death. On the request of the review board, the agency or peace officer may, at its discretion, make the report available to the review board.

A mandated reporter may make a reasonable number of requests of the public children services agency that receives or is referred the report, or of the children's advocacy center that is referred the report if the report is referred to a children's advocacy center, to be provided with the following information:

- Whether the agency or center has initiated an investigation of the report
- Whether the agency or center is continuing to investigate the report
- Whether the agency or center is otherwise involved with the child who is the subject of the report
- The general status of the health and safety of the child who is the subject of the report
- Whether the report has resulted in the filing of a complaint in juvenile court or of criminal charges in another court

A public children services agency shall disclose confidential information discovered during an investigation of child abuse or neglect to any federal, state, or local government entity that needs the information to carry out its responsibilities to protect children from abuse or neglect.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**Oklahoma**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. Tit. 10A, §§ 1-2-108; 1-6-102**

Data and information maintained in the Oklahoma Department of Human Services information system and related to individual cases shall be confidential and shall be made available only as authorized by state or federal law.

Except as provided by this section and except as otherwise specifically provided by state and federal laws, the following records are confidential and shall not be open to the general public, be inspected, or their contents disclosed:

- Juvenile court records
- Agency records
- District attorney's records
- Court-appointed special advocate records pertaining to a child welfare case
- Law enforcement records
- Nondirectory education records
- Social records

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. Tit. 10A, § 1-6-103**

Juvenile court records and department agency records pertaining to a child may be inspected and their contents shall be disclosed without a court order to the following persons upon showing of proper credentials and pursuant to their lawful duties:

- The court, including a tribal court, having jurisdiction over the child
- Employees and officers of the court, including but, not limited to, guardians ad litem and court-appointed special advocates
- A district attorney, U. S. attorney, or attorney general of this or another state
- The attorney representing the child
- Employees of juvenile bureaus and of the department
- Employees of a law enforcement agency, military enclave, and child protective service of this or another state
- The Oklahoma Commission on Children and Youth

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The Office of Juvenile Affairs
- A federally recognized Indian tribe in which the child who is the subject of the record is a member or is eligible to become a member of the tribe
- The governor
- Any federal official of the U. S. Department of Health and Human Services
- Any member of the legislature
- A foster parent with regard to records concerning the social, medical, psychological, or educational needs of a child currently placed with that foster parent or of a child being considered for placement
- An employee of any state or federal corrections or law enforcement agency concerning presentence investigations or supervision of a parent of an alleged or adjudicated deprived child, or the legal guardian, custodian, or any other adult member of the child's home who is responsible for the health, safety, or welfare of the child
- An employee of a state agency of this or another state concerning the establishment of paternity or the establishment or enforcement of a child support order
- Any member of a city-county Health Department Fetal Infant Mortality Review
- Any designated federal authorities at the federal military installation where a service member is assigned, when the child is a member of an active duty military family
- Any member of the Child Welfare Review Committee for the Death and Near Death of Children With Disabilities

Department agency records may be inspected, and their contents shall be disclosed without a court order to the following persons upon showing of proper credentials and pursuant to their lawful duties:

- Postadjudicatory review boards, court-appointed special advocates, and members of the Child Death Review Board
- Any district court that has ordered a home study by the department in an action for divorce, annulment, custody of a child, or appointment of a legal guardian of a child
- Members of multidisciplinary teams or multidisciplinary personnel designated by the department, investigating a report of known or suspected child abuse or neglect, or providing services to a child or family that is the subject of the report
- A physician who has before him or her a child who he or she reasonably suspects may be abused or neglected
- Any public or private agency or person authorized by the department to diagnose or provide care, treatment, supervision, or other services to a child who is the subject of a report
- Any person or agency for research purposes
- The Oklahoma Health Care Authority
- A medical examiner when such person is determining the cause of death of a child

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. Tit. 10A, § 1-6-105**

When the department has reasonable cause to suspect that a child death or near death is the result of abuse or neglect, the department shall, upon request, release to the public the following information:

- The child's age and sex
- The date of death or near-death incident
- Whether the child was in the department's custody at the time of the incident
- Whether the child resided with or was under the supervision of the child's parent at the time of the incident

If, after an investigation is completed, the department determines a child's death or near death was the result of abuse or neglect, the department shall, upon request, release additional information to the public, including:

- The child's name
- The offender's name
- If the child was living with the child's parent:
  - » The circumstances of the child's death or near death
  - » A summary of the child's involvement with the department
  - » A description of the services, if any, that were provided by the department
  - » The results of any risk or safety assessments
  - » Whether abuse or neglect was confirmed
  - » Whether there were any judicial proceedings prior to the incident and the rulings of the court
  - » A summary of the status of the child's case
  - » Whether the child's case was closed by the department before the incident

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

In cases in which the child's death or near death occurred while the child was in the custody of the department and the person responsible for the supervision of the child was the suspected perpetrator, the following information shall be released:

- The circumstances of the child's death or near death
- Information regarding the training and certification of the caregiver
- A summary of any previous reports of abuse or neglect regarding the caregiver
- Any policy violations, including any action taken by the department regarding a violation
- Recommendations for policy changes or practice improvements

**Use of Records for Employment Screening**
**Citation: Ann. Stat. Tit. 10A, §§ 1-6-102; 1-6-103**

Nothing in this chapter shall be construed as:

- Prohibiting the department from providing a summary of allegations and findings of an investigation involving a child care facility that does not disclose identities but that permits parents to evaluate the facility
- Prohibiting the department from providing records to a federally recognized Indian tribe for any individual who has applied for foster care placement, adoptive placement, or guardianship placement through the tribe; provided, that the tribe shall be required to maintain the confidentiality of the records
- Prohibiting the department from providing records to the Office of Juvenile Affairs for any individual who has applied for foster care

The court may disclose to an employee of an out-of-state entity, licensed to perform adoption home studies in that state, whether the prospective adoptive parent has had parental rights to a child terminated or has relinquished parental rights to a child in Oklahoma.

## Oregon

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Rev. Stat. § 419B.035**

Reports and records compiled under the reporting laws are confidential and may not be disclosed except as provided in this section.

**Persons or Entities Allowed Access to Records**
**Citation: Rev. Stat. § 419B.035**

*Effective January 1, 2018:* The department shall make records available to the following persons and entities:

- Any law enforcement agency or a child abuse registry in any other state for the purpose of subsequent investigation of child abuse
- Any physician regarding any child brought to the physician for examination, care, or treatment
- Attorneys of record for the child or child's parent or guardian in any juvenile court proceeding
- Citizen review boards
- A court-appointed special advocate in any juvenile court proceeding in which it is alleged that a child has been subjected to child abuse or neglect
- The Office of Children's Advocate
- The Teacher Standards and Practices Commission for investigations involving any child or any student in grade 12 or below
- Any person, administrative hearings officer, court, agency, organization, or other entity when it is necessary to administer child welfare services; to investigate, prevent, or treat child abuse and neglect; or for research

The department may make reports and records available to any person, administrative hearings officer, court, agency, organization, or other entity when the department determines that such disclosure is necessary to administer its child welfare services and is in the best interests of the affected child; to investigate, prevent, or treat child abuse and neglect; to protect children from abuse and neglect; or for research when the director of human services gives prior written approval.

A law enforcement agency may make reports and records it has compiled available to the following:

- Other law enforcement agencies
- District attorneys, city attorneys with criminal prosecutorial functions, and the attorney general when the law enforcement agency determines that disclosure is necessary for the investigation or enforcement of laws relating to child abuse and neglect

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- The community corrections agency in this state
- The Department of Corrections or the State Board of Parole and Post-Prison Supervision

**When Public Disclosure of Records Is Allowed**
**Citation: Rev. Stat. § 419B.035(1)(h)**

*Effective January 1, 2018:* The department shall make records available to any person, upon request to the department, if the reports or records requested regard an incident in which a child, as the result of abuse, died or suffered serious physical injury. Reports or records disclosed under this paragraph must be disclosed in accordance with §§ 192.410 to 192.505.

When disclosing reports and records pursuant to this section, the department may exempt from disclosure the names, addresses, and other identifying information about other children, witnesses, victims, or other persons named in the report or record if the department determines, in written findings, that the safety or well-being of a person named in the report or record may be jeopardized by disclosure of the names, addresses or other identifying information and if that concern outweighs the public's interest in the disclosure of that information.

If the department does not have a report or record of abuse regarding a child who, as the result of abuse, died or suffered serious physical injury, the department may disclose that information.

**Use of Records for Employment Screening**
**Citation: Rev. Stat. § 419B.035**

*Effective January 1, 2018:* The department shall make records available to the Office of Child Care for the following purposes:

- Certifying, registering, or otherwise regulating child care facilities
- Conducting background checks of contractors, employees, or volunteers of a metropolitan service district who may have unsupervised contact with children and who are required to be enrolled in the Central Background Registry maintained by the office, as required by § 329A.030(8)(g)

## Pennsylvania

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Cons. Stat. Tit. 23, § 6339**

Except as otherwise provided in this subchapter or by the Pennsylvania Rules of Juvenile Court Procedure, reports made pursuant to this chapter, including, but not limited to, report summaries of child abuse and reports made pursuant to § 6313 (relating to reporting procedure) as well as any other information obtained, reports written or photographs or x-rays taken concerning alleged instances of child abuse in the possession of the Department of Human Services or a county agency shall be confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Cons. Stat. Tit. 23, § 6340**

Records shall only be made available to the following:

- An authorized official of a county agency, a federal agency that has a need for the information, or of an agency of another state that performs protective services
- Multidisciplinary team members assigned to the case
- A physician examining or treating a child when the physician suspects the child of being an abused child
- A guardian ad litem or court-designated advocate for the child
- An official or agent of the department conducting a performance audit
- A court of competent jurisdiction
- A court of common pleas in connection with any matter involving custody of a child
- A standing committee of the General Assembly charged with legislative oversight
- The attorney general
- Federal auditors if required for federal financial participation in funding of agencies
- The district attorney's office or other law enforcement official, as set forth in county protocols for multidisciplinary investigative teams
- Law enforcement officials of any jurisdiction, as long as the information is relevant to an investigation

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- Designated county officials
- A mandated reporter who made a report of abuse involving the subject child
- School administrators and child care service employers
- A prospective adoptive parent when considering adopting an abused child in the custody of a county agency
- Appropriate officials of another county or state regarding an investigation related to child abuse or protective services when a family has moved to that county or state
- Members of a citizen review panel
- A member of a child fatality or near fatality review team
- The Department of the Auditor General in conjunction with the performances of the duties designated to the office, except that the auditor general may not remove identifiable reports or copies of reports from the department or county agency

Upon a written request, a subject of a report may receive a copy of all information, except for the person who made a report of suspected child abuse or who cooperated in a subsequent investigation, contained in the statewide database or in any report filed pursuant to § 6313 (relating to reporting procedure).

### When Public Disclosure of Records Is Allowed
Citation: Cons. Stat. Tit. 23, § 6343

The department shall conduct a child fatality or near fatality review immediately upon receipt of a report that a child died or nearly died as a result of suspected child abuse.

Prior to completing its report, the department may release the following information to the public concerning a child who died or nearly died as a result of suspected or substantiated child abuse:

- The identity of the child
- If the child was in the custody of a public or private agency, the identity of the agency
- The identity of the public or private agency that provided services to the child and the child's family in the child's home prior to the child's death or near fatality
- A description of services provided
- The identity of the county agency that convened a child fatality or near fatality review team with respect to the child

Upon completion of the review and report, the department's report shall be made available to the county agency, the child fatality or near fatality review team, designated county officials, and, upon request, to other individuals to whom confidential reports may be released.

The report shall be made available to the public, but identifying information shall be removed from the contents of the report except for disclosure of the information listed above. The report shall not be released to the public if the district attorney certifies that release of the report may compromise a pending criminal investigation or proceeding.

### Use of Records for Employment Screening
Citation: Cons. Stat. Tit. 23, § 6335

Information from statewide database of protective services may be released if a request for information is made orally or in writing and the department has done all of the following:

- Identified the requester, including electronic verification of the requester's identity
- Determined whether the requester is authorized to obtain the information under this section
- Provided notice to the requester that access and dissemination of the information is restricted as provided by this chapter
- Obtained an affirmation by the requester that the request is within the scope of that person's official duties and the provisions of this chapter

Information provided in response to inquiries under § 6344 (relating to employees having contact with children; adoptive and foster parents), § 6344.1 (relating to information relating to certified or licensed child-care home residents), or § 6344.2 (relating to volunteers having contact with children) shall not include unfounded reports of child abuse or reports related to general protective services and shall be limited to the following:

- Whether the person was named as a perpetrator of child abuse in a founded or indicated report
- Whether there is an investigation pending in which the individual is an alleged perpetrator
- The number and dates of the incidents upon which the report is based and the type of abuse or neglect involved in any founded or indicated reports

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## Puerto Rico

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Laws Tit. 8, § 446e**

All records related to protection cases, including the reports from any office or public, private, or privatized entity generated while enforcing this chapter shall be confidential and shall not be divulged except in the cases or circumstances specifically authorized by this chapter.

### Persons or Entities Allowed Access to Records
**Citation: Ann. Laws Tit. 8, § 446f**

No person, official, officer, employee, or agency shall have access to records unless it is to comply with purposes directly related to the administration of this chapter or by virtue of a court order. The persons, officials, officers, or agencies that shall have access to said records shall be:

- The officer or employee of the department or the agency that renders the direct services
- The Advocate for Minors' Affairs; the prosecutor and/or police officers of the Specialized Sexual Crimes, Child Abuse, and Domestic Violence Unit in any case that investigates the commission of acts that constitute crimes related to this chapter; and the family advocate
- The physician or behavioral professional who renders direct services to a minor in protection cases
- The Multi-Sector Coordinating Board, the multidisciplinary professional teams, the Death Review Panel, and the Permanency Plan Review Board
- Any person conducting bona fide data research
- The court if it is found that access to the records is needed to resolve a controversy related to the well-being of the minor, with access limited to an inspection by the judge in chambers

Any mandatory reporter shall receive, upon request, the results of the investigation conducted with regard to the referred case.

### When Public Disclosure of Records Is Allowed
**Citation: Ann. Laws Tit. 8, § 446f**

No person authorized to receive confidential information may divulge the information. This prohibition shall not include the subject of the report, the prosecutors, the advocates for minors' affairs, family advocates, special advocates for the protection of minors, or police officers when the information obtained is to be used in judicial or administrative proceedings.

### Use of Records for Employment Screening

This issue is not addressed in the statutes reviewed.

## Rhode Island

*Current Through June 2017*

### Confidentiality of Records
**Citation: Gen. Laws §§ 40-11-13; 42-72-8**

All records concerning reports of child abuse and neglect, including reports made to the Department of Children, Youth and Families (DCYF), shall be confidential except as specifically provided by this chapter, § 42-72-8, or specifically authorized by the family court in furtherance of the purposes directly connected with this chapter.

Any DCYF records pertaining to children and their families in need of service pursuant to the provisions of this chapter, or for whom an application for services has been made, shall be confidential and only disclosed as provided by law.

### Persons or Entities Allowed Access to Records
**Citation: Gen. Laws § 42-72-8**

Records may be disclosed when necessary to the following:

- The attorney general when the office is engaged in the investigation or prosecution of criminal conduct by another relating to the child or other children within the same family unit
- Individuals or agencies engaged in medical, psychological, or psychiatric diagnosis or treatment or education of the person under the supervision of the department

- Individuals or agencies for the purposes of temporary or permanent placement of the person
- The family court
- The child's guardian ad litem or attorney
- Any mandated reporter who made a report of child abuse involving the subject child
- A physician who believes or has reasonable cause to suspect that the child may have been abused or neglected
- The Department of Corrections in the case of an individual who has been transferred to the jurisdiction of that department
- Individuals employed by a state or county child welfare agency outside of Rhode Island when the information is needed to ensure the care, protection, and/or treatment of any child
- An administrative hearing officer for purposes of making a determination of relevancy to the merits of the administrative matter pending before the hearing
- A court of proper jurisdiction for purposes of making a determination of relevancy to the merits of the civil or criminal action pending before the court

The director shall notify the Office of the Child Advocate within 48 hours of a confirmed fatality or near fatality of a child who is the subject of a DCYF case. The department shall provide the office of the child advocate with access to any written material about the case. Within 5 days of the completion of an investigation that results in a substantiated finding of child abuse or neglect that caused a child fatality or near fatality, the director shall disclose the following information to the Office of the Child Advocate:

- A summary of the report of abuse or neglect
- The date of birth and gender of the child
- The date that the child suffered the fatality or near fatality
- The cause of the fatality or near fatality, if such information has been determined
- Whether DCYF or a court-appointed special advocate had any contact with the child before the fatality or near fatality and, if so:
  » The frequency of any contact or communication with the child or a member of the child's family or household before the fatality or near fatality and the date on which the last contact or communication occurred before the fatality or near fatality
  » Whether DCYF provided any services or made any referrals for services to the child or to a member of the child's family or household before or at the time of the fatality or near fatality
  » Whether DCYF took any other action concerning the welfare of the child before or at the time of the fatality or near fatality
  » A summary of the status of the child's case at the time of the fatality or near fatality, including, without limitation, whether the child's case was closed by DCYF before the fatality or near fatality and if so, the reasons why the case was closed
- Whether DCYF, in response to the fatality or near fatality:
  » Has provided or intends to provide and/or make a referral for child-welfare services to the child or to a member of the child's family or household
  » Has taken, or intends to take, any other action concerning the welfare and safety of the child or any member of the child's family or household

**When Public Disclosure of Records Is Allowed**
**Citation: Gen. Laws § 42-72-8**

The director shall make public disclosure of a confirmed fatality or near fatality of a child who is the subject of a DCYF case within 48 hours of confirmation, provided disclosure of such information is in general terms and does not jeopardize a pending criminal investigation.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**South Carolina**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 63-7-1990**

All reports made and information collected pursuant to this article maintained by the Department of Social Services and the Central Registry of Child Abuse and Neglect are confidential.

**Persons or Entities Allowed Access to Records**
Citation: Ann. Code § 63-7-1990

The department is authorized to grant access to the records of indicated cases to the following persons, agencies, or entities:

- The ombudsman of the Office of the Governor or the governor's designee
- The child's guardian ad litem, the attorney for the child's guardian ad litem, or the child's attorney
- Appropriate staff of the department
- A law enforcement agency investigating or prosecuting known or suspected abuse or neglect of a child or any other crime against a child, attempting to locate a missing child, investigating or prosecuting the death of a child, or investigating or prosecuting any other crime
- A person who is named in a report or investigation as having abused or neglected a child, that person's attorney, and that person's guardian ad litem
- A child age 14 or older who is named in a report as a victim of child abuse or neglect
- The parents or guardians of a child who is named in a report
- County medical examiners or coroners who are investigating the death of a child
- The State Child Fatality Advisory Committee and the Department of Child Fatalities
- Family courts conducting proceedings pursuant to this article
- The parties to a court proceeding when information in the records is legally relevant and necessary for the determination of an issue before the court
- A grand jury when it is necessary in the conduct of its official business
- Authorities in other states conducting child abuse and neglect investigations or providing child welfare services
- Courts in other states conducting child abuse and neglect or child custody proceedings
- The director or chief executive officer of a child care facility, child-placing agency, or child-caring facility when the records concern the investigation of an incident of child abuse or neglect that allegedly was perpetrated by an employee or volunteer
- A person or agency with authorization to care for, diagnose, supervise, or treat the child, the child's family, or the person alleged to have abused or neglected the child
- Any person engaged in bona fide research
- Multidisciplinary teams
- Circuit solicitors and their agents investigating or prosecuting known or suspected abuse or neglect of a child or any other crime against a child, attempting to locate a missing child, investigating or prosecuting the death of a child, or investigating or prosecuting any other crime
- Prospective adoptive or foster parents before placement
- Employees of the Division for the Review of the Foster Care of Children, Office of the Governor, and members of local boards when carrying out their duties
- The authorities, as designated in the memorandum of understanding or agreement between county protective services and the military installation's command authority, at the military installation where the active duty service member, who is the sponsor of the alleged abused or neglected child, is assigned
- A South Carolina Children's Advocacy Medical Response System child abuse health-care provider or his or her designee for the evaluation of a child for suspected abuse or neglect

**When Public Disclosure of Records Is Allowed**
Citation: Ann. Code § 63-7-1990

The state director of the department may disclose to the media information contained in child protective services records if the disclosure is limited to discussion of the department's activities in handling the case, including information placed in the public domain by other public officials, a criminal prosecution, the alleged perpetrator, the party in interest, the attorney for the alleged perpetrator, or other public judicial proceedings.

Information is considered 'placed in the public domain' when it has been reported in the news media, is contained in public records of a criminal justice agency, is contained in public records of a court of law, or has been the subject of testimony in a public judicial proceeding.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The state director shall disclose information from confidential records to respond to an allegation made by the alleged perpetrator, the attorney for the alleged perpetrator, the party in interest, or other public officials in public testimony before a committee or subcommittee of the legislature that is engaged in oversight or investigating the activities of the department. The department's response is limited to discussion of the department's activities in handling the case relating to the allegation made in public testimony. For all other information not subject to disclosure, the state director shall disclose information in records required to be kept confidential to respond to an inquiry from a legislative committee that is engaged in oversight or investigating the activities of the department. The information must be reviewed in a closed session and kept confidential.

The state director is authorized to prepare and release reports of the results of the department's investigations into the deaths of children in its custody or receiving child welfare services at the time of death.

### Use of Records for Employment Screening
### Citation: Ann. Code § 63-7-1990

The department is authorized to grant access to the records of indicated cases to the following agencies or entities:

- The Division for the Review of the Foster Care of Children for purposes of certifying that no potential employee, nominee to, or member of the state or a local foster care review board is a subject of an indicated report or affirmative determination
- The Division of Guardian ad Litem, Office of the Governor, for purposes of certifying that no potential employee or volunteer is the subject of an indicated report or an affirmative determination

The department is authorized to disclose information concerning an individual named in the Central Registry of Child Abuse and Neglect as a perpetrator when screening of an individual's background is required by statute or regulation for employment, licensing, or any other purposes or a request is made in writing by the person being screened.

## South Dakota

*Current Through June 2017*

### Confidentiality of Records
### Citation: Ann. Stat. § 26-8A-13

All investigative case records and files relating to reports of child abuse or neglect are confidential, and no disclosure of any such records, files, or other information may be made except as authorized in chapter 26-7A or this chapter.

### Persons or Entities Allowed Access to Records
### Citation: Ann. Stat. § 26-8A-13

The Department of Social Services may release records to the following parties when it is necessary in the performance of official functions:

- The attorney general, the state's attorneys, law enforcement agencies, protective services workers, and judges of the courts investigating reports of known or suspected child abuse or neglect
- The attorney or guardian ad litem of the child who is the subject of the information
- Public officials who require the information in connection with their official duties
- Institutions and agencies that have legal responsibility or authorization to care for, treat, or supervise a child who is the subject of the information
- An adoptive parent of the child who is the subject of the information or report
- A foster parent, kinship provider, or prospective adoptive parent who is or may be caring for a child in the custody of the Department of Social Services who is the subject of the report
- A state, regional, or national registry of child abuse and neglect cases and courts of record of other states
- A child protection team
- A physician who is caring for a child whom the physician reasonably suspects may be abused or neglected
- State hearing examiners and any person who is the subject of the report
- A person eligible to submit an adoptive home study report for the purpose of screening applicants

Information received by an authorized receiving party shall be held confidential by the receiving party. However, the court may order the release of the information or any portion of it necessary for determination of an issue before the court.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 26-8A-13**

Upon written request, the Department of Social Services shall release findings or information regarding the abuse or neglect of a child that resulted in a fatality or near fatality of the child unless the release of the findings or information would jeopardize a pending criminal investigation or proceeding. The findings or information to be released shall relate to the acts of child abuse or neglect that caused the fatality or near fatality of the child. However, the identity of the child may never be released.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. §§ 26-8A-12.1; 26-8A-12.2; 26-8A-12.3**

Upon receipt of a list of names of current or potential employees from a Head Start program director or the name of any person being considered as an adoptive or foster parent from a certified social worker, the Department of Social Services shall compare the list to the central registry for abuse and neglect and report any findings to the requesting program director or social worker.

Upon receipt of names of current or potential employees or volunteers from the Juvenile Division of the Department of Corrections, any adolescent treatment program, any entity administering a court-appointed special advocate program, an accredited child advocacy center, or a court considering appointment of a guardian ad litem for a child, the department shall compare the names to the central registry for abuse and neglect and report any findings to the requesting program director, to the Bureau of Human Resources human resource manager, or to the court.

Upon the receipt of a written request from a child welfare agency, the department shall conduct a check of the central registry for child abuse and neglect for foster care, adoption, or employment applicants and shall provide the results to the requesting agency. Further, upon written request from an agency that provides child welfare services or child-placing services for a federally recognized tribe, the department shall conduct a check of the central registry for child abuse and neglect for foster care or adoption applicants and shall provide the results to the requesting tribal agency.

Before the department conducts any check of the central registry for child abuse and neglect, the requesting agency shall provide to the department a consent signed by the applicant for kinship, foster care, adoption, or employment.

**Tennessee**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code §§ 37-1-409; 37-1-612; 37-5-107**

Reports of harm and the identity of the reporter are confidential except when the juvenile court in which the investigation report is filed, in its discretion, determines the testimony of the person reporting to be material to an indictment or conviction.

All records concerning reports of child sexual abuse, including files, reports, records, communications, working papers related to investigations or providing services, videotapes, reports made to the abuse registry and to local offices of the department, and all records generated as a result of such processes and reports, shall be confidential.

All applications, certificates, records, reports, and all legal documents, petitions, and records made or information received pursuant to this title that directly or indirectly identify a child or family receiving services from the Department of Children's Services or that identify the person who made a report of harm shall be kept confidential and shall not be disclosed, except as provided by this section.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 37-1-612; 37-5-107**

Disclosure may be made to persons and entities having need for the information, including:

- Department employees, medical professionals, and contract or other agency employees who provide services, including those from child advocacy centers, to children and families
- The attorney or guardian ad litem for a child who is the subject of the records
- A law enforcement agency investigating a report of known or suspected child sexual abuse
- The district attorney general of the judicial district in which the child resides or in which the alleged abuse occurred
- A grand jury when it is necessary in the conduct of its official business
- Any person engaged in bona fide research or an audit

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway. This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A court official, probation and parole officer, designated employee of the Department of Correction, Board of Probation and Parole, or other similarly situated individual charged with the responsibility of preparing information to be presented in any administrative or judicial proceeding concerning any individual charged with or convicted of any offense involving child abuse or neglect or child sexual abuse
- An attorney or next friend who is authorized to act on behalf of the child in a civil cause of action against the perpetrator

The department shall release information to the following:

- A child abuse review team or child fatality review team to evaluate or investigate the cause of injury to or death of a child
- A law enforcement agency, grand jury, or court upon presentation of an appropriate court order
- Any federal, state, or local government entity
- Any person or entity that provides system or program evaluation at the request of the department
- The Commission on Children and Youth for the purpose of evaluating the delivery of services to children and their families served by the department
- Any person who is the subject of a report made to the department
- Any member of the legislature to enable the member to determine whether child protection laws are being complied with

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code § 37-5-107**

The department shall provide for the public disclosure of information about any case that results in a child fatality or near fatality in compliance with 42 U.S.C. § 5106a(b)(2)(A)(x). The term 'near fatality' means a child had a serious or critical medical condition resulting from child abuse or child sexual abuse, as reported by a physician who has examined the child subsequent to the abuse.

When the department investigates a child fatality from abuse or neglect, the department shall release the following information, to the extent known, within 5 business days of the fatality:

- The child's age and gender
- Whether the department has had history with the child

Following the closure of an investigation for a child abuse or neglect fatality, the department shall release the final disposition of the case, whether the case meets criteria for a child death review, and the full case file. The case file may be redacted to comply with the confidentiality requirements of this section.

Following the department's final classification of a child abuse or neglect near fatality, the department shall release the full case file. The case file may be redacted to comply with the confidentiality requirements of this section.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

**Texas**

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Fam. Code § 261.201**

The following information is confidential, not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

- A report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report
- Except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation or in providing services as a result of an investigation

**Persons or Entities Allowed Access to Records**
**Citation: Fam. Code § 261.201**

A court may order the disclosure of information that is confidential if:

- A motion has been filed requesting the release of the information.
- A notice of hearing has been served on the investigating agency and all other interested parties.
- After a hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is essential to the administration of justice and is not likely to endanger the life or safety of a child who is the subject of the report, a person who made the report, or any other person who participates in an investigation or who provides care for the child.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

The adoptive parents of a child who was the subject of an investigation and an adult who was the subject of an investigation as a child are entitled to examine and make copies of any report, record, or other information in the possession of the state that pertains to the history of the child. The department may edit the documents to protect the identity of the biological parents and any other person whose identity is confidential, unless this information is already known to the adoptive parents or is readily available through other sources.

The department shall provide to a relative or other individual with whom a child is placed any information the department considers necessary to ensure that the relative or other individual is prepared to meet the needs of the child. The information may include information related to any abuse or neglect suffered by the child.

The department shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect information that would otherwise be confidential if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure.

**When Public Disclosure of Records Is Allowed**
**Citation: Fam. Code § 261.203**

No later than 5 days after the department receives a request for information about a child fatality about which the department is conducting an investigation of alleged abuse or neglect, the department shall release:

- The child's age, sex, and date of death
- Whether the state was the managing conservator of the child at the time of death
- Whether, at the time of death, the child resided with his or her parent

If, after an investigation is completed, the department, on request, shall promptly release the following information:

- The information described above, if not previously disclosed
- Whether a child's death or near fatality:
  » Was determined to be caused by abuse or neglect
  » Resulted in a criminal investigation or the filing of criminal charges
- For cases in which the child's death or near fatality occurred while the child was living with the child's parent:
  » A summary of any previous reports of abuse or neglect
  » A description of any services that were provided or offered by the department
  » The results of any risk or safety assessments
- For a case in which the child's death or near fatality occurred while the child was in substitute care:
  » The date the substitute care provider with whom the child was residing at the time of death or near fatality was licensed
  » A summary of any previous reports of abuse or neglect
  » Any reported licensing violations
  » Records of any training completed by the substitute care provider

Before any release of records, the department shall redact any information that would:

- Identify the individual who reported the abuse or neglect or any other individual other than the deceased child or an alleged perpetrator
- Jeopardize an ongoing criminal investigation or prosecution
- Endanger the life or safety of any person
- Violate state or federal law

**Use of Records for Employment Screening**
**Citation: Fam. Code § 261.002**

The Department of Family and Protective Services may enter into agreements with other states to allow for the exchange of reports of child abuse and neglect in other states' central registry systems. The department shall use information obtained under this subsection in performing the background checks on prospective foster and adoptive parents; and owners, operators, and employees of child care facilities as required by § 42.056, Human Resources Code.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## Utah

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 62A-4a-412**

Except as otherwise provided in this chapter, reports made under this part, as well as any other information in the possession of the division obtained as the result of a report, are private, protected, or controlled records.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 62A-4a-412; 63G-2-202(10)**

The reports may only be made available to:

- A police or law enforcement agency investigating a report, including members of a child protection unit
- A physician who reasonably believes that a child may be abused or neglected
- An agency that has responsibility or authority to care for, treat, or supervise a child who is the subject of a report
- A provider that has a written contract with the division to render services to a child who is the subject of a report
- Except as provided in § 63G-2-202, any subject of the report, the natural parents of the child, and the guardian ad litem
- A court when it is necessary for the determination of an issue before it
- An office of the public prosecutor or its deputies in performing an official duty
- A person authorized by a Children's Justice Center
- A person engaged in bona fide research
- Any person identified in the report as a perpetrator or possible perpetrator of abuse or neglect
- Except as provided in § 63G-2-202, a person filing a petition for a child protective order on behalf of a minor who is the subject of the report
- A licensed child-placing agency or person who is performing a preplacement adoptive evaluation
- An Indian tribe to certify or license a foster home; render services to a subject of a report; or investigate an allegation of abuse, neglect, or dependency

When the division makes a report or other information available to a subject of the report or a parent of a child, the division shall remove from the report only the names, addresses, and telephone numbers of individuals or specific information that could:

- Identify the referent
- Impede a criminal investigation
- Endanger a person's safety

As provided by § 63G-2-202, a record contained in the Management Information System (created in § 62A-4a-1003 to contain child abuse and neglect records) that is found to be unsubstantiated, unsupported, or without merit may not be disclosed to any person except the person who is alleged in the report to be a perpetrator of abuse, neglect, or dependency.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**
**Citation: Ann. Code § 62A-4a-412**

Reports and records may be made available to the State Board of Education, acting on behalf of itself or on behalf of a school district, for the purpose of evaluating whether an individual should be permitted to obtain or retain a license as an educator or serve as an employee or volunteer in a school. This disclosure is limited to information with substantiated findings involving an alleged sexual offense, an alleged felony or class A misdemeanor drug offense, or any alleged offense against the person. The board must provide the subject of a report with an opportunity to respond to the report before making a decision concerning licensure or employment.

## Vermont

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Stat. Tit. 33, § 4916**

The commissioner shall adopt rules to permit use of the registry records while preserving confidentiality of the registry and other departmental records.

### Persons or Entities Allowed Access to Records
**Citation: Ann. Stat. Tit. 33, §§ 4916; 4921**

The commissioner may disclose a registry record only as follows:

- To the state's attorney or the attorney general
- Upon request or when relevant to other states' adult protective services offices or child protection agencies
- To the person substantiated for child abuse and neglect who is the subject of the record
- To the commissioner of the Department of Corrections in accordance with the provisions of title 28, § 204a(b)(3)

Disclosure of registry records or information or other records used or obtained in the course of providing services to prevent child abuse or neglect or to treat abused or neglected children and their families by one member of a multidisciplinary team to another member of that team shall not subject either member of the multidisciplinary team, individually, or the team as a whole, to any civil or criminal liability notwithstanding any other provision of law.

The commissioner shall maintain all records of all investigations, assessments, reviews, and responses initiated under this subchapter. The department may use and disclose information from such records in the usual course of its business, including to assess future risk to children, to provide appropriate services to the child or members of the child's family, or for other legal purposes.

Upon request, the redacted investigation file shall be disclosed to:

- The child's parents, foster parent, or guardian, provided that the child's parent, foster parent, or guardian is not the subject of the investigation
- The person alleged to have abused or neglected the child

Upon request, department records shall be disclosed to:

- The court, parties to the juvenile proceeding, and the child's guardian ad litem if there is a pending juvenile proceeding or if the child is in the custody of the commissioner
- The commissioner or person designated by the commissioner to receive such records
- Persons assigned by the commissioner to conduct investigations
- Law enforcement officers engaged in a joint investigation with the department, an assistant attorney general, or a state's attorney
- Other state agencies conducting related inquiries or proceedings
- The probate division of the superior court involved in guardianship proceedings

Upon request, relevant department records created under this subchapter may be disclosed to:

- Service providers working with a person or child who is the subject of the report
- Other governmental entities for purposes of child protection

### When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

### Use of Records for Employment Screening
**Citation: Ann. Stat. Tit. 33, § 4919**

The commissioner may disclose a registry record only as follows:

- To the owner or operator of a facility regulated by the department for the purpose of informing the owner or operator that employment of a specific individual may result in loss of license, registration, or certification
- To an employer if such information is used to determine whether to hire or retain a specific individual providing care, custody, treatment, transportation, or supervision of children or vulnerable adults
- To the commissioners of disabilities, aging, independent living, and mental health for purposes related to the licensing or registration of facilities regulated by those departments

- To the commissioners of health, disabilities, aging, independent living, and mental health for purposes related to oversight and monitoring of persons who are served by or compensated with funds provided by those departments, including persons to whom a conditional offer of employment has been made
- To the board of medical practice for the purpose of evaluating an applicant, licensee, or holder of certification pursuant to title 26, § 1353

An employer providing transportation services to children or vulnerable adults may disclose registry records to the Agency of Human Services for the sole purpose of auditing the records to ensure compliance with this subchapter. An employer shall provide such records at the request of the agency or its designee. Only registry records regarding individuals who provide direct transportation services or otherwise have direct contact with children or vulnerable adults may be disclosed. Volunteers shall be considered employees for purposes of this section.

In no event shall registry records be made available for employment purposes other than as set forth in this subsection or for credit purposes.

## Virgin Islands

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Code Tit. 5, § 2540**

All records concerning reports of child abuse, sexual abuse, or neglect made to the government of the Virgin Islands, and all records generated as a result of such reports, shall be confidential except as specifically provided by this subchapter.

### Persons or Entities Allowed Access to Records
**Citation: Ann. Code Tit. 5, § 2540**

No person, official, or agency shall have access to such records unless for the express purpose of acting pursuant to this subchapter. Persons permitted access include:

- The Department of Social Welfare and its legal representative
- The U.S. Virgin Islands Police Department when investigating a report
- A physician who has before him or her a child he or she reasonably suspects may have been abused or neglected
- A person legally authorized to place a child in emergency temporary custody when he or she reasonably suspects that a child may have been abused or neglected
- Any agency with legal responsibility or authorization to care for, treat, or supervise a child who is the subject of a record
- Any person legally authorized as responsible for the child's welfare
- Any person who is the subject of a report and his or her legal representative, or if such person is a child, the child's guardian ad litem, parent, guardian, or other person responsible for the child's welfare
- A court when it is necessary for the determination of an issue before it
- Any person appointed to a case as a court-appointed special advocate

### When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

### Use of Records for Employment Screening

This issue is not addressed in the statutes reviewed.

## Virginia

*Current Through June 2017*

### Confidentiality of Records
**Citation: Ann. Code §§ 63.2-1514; 63.2-1515**

The state Department of Social Services shall maintain a child abuse and neglect information system that includes a central registry of founded complaints. The information contained in the central registry shall not be open to inspection by the public.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code §§ 63.2-1514; 63.2-1515; 63.2-1503**

The state department shall maintain all (i) unfounded investigations, (ii) family assessments, and (iii) reports or complaints determined to be not valid in a record that is separate from the central registry and accessible only to the state department and to local departments for child protective services. The subject of the complaint or report shall have access to his or her own record.

Appropriate disclosure of information from the central registry may be made in accordance with the regulations of the State Board of Social Services.

Notwithstanding any other provision of law, the local department, in accordance with board regulations, shall transmit information regarding reports, complaints, family assessments, and investigations involving children of active duty members of the United States Armed Forces or members of their household to family advocacy representatives of the United States Armed Forces.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code § 63.2-1530**

The Virginia Child Protection Accountability System collects and makes available to the public information on the response to reported cases of child abuse and neglect. The department shall maintain the system. Notwithstanding any state law regarding confidentiality of records, the following information shall be included in the system:

- From the department, the total number of:
  - » Complaints
  - » Complaints deemed valid
  - » Complaints investigated
  - » Cases determined to be founded
  - » Cases by type of abuse; by gender, age, and race of the alleged victim; and by the nature of the relationship between the alleged victim and alleged abuser
- From the Department of State Police, arrest and disposition statistics
- From every circuit court, data on the total number of felony charges and conviction on all charges, by type of trial
- From the Virginia Criminal Sentencing Commission, information on sentences imposed for criminal offenses, including, but not limited to, the offense for which a sentence was imposed, the age of the victim and offender, and the relationship between the victim and the offender
- From the Juvenile and Domestic Relations District Courts' Case Management System data regarding child abuse and neglect, including:
  - » The number of petitions filed
  - » The number of emergency removal orders issued
  - » The number of cases in which a preliminary removal order or a preliminary child protective order or both were issued at a preliminary hearing

The data collected shall be made available to the public on a website established and maintained by the department and also shall be made readily available to the public in print format. Information included in the system shall be presented in such a manner that no individual identifying information shall be included.

**Use of Records for Employment Screening**
**Citation: Ann. Code § 63.2-1515**

The state department shall respond to requests for a search of the central registry made by local departments, local school boards, and governing boards or administrators of accredited private schools regarding applicants for employment.

A central registry check shall be conducted at no charge of a person who has applied to be a volunteer with the following:

- A Virginia affiliate of Big Brothers/Big Sisters of America
- A Virginia affiliate of Compeer
- A Virginia affiliate of Childhelp USA
- A volunteer fire company or volunteer emergency medical services agency
- A court-appointed special advocate program

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

## Washington

*Current Through June 2017*

### Confidentiality of Records
### Citation: Rev. Code § 13.50.100

Records covered by this section shall be confidential and shall be released only pursuant to this section.

### Persons or Entities Allowed Access to Records
### Citation: Rev. Code § 13.50.100

The Department of Social and Health Services may release information retained in the course of conducting child protective services investigations to a family or juvenile court. Information that may be released shall be limited to information regarding investigations in which the child was an alleged victim of abandonment or abuse or neglect.

Additional information may be released only with the written consent of the subject of the investigation and the child alleged to be the victim of abandonment or abuse and neglect or the parent, custodian, guardian, or personal representative of the child or by court order obtained with notice to all interested parties.

A contracting agency or service provider of the department that provides counseling, psychological, psychiatric, or medical services may release to the Office of the Family and Children's Ombuds information or records relating to services provided to a child who is dependent without the consent of the parent or guardian of the child if the child is under age 13, unless such release is otherwise specifically prohibited by law.

A child, his or her parents, the child's attorney, and the child's parent's attorney shall, upon request, be given access to all records and information collected or retained by a juvenile justice or care agency that pertain to the child except:

- If it is determined by the agency that release of this information is likely to cause severe psychological or physical harm to the child or his or her parents, the agency may withhold the information subject to an order of the court.
- If the information or record has been obtained by a juvenile justice or care agency in connection with the provision of counseling, psychological, psychiatric, or medical services to the child; when the services have been sought voluntarily by the child; and the child has a legal right to receive those services without the consent of any person or agency, then the information or record may not be disclosed to the child's parents without the informed consent of the child unless otherwise authorized by law.
- The department may delete the name and identifying information regarding persons or organizations who have reported alleged child abuse or neglect.

Subject to the rules of discovery in civil cases, any party to a proceeding seeking a declaration of dependency or a termination of the parent-child relationship, any party's counsel, and the guardian ad litem of any party shall have access to the records of any natural or adoptive child of the parent. Information about reports, reviews, and hearings may be disclosed only in accordance with federal and state laws pertaining to child welfare records and child protective services reports.

### When Public Disclosure of Records Is Allowed

This issue is not addressed in the statutes reviewed.

### Use of Records for Employment Screening
### Citation: Rev. Code §§ 13.50.100; 26.44.125

Information that may be released shall be limited to information regarding investigations in which the petitioner for custody of the juvenile or any individual aged 16 or older residing in the petitioner's household is the subject of a founded or currently pending child protective services investigation made by the department subsequent to October 1, 1998.

No unfounded allegation of child abuse or neglect may be disclosed to a child-placing agency, private adoption agency, or any other licensed provider.

Founded allegations of child abuse or neglect may be used by the department in determining if a person is qualified:

- To be licensed or approved to care for children or vulnerable adults
- To be employed by the department in a position having unsupervised access to children or vulnerable adults

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

### West Virginia

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Code § 49-5-101**

Except as otherwise provided below or by order of the court, all records and information concerning a child or juvenile that are maintained by the Division of Juvenile Services, the Department of Health and Human Resources, a child agency or facility, court, or law enforcement agency are confidential and shall not be released or disclosed to anyone, including any federal or state agency.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Code § 49-5-101**

Notwithstanding the provisions above or any other provision of law to the contrary, records concerning a child or juvenile, except adoption records and records disclosing the identity of a person making a complaint of child abuse or neglect, shall be made available:

- Where otherwise authorized by this chapter
- To the child, a parent whose parental rights have not been terminated, or the attorney of the child or parent
- With the written consent of the child or of someone authorized to act on the child's behalf
- Pursuant to an order of a court of record

The court shall review the record or records for relevancy and materiality to the issues in the proceeding and safety, and may issue an order to limit the examination and use of the records or any part thereof.

In addition to those persons or entities listed above, information related to child abuse or neglect proceedings, except information relating to the identity of the person reporting or making a complaint of child abuse or neglect, shall be made available, upon request, to:

- Federal, state, or local government entities or any agent of such entities, including law enforcement agencies and prosecuting attorneys, having a need for such information in order to carry out its responsibilities under law to protect children from abuse and neglect
- The child fatality review team
- Child abuse citizen review panels
- Multidisciplinary investigative and treatment teams
- A grand jury, circuit court, or family court, upon a finding that information in the records is necessary for the determination of an issue

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Code § 49-5-101**

In the event of a child fatality or near fatality due to child abuse and neglect, information relating to such fatality or near fatality shall be made public by the Department of Health and Human Resources and to the entities described above. Information released by the department shall not include the identity of a person reporting or making a complaint of child abuse or neglect.

**Use of Records for Employment Screening**

This issue is not addressed in the statutes reviewed.

### Wisconsin

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 48.981**

All reports made under this section and records maintained by an agency and other persons, officials, and institutions shall be confidential.

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 48.981**

Reports and records may be disclosed only to the following persons:

- The subject of a report
- The mandated reporter who made a report of abuse involving the subject child
- Appropriate staff of an agency or a tribal social services department
- A person providing or authorized to provide intake or dispositional services for the court
- A health-care provider for purposes of diagnosis and treatment
- A child's parent, guardian, or legal custodian
- A child's foster parent or other person having physical custody of the child or a person having physical custody of the expectant mother of an unborn child
- A relative of a child placed outside of his or her home to the extent necessary to facilitate the establishment of a relationship between the child and the relative
- A professional employee of a county department who is working with the child or the expectant mother of the unborn child
- A multidisciplinary child abuse and neglect or unborn child abuse team
- A person employed by a child advocacy center
- A law enforcement officer, law enforcement agency, or district attorney for purposes of investigation or prosecution
- The Department of Corrections, the Department of Health Services, a county department, or any other person under contract with those departments to exercise custody or supervision over a person who is subject to community placement for purposes of investigating or providing services
- A court conducting proceedings in which abuse or neglect of the child or the unborn child who is the subject of the report or record is an issue
- A tribal court or other adjudicative body authorized by a tribe or band to perform child welfare functions
- The county corporation counsel, district attorney, or agency legal counsel
- The child's counsel or guardian ad litem
- An attorney representing the interests of an Indian tribe or band or Indian child
- A volunteer court-appointed special advocate (CASA) or person employed by a CASA program
- A person engaged in bona fide research
- The department, a county department, or a licensed child welfare agency ordered to conduct a screening or an investigation of a stepparent
- A grand jury when it is necessary for the conduct of its official business
- A judge conducting proceedings under § 968.26
- A child fatality review team
- A citizen review panel
- A coroner, medical examiner, pathologist, or other physician investigating the cause of death of a child whose death is unexplained or unusual or is associated with unexplained or suspicious circumstances
- A federal agency, state agency of this state or any other state, or local governmental unit located in this state or any other state that has a need for a report or record in order to carry out its responsibility to protect children

Either parent of a child may authorize the disclosure of a record for use in a child custody or adoption when the child has been the subject of a report. Any information that would identify a reporter shall be deleted before disclosure of a record.

The subject of a report may authorize the disclosure of a record to the subject's attorney. The authorization shall be in writing. Any information that would identify a reporter shall be deleted before disclosure of a record.

**When Public Disclosure of Records Is Allowed**
**Citation: Ann. Stat. § 48.981**

If an agency has reason to suspect that an incident of death or serious injury or egregious abuse or neglect has occurred, within 2 working days the agency shall provide the following information to the subunit of the department responsible for statewide oversight of child abuse and neglect programs:

- Information about the child, including the child's age
- The date of the incident and the suspected cause of the death, serious injury, or egregious abuse or neglect

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

- A brief history of any reports received in which the child, a member of the child's family, or the person suspected of the abuse or neglect was the subject of and of any services offered or provided to any of those persons
- A statement of whether the child was residing in his or her home or was placed outside the home when the incident occurred

Within 2 working days after receiving the information, the department shall disclose to the public:

- That the information was received
- Whether the department is conducting a review of the incident
- Whether the child was residing in the home or was placed in an out-of-home placement at the time of the incident
- Information about the child, including the child's age

The disclosure of information may not include any of the following:

- The identity of the child, any member of the child's family, any member of the child's household who is a child, or any caregiver of the child
- The identity of the person suspected of the abuse or neglect
- The identity of a reporter
- Any information the disclosure of which would not be in the best interests of the child, any member of the child's family, any member of the child's household who is a child, or any caregiver of the child
- Any disclosure that is not authorized by state or federal law or regulation

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 48.981**

Reports and records may be disclosed to the following:

- A public or private agency in this state or any other state that is investigating a person for purposes of licensing the person to operate a foster home or placing a child for adoption in the home of the person
- A court or administrative agency for use in a proceeding relating to the licensing or regulation of a facility regulated under this chapter

An agency may disclose a determination made before January 1, 2015, that a person has abused or neglected a child for purposes of a background check under § 48.685 or 50.065 only if that determination has not been reversed or modified on appeal. The agency may disclose such a determination made on or after January 1, 2015, for those purposes only if, after any contested case hearing has been held, a final determination has been made that a specific person has abused or neglected a child.

## Wyoming

*Current Through June 2017*

**Confidentiality of Records**
**Citation: Ann. Stat. § 14-3-214**

All records concerning reports and investigations of child abuse or neglect are confidential.

**Persons or Entities Allowed Access to Records**
**Citation: Ann. Stat. § 14-3-214**

Applications for access to records concerning child abuse or neglect held by the state agency or local child protective agency shall be made in the manner and form prescribed by the state agency. Upon appropriate application, the state agency shall give access to any of the following persons or agencies:

- A local child protective agency
- A law enforcement agency, guardian ad litem, child protection team, or the attorney representing the subject of the report
- A physician or surgeon who is treating an abused or neglected child or the child's family and who reasonably suspects that a child may have been abused or neglected
- A person legally authorized to place a child in protective temporary custody when needed to determine whether to place the child in temporary protective custody
- A person responsible for the welfare of the child
- A court or grand jury when it is necessary for the determination of an issue
- Court personnel who are investigating reported incidents of child abuse or neglect
- An education or mental health professional serving the child when it is necessary to provide appropriate educational or therapeutic interventions

This material may be freely reproduced and distributed. However, when doing so, please credit Child Welfare Information Gateway.
This publication is available online at https://www.childwelfare.gov/topics/systemwide/laws-policies/statutes/confide/.

A physician or person in charge of an institution, school, facility, or agency making the report shall receive, upon written application to the state agency, a summary of the records concerning the subject of the report.

**When Public Disclosure of Records Is Allowed**

This issue is not addressed in the statutes reviewed.

**Use of Records for Employment Screening**
**Citation: Ann. Stat. § 14-3-214**

Upon appropriate application, the state agency shall provide to any employer or entity whose employees or volunteers may have unsupervised access to children in the course of their employment or volunteer service, a summary of central registry records maintained under state agency rules since December 31, 1986, for purposes of screening employees or volunteers. The written results shall reveal whether there is a report 'under investigation,' a 'substantiated' finding of abuse or neglect on the central registry naming the individual, or confirm that no record exists. When the individual is identified on the registry as a 'substantiated' perpetrator of abuse or neglect, the report to the applicant shall contain information with respect to the date of the finding, specific type of abuse or neglect, a copy of the perpetrator's voluntary statement, and whether an appeal is pending.

The applicant, or an agent on behalf of the applicant, shall submit a fee of $10 and proof satisfactory to the state agency that the prospective or current employee or volunteer whose records are being checked consents to the release of the information to the applicant. The applicant shall use the information received only for purposes of screening prospective or current employees and volunteers who may, through employment or volunteer services, have unsupervised access to minors. Applicants, their employees or other agents shall not otherwise divulge or make public any information received under this section. The state agency shall notify any applicant receiving information under this subsection of any subsequent reclassification of the information pursuant to § 14-3-213(e). The state agency shall screen all prospective agency employees in conformity with the procedure provided under this subsection.



U.S. Department of Health and Human Services
Administration for Children and Families
Administration on Children, Youth and Families
Children's Bureau



