IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 19-cv-03450-RBJ

JESSICA PECK,

    Plaintiff,

v.

BETH McCANN, in her official capacity as the District Attorney of the Second Judicial District, State of Colorado; and
MICHELLE BARNES, in her official capacity as the Executive Director of the Colorado Department of Human Services,

    Defendants.

## ORDER re ATTORNEY'S FEES

Plaintiff moves for an award of attorney's fees pursuant to 42 U.S.C. § 1988(b). The motion has been fully briefed. No party has requested a hearing. For the reasons discussed in this order, the Court awards attorney's fees to the plaintiff jointly and severally against the two defendants in the amount of **$246,025.00**.

## BACKGROUND

Detailed discussion of the facts and background of this case can be found in this Court's order of March 11, 2021, granting summary judgment for the plaintiff, *Peck v. McCann*, 525 F. Supp. 3d 1316 (2021), and in the Tenth Circuit's order affirming in part, reversing in part, and remanding, *Peck v. McCann*, 43 F. 4th 1116 (10th Cir. 2022). Briefly, plaintiff, an attorney who represents parents in child abuse cases, sought a declaration that portions of § 19-1-307 of the

Colorado Children's Code are unconstitutional. She claimed that the challenged statute, as interpreted by the Colorado Department of Human Services and potentially enforced by the Denver District Attorney, chilled her right to publicly criticize actions of Department of Human Services employees that she believes are wrongful.

Section 307(1)(a) provides in pertinent part that "reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information." Section 307(1)(c) provides that "[a]ny person who violates this subsection (1) is guilty of a class 2 petty offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars." In addition, § 307(4) provides that "[a]ny person who improperly releases or who willfully permits or encourages the release of data or information contained in the records and reports of child abuse or neglect to persons not entitled to access such information by this section . . . commits a class 1 misdemeanor and shall be punished as provided in section 18-1.3-501, C.R.S."

Sections 307(1) and 307(4) are content-based restriction of speech. Therefore, they are subject to "strict scrutiny," i.e., they are "presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2015). Plaintiff does not deny that the Department has a compelling interest in protecting "identifying information," meaning information that identifies the parents, the children, or informants involved in an incident of alleged child abuse. The issue is whether §§ 307(1) and (4) fail strict scrutiny because they are not narrowly tailored to preclude the release only of identifying information. Essentially the defendants' position was

that any release of the Department's reports or the contents of the reports or other information in the Department's files is identifying and must be prohibited.

Addressing the parties' cross-motions for summary judgment, this Court held that both of the challenged subsections failed strict scrutiny. On appeal, however, the Tenth Circuit held that § 307(1) passes constitutional muster because it precludes only the release of the actual "reports of child abuse and neglect," which inevitably contain identifying information, and the release of other identifying information. 43 F. 4th at 1125-26. However, § 307(4) fails strict scrutiny because, by targeting "the release of data or information in the records and reports of child abuse or neglect," it sweeps more broadly than restricting the release of identifying information. *Id.* at 1127-29. Thus, the court affirmed this Court's finding of unconstitutionality as to § 307(4) but not as to § 307(1), and it remanded the case for a determination as to whether the invalid section is severable from the rest of the statute. *Id.* at 1137-38.

On remand the parties have stipulated that § 307(4) is severable. I agree. The sole remaining issue is plaintiff's request for an award of attorney's fees.[1]

## STANDARD OF REVIEW

The Court may award reasonable attorney's fees to the prevailing party in civil rights actions. 42 U.S.C. § 1988(b). In determining the reasonableness of attorney's fees, the Court starts with the "lodestar"—reasonable hours times reasonable rates. *See Robinson v. City of Edmund,* 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar can be adjusted after applying factors such as those articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714

---

[1] The parties stipulated to plaintiff's bill of costs. *See* ECF Nos. 96 and 97.

(5th Cir. 1974).[2]  The Colorado Rules of Professional Conduct provide a similar list of relevant factors.[3]

## FINDINGS AND CONCLUSIONS

### A. Plaintiff's Request.

In her original request, filed shortly after this Court's order granting summary judgment, plaintiff requested an award of $175,960 in attorney's fees.  ECF No. 79 at 5.  The rates and hours comprising this amount were as follows:

| Employee | Hourly Rate | Hours Billed | Total Fee |
|---|---|---|---|
| David A. Lane | $650 | 35.70 | $23,205.00 |
| Thomas B. Kelley | $650 | 226.50 | $147,225.00 |
| Charlotte B. Scull | $175 | 31.60 | $5,530.00 |
| **TOTAL** | | 293.8 | **$175,960.00** |

*Id.*

In a supplement, filed after the appeal was concluded, plaintiff requested an additional award of $103,190 for counsel's work during the appeal.  ECF No.114 at 4.  The rates and hours included in the supplement are as follows:

---

[2] *Johnson* lists 12 factors for courts to consider in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.  488 F. 2d at 717-19.

[3] The Colorado Rules of Professional Conduct are found as an Appendix to Chapters 18 to 20, COLORADO COURT RULES – STATE (2018).  These factors identified in Rule 1.5 are (1) time and labor required, (2) likelihood of preclusion of other employment, (3) fee customarily charged in the locality, (4) amount involved and results obtained, (5) time limitations imposed by the client or circumstances, (6) nature and length of the professional relationship, (7) experience, reputation, and ability of the lawyer(s), and (8) whether the fee is fixed or contingent.

| Employee | Hourly Rate | Hours Billed | Total Fee |
|---|---|---|---|
| David A. Lane | $650 | 25.70 | $16,705.00 |
| Thomas B. Kelley | $650 | 126.00 | $81,900.00 |
| Charlotte B. Scull | $175 | 25.80 | $4,585.00[4] |
| **TOTAL** | | 177.50 | **$103,190.00** |

*Id.* at 5.

Thus, the total fee requested is $279,150.00. Plaintiff represents that Thomas B. Kelley, the primary timekeeper and a partner in the law firm Kilmer, Lane & Newman of Denver, Colorado, has reviewed all time entries and has determined that the hours and rates in the two charts are reasonable. He claims to have eliminated time spent on unnecessary tasks and undue time spent on necessary tasks. ECF No. 79 at 6-7; ECF No. 114 at 4. *See also* ECF No. 79-1 (Kelley Affidavit) at 7.

In addition to Mr. Kelley's representation, plaintiff submits a June 11, 2020 order of Judge Robert L. McGahey, Jr., which cited a 2010 National Law Journal study finding that Denver firms billed between $285 and $810 per hour for partners at that time, ECF No. 79-2 at 8; a June 3, 2020 declaration of Michael S. McCarthy, a civil litigation attorney in Colorado with 45 years of experience, attesting to the reasonableness of Mr. Kelley's rate of $645 an hour and paralegal Charlotte B. Scull's rate of $175 an hour in a Freedom of Information Act case in Judge Kane's court, ECF No. 79-3; an order issued by Judge Tymkovich on June 10, 2020, in a civil rights case in which he found that Mr. Lane's hourly rate of $650 and Ms. Scull's hourly rate of $175 were reasonable, ECF No. 79-4 at 6-8; a report of Sean R. Gallagher, a civil litigation lawyer in Colorado with 33

---

[4] The product of 25.8 hours times $175 per hour is $4,515.00.

years of experience, expressing the opinion in the case before Judge Tymkovich that Mr. Lane's and Ms. Scull's rates were reasonable, ECF No. 79-4 at 5; and the affidavit of John R. Holland, a civil rights lawyer in Colorado with approximately 41 years of experience, also attesting to the reasonableness of Mr. Lane's rate in the case before Judge Tymkovich. ECF No. 79-6 at 6-8.

### B. Defendants' Response.

1. Defendant McCann.

District Attorney McCann argues that the hourly rates charged are unreasonable for this case. ECF No. 117. She distinguishes *Biax Corp. v. NVIDIA Corp.*, No. 09-cv-1257-PAB-MEH, 2013 WL 4051908 (D Colo. Aug. 12, 2013), a case on which plaintiff relied, as complex, highly contentious patent litigation. *Id.* at 5.[5] In contrast, she believes that the issue here, a facial challenge to the constitutionality of a statute based upon stipulated facts, was not novel or complex. There was no discovery, no trial, no witnesses, and no damages. Interns (who were not billed) did legal research, and paralegal Scull drafted portions of the briefs. *Id.* at 6. Ms. McCann argues that the National Law Journal Study cited by Judge McGahey did not evaluate the reasonableness of those rates or how the range bears on the reasonableness of the rates charged in this case (I agree); and that the Court should disregard the McCarthy, Gallagher, and Holland opinions which were prepared for different cases. *Id.* at 5.

---

[5] McCann also notes that the Tenth Circuit reversed the district court. *Biax v. Nvidia Corp.*, 626 F. App'x 968 (10th Cir. 2015) (unpublished). However, the reversal was on defendants' entitlement to an award of fees. It did not address rates, hours, or the amounts of fees that had been awarded.

6

Ms. McCann also questions the reasonableness of the hours. After suggesting that counsel did not actually exercise billing judgment other than excluding time spent by interns, she provides "examples" of what she believes to be inefficient or otherwise inappropriate time:

- More than 60 of Mr. Lane's 104 time entries, accounting for 34.1 of his hours, were for reviewing pleadings or other documents with no indication that he did substantive work on the documents; she asserts that it is unreasonable to bill a client for a second partner's review of work being handled by another partner. *Id.* at 7-8.

- Mr. Lane spent 2.9 hours conferring with Mr. Kelley, and Mr. Kelley billed at least 1.7 hours for the same conversations. Similarly, Ms. Scull spent 5.1 hours conferring with Mr. Lane and/or Mr. Kelley and circulating items for their review. *Id.* at 8-9.

- Ms. Scull spent 21.4 hours downloading pleadings, e-filing, calendaring deadlines and organizing files, which Ms. McCann classifies as administrative and clerical time that should be eliminated. *Id.* at 9.

In addition to her arguments concerning rates and hours, Ms. McCann argues for a wholesale reduction of the fee by 25% because plaintiff challenged the constitutionality of two statutes but only prevailed on one. *Id.* at 9-11. Finally, she urges the Court to apportion its award between the two defendants, starting at fifty-fifty but then shifting some of Ms. McCann's half to Ms. Barnes to account for time spent on motions filed only by Ms. Barnes. *Id.* at 11-12.

In sum, Ms. McCann asks the Court to exclude 37 hours of Mr. Lane's time, 1.7 hours of Mr. Kelley's time, and 26.5 hours of Ms. Scull's time; then multiply the remaining hours by reasonable rates (which she does not specify); then cut the number another 25% due to plaintiff's only partial success; and finally to shift 18.6 hours from her half to Ms. Barnes. *Id.* at 12-13.

2. Defendant Barnes.

Defendant Barnes joins and incorporates the arguments asserted by Ms. McCann. ECF No. 118 at 2. She does not oppose Ms. McCann's suggested apportionment. *Id.* However, she argues that the time billed by Mr. Kelley responding to her motion to modify the Scheduling Order (6.4 hours), which was a simple request to defer consideration of motions for summary judgment until discovery closed, was excessive. *Id.* at 2-3.

C. Reply.

Plaintiff disputes the contention that the case did not require lawyers of the skill and experience of Messrs. Kelley and Lane. She claims that the stipulation of facts was the product of informal discovery and contentious negotiations and approximately 60 hours of Mr. Kelley's time. ECF No. 119 at 3. Plaintiff points to this Court's 45-page ruling and the fact that each party submitted three briefs as indicative of the complexity and novelty of the issues. *Id.*

Regarding plaintiff's objections to certain time entries, plaintiff notes that only Mr. Lane's time reviewing pleadings and correspondence but not Mr. Kelley's time reviewing the same documents was included in the fee application. *Id.* at 4. She argues

that it was appropriate for Mr. Lane, as lead counsel, to review Mr. Kelley's work. Plaintiff stands by the 1.7 hours of Mr. Kelley and Mr. Lane's time discussing strategic decisions, noting in addition that only three of the seven such communications were included; and none of counsel's communications with Ms. Scull was included. Continuing with Ms. Scull, plaintiff states that the so-called administrative time involved procedural compliance with court rules, practice standards, and deadlines; and the drafting of certain types of documents. *Id.* at 5.

As for the contention that there should be a reduction for incomplete success, plaintiff asserts that her goal was to be able to comment on the performance of public officials and expose what she considers to be lapses of professional judgment, and she accomplished that goal. *Id.* at 5-6.

**D.  Case Law in this District Regarding Hourly Rates.**

This Court has recently issued extensive orders on attorney's fees in two cases: *Epps v. City and County of Denver,* No. 1:20-cv-01878-RBJ (slip op. December 30, 2022), a civil rights case; and *ORP Surgical, LLP v. Howmedica,Osteonics Corp.,* No. 1:20-cv-01450, 2022 WL 18456142 (D. Colo. Dec. 27, 2022), a commercial dispute.  In both case I discussed relatively recent case law from other judges in this district, as follows:

- In *Valdez v. Motyka*, No. 15-cv-0109-WJM-STV, 2022 WL 1092182 (D. Colo. April 12, 2022), a civil rights case against the City and County of Denver and an individual Denver Police Department officer, the court found that hourly rates ranging from $575 to $595

9

for skilled and experienced partner-level lawyers, $375 for associates, and $100 to $200 an hour for paralegals were reasonable for the Denver market. *Id.* at *3.

- In *First Mercury Ins. Co. v. Wonderland Homes*, No. 19-cv-00915-JLK-SKC, 2021 WL 3089155 (D. Colo. July 22, 2021)*,* an insurance coverage case, the court found that rates of $650 an hour for senior partners and $375 an hour for associates were reasonable for work performed in 2018 and 2019 by large Denver law firms in the Denver market. *Id.* at *5.

- In *Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-00304-WJM-NRN, 2021 WL 2981987, at *3 (D. Colo. July 15, 2021), the court found that rates ranging from $365 to $895 an hour for attorneys and $250 to $275 an hour for support staff were reasonable in an ERISA case.

- In *Faulkner v. Ensign U.S. Drilling Inc.,* No. 16-cv-03017-PAB-KLM, 2020 WL 550592, at *6 (D. Colo. 2020), the court found that rates charged by class counsel in a Fair Labor Standards Act case ranging from $150 to $600 an hour were reasonable and consistent with rates charged in other cases in this district.

- In *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2019 WL 319407, at *8 (D. Colo. Jan. 24, 2019), an insurance coverage case, the court found that rates capped at $625 an hour for experienced partners, $425 an hour for associates, and $200 an hour for paralegals were reasonable and reflective of lawyers of comparable skill and experience practicing in this district.

- In *Aragon v. Clear Water Products LLC*, No. 15-cv-2821-PAB-STV, 2018 WL 6620724, at *7 (D. Colo. Dec. 18, 2018), the court found that the rate charged by class counsel in

10

an FLSA case of $600 per hour was consistent with the rates charged in other cases in this district.

- In *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. April 22, 2015), the court found that rates between $150 and $675 an hour for attorneys and staff in the states in which counsel regularly practice were reasonable for a lodestar crosscheck in an FLSA case in this district.

- In *Biax Corp. v. NVIDIA Corp.*, No. 13-cv-01257-PAB-MEH, 2013 WL 4051908, at *5 (D. Colo. Aug. 12, 2013), the court found that rates from $425 to $748 an hour for partners, $429 to $531 for associates, and $148 to $270 for paralegals were reasonable in the years 2011 to 2013 in a patent infringement case.

With those cases as background, this Court found in the *Epps* case, a complex and high stakes civil rights case in Denver litigated between 2020 and 2022, that rates ranging from $545 to $650 per hour for skilled and experienced partners; $300-$375 per hour for associates; and $175 an hour for paralegals were reasonable. Slip Op., ECF No. 445 at 8-11, 15-19. In the *ORP* case, this Court found that rates in the range of $435 to $650 for skilled and experienced partner-level attorneys, $275 to $395 an hour for associate-level attorneys, and $125-$235 an hour for paralegals, were reasonable for high-stakes complex civil litigation in the Denver market in the years 2020-2022. 2022 WL 16924068, at **4-6. Notably, the low end of those ranges in *ORP* was a reduced hourly rate supplemented by a partial contingency agreement to accommodate the plaintiff who could not continue to pay the higher-end rates. *Id.* at *4.

11

### E. Conclusions.

The proposed lodestar totals $279,150.00. The hourly rates for Mr. Kelley and Mr. Lane are at the high end of what this Court and other judges in this district have found to be customary and reasonable in this community for complex civil litigation. However, the Court is aware of Mr. Kelley's reputation in First Amendment litigation and Mr. Lane's reputation in plaintiffs' civil rights litigation, not just from the supporting materials submitted but from the Court's own knowledge and experience. Mr. Kelley and Mr. Lane have earned their place at the high end of the market through skill and experience demonstrated over their stellar careers. I find that their rates are reasonable in this community for partner-level work in their areas of specialty.

As for their hours, Mr. Kelley represents that he personally reviewed the time records and eliminated time that he found to be excessive, inefficient, or otherwise inappropriate. I have reviewed the records and have not found hours that I can confidently find to be inappropriate for this case. It was reasonable for lead counsel to review some of his partner's work. It was reasonable for the two lawyers and occasionally the paralegal to discuss arguments and strategy with each other. The constitutional issues presented were important matters of first impression. Plaintiff's counsel invested the time knowing that they would recover no fee if they did not succeed in the case.

It is true that the Tenth Circuit interpreted the statute somewhat differently than did the parties and this Court. It concluded that only one of two challenged subsections of the statute had a constitutional defect. But it does not follow that the fee should be

reduced as a result.  Defendants' argument misses the point that the result was precisely what plaintiff set out to achieve, namely, to have the statute declared unconstitutional to the extent that it restricted her ability to speak publicly about non-identifying information in child abuse cases.

Nevertheless, having reviewed all of Mr. Kelley's and Mr. Lane's timesheets, ECF Nos. 79-7, 79-8, 114-3, 114-4, I find it to be appropriate to reduce their rates for certain work that normally could be performed by junior lawyers.  I am not criticizing that division of labor.  How to staff a case depends on various factors unique to the law firm, the case, and the assigned timekeepers.  However, for rate-shifting purposes, work that is delegable to lower-rate attorneys should not be billed to the opposing party at the senior lawyer's rate.  *See First Mercury,* 2021 WL 3089155, at *2 ("tasks that are easily delegable to non-professionals or less experienced associates should not be billed at a higher hourly rate"); *Extreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.,* 958 F. Supp. 2d 1238, 1258-59 (D. Colo. 2013) (partner-heavy staffing resulted in attorney's fees greater than would otherwise be reasonable).

It is difficult to be precise based on the brief descriptions of time in the Kilmer Lane & Newman timesheets.  However, in going through them, I made note of hours recorded by Mr. Kelley and Mr. Lane that could be performed by junior lawyers, such as for legal research (understanding that in almost any case partners will conduct some legal research on their own), preparation of what appear to be relatively routine pleadings and drafts of motions, and meetings with interns on their assignments related to the case.

Regarding the case in the district court, I find that 79 hours of Mr. Kelley's 226.5 hours could have been performed by an associate attorney.  ECF No. 79-7.  I elect to approve these 79

13

hours at a rate of $375 an hour, a reasonable rate for an experienced associate attorney in this community.  The remaining 147.5 hours will be awarded at his regular rate, $650 an hour.  Upon reviewing Mr. Lane's hours, I find that none of his 35.7 billed hours warrant a reduced rate, as these hours do not reflect work that reasonably would be delegated to an associate.  ECF No. 79-8.  Therefore, I elect to approve all 35.7 of his hours at the rate of $650 an hour.

Regarding the appeal of this case in the Tenth Circuit, I find that 40 of Mr. Kelley's 126 hours could have been performed by an associate attorney.  ECF No. 114-3.  Once again, I elect to approve these 40 hours at a rate of $375 an hour.  The remaining 86 hours will be charged at his regular rate, $650 an hour.  I find that 1.2 hours of Mr. Lane's work could have been performed by an associate, and I elect to approve this time at $375 per hour.  ECF No. 114-4.  The remaining 24.5 hours will be charged at a rate of $650 an hour.

Defendants have not challenged the paralegal rate of $175 an hour for Ms. Scull.  Although they label hours spent on such tasks as organizing files and calendaring deadlines as "administrative and clerical," they do not challenge the representation that the time was necessary and would ordinarily be billed to paying clients.

Finally, defendants suggest that plaintiff's fees should be apportioned such that approximately 18 partner hours would be allocated exclusively to Ms. Barnes.  That is a matter for them to resolve between themselves.  Vis-à-vis the plaintiff the Court awards the fees jointly and severally.

In sum, the amounts awarded are as follows:

**Thomas Kelley**:
District court case:
- 79 hours at reduced rate of $375/hr
- 147.5 hours at full rate of $650/hr
- Total: 226.5 hours for $125,500.00

Case on appeal:
- 40 hours at reduced rate of $375/hr
- 86 hours at full rate of $650/hr
- Total: 126 hours for $70,900.00

**Total combined: 352.5 hours for $196,400.00**

**David Lane**:
District court case:
- 0 hours at reduced rate of $375/hr
- 35.7 hours at full rate of $650/hr
- Total: 37.5 hours for $23,205.00

Case on appeal:
- 1.2 hours at reduced rate of $375/hr
- 24.5 hours at full rate of $650/hr
- Total: 25.7 hours for $16,375.00

**Total combined: 63.2 hours for $39,580.00**

**Charlotte Scull**:
District court case:
- 31.6 hours at $175/hr
- Total: $5,530.00

Case on appeal:
- 25.8 hours at $175/hr
- Total: $4,515.00

**Total combined: 57.4 hours for $10,045.00**

## ORDER

Plaintiff's motion for attorney's fees, ECF No. 79, and plaintiff's supplemental motion for attorney's fees, ECF No. 114, are both GRANTED IN PART AND DENIED IN PART. The Court awards $246,025.00 in attorney's fees to the plaintiff jointly and severally against the defendants. An Amended and Final Judgment will enter including the agreed costs and the attorney's fees awarded.

15

DATED this 21st day of April, 2023.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge